**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**
**PROVIDENCE SUPERIOR COURT**

**James P. Laplante,**
**Plaintiff**

**v.**
**York Insurance Company**
**Of Maine**
**Defendant**

C.A. 07- 0540

**COMPLAINT**

**Parties:**

1. Your Plaintiff is James P. Laplante currently a resident of Quechee, Vermont, who, at the time of the events complained of herein, was a then domiciliary of the State of Rhode Island, residing at 217 Douglas Pike, in North Smithfield, Rhode Island, when, driving a vehicle principally garaged in Rhode Island, when he was in an accident with a hit and driver in Lincoln, Rhode Island, on February 23, 2003, which caused him serious physical injury to him and the destruction of his vehicle, and during the period in which carried automobile insurance provided by the Defendant..

2. The Defendant, York Insurance Company of Maine, is a Maine Corporation initially created on November 15, 1894, whose Maine office is located at 707 Sable Oaks Drive, South Portland, ME 04106, and whose sales, adjusting, and managing agents are now distributed through a ceding contract to several business offices located throughout the fifty states of the United States utilizing an unincorporated entity known and publicized as OneBeacon Insurance Group.

3. The Defendant, York Insurance Company of Maine, is a member of the an unincorporated group of several insurance companies which includes One Beacon Insurance Group, LLC and OneBeacon Insurance Company of Pennsylvania, which is an insurance company regulated by laws of the States of Pennsylvania, Rhode Island, Vermont, Massachusetts, and other states.

4. One Beacon Insurance Group is an unincorporated insurance group of approximately twenty one (21) interrelated insurance companies with common ownership and a common directors and common advertising.

5. OneBeacon Insurance Group, LLC, is a single Delaware Corporation with a principal place of business at One Beacon Street, Boston, Massachusetts 02108, which is separate and apart from OneBeacon Insurance Group, which is an unincorporated insurance group of approximately twenty one (21) interrelated insurance companies with common ownership and common directors.

6. The Defendant, York Insurance Company of Maine, is a wholly owned subsidiary of OneBeacon America Insurance Company, a Massachusetts corporation, which is a wholly owned subsidiary of OneBeacon Insurance Company, a Pennsylvania corporation, which is in turn a wholly owned subsidiary of OneBeacon Insurance Group, LLC.

7. On December 3, 2001 after LaPlante had been issued his initial policy from York Insurance Company of Maine, OneBeacon Insurance Group, LLC, was incorporated in Delaware. Then, OneBeacon Insurance Group, LLC filed as a foreign entity doing business in the Commonwealth of Massachusetts on January 22, 2002.

8. On August 12, 2002, the Defendant's (agent) informed the Plaintiff, James Laplante "Last June, CGU and its many affiliated underwriting companies became OneBeacon Insurance Group. As part of the final transition, we are changing the names of some of our underwriting companies to match our OneBeacon identity. You'll find the new name of the OneBeacon Company that writes your insurance listed in the enclosed endorsement form…" "This change becomes effective 09/06/2002. It applies only to the name of the company. Your coverages, rates, and other terms and conditions remain the same."
9. OneBeacon Insurance Company, as a wholly owned subsidiary of One Beacon Insurance Group, LLC, handles the adjustment of claims of the Plaintiff for the Defendant York Insurance Company of Maine, pursuant to a ceding contract between and among the parties in OneBeacon Insurance Group.
10. OneBeacon Insurance Group, LLC is a holding company, the sole purpose of which is to own various related incorporated auto insurance companies.
11. All communications to the Plaintiff received from the Defendant were on the letterhead of One Beacon Insurance Group with a Lighthouse logo.
12. OneBeacon Insurance Group formerly known as CGU Insurance, adopted its current name, and began using a lighthouse logo as well, in June 2001. CGU Insurance", the predecessor insurance group was then sold to OneBeacon to White Mountains Insurance Group, Ltd. ("White Mountains") in 2001 and subsequently the business of name of OneBeacon Insurance and adopted its lighthouse logo.

13. According to the dicta in Beacon *Mut. Ins. Co. v. OneBeacon Insurance Ins. Corp.* 376 F.Supp.2d 251 (D.R.I., 2005), regarding a law suit about the use of the name in Rhode Island, the U.S. District Court found that *** All insurance offered by OneBeacon Insurance, *** is sold exclusively through the company's independent insurance agents."

14. One Beacon Insurance Group, LLC. owns, on information and belief, the stock of the entity, which purchased the stock of CU York Insurance Company of Maine, which was the original underwriter in 2001 of the Plaintiff's, James Laplante's, and initial automobile insurance policy.

15. OneBeacon Insurance Company of Pennsylvania is licensed to do business in Rhode Island and their adjustments of claims are subject to the laws of Rhode Island and to the State of Pennsylvania, where "stacking" is also permitted.

16. OneBeacon Insurance Company of Pennsylvania is also " [h] headquartered in Boston, Massachusetts" and whose staff was located in Foxboro, Massachusetts, during the period in which the claim of James LaPlante was being adjusted.

17. In Rhode Island, OneBeacon Insurance Group as an unincorporated insurance group advertises nationally the auto insurance business of members, including but not limited to its members, York Insurance Company of Maine, OneBeacon Insurance Risk Management, Inc. and One Beacon Insurance Company, a Pennsylvania Corporation.

**Jurisdiction:**

18. This Honorable State Court has personal jurisdiction over the Plaintiff and the Defendant, York Insurance Company of Maine, which has had minimum contacts in this State, pursuant to *R.I.G.L.* § 9-5-33, by itself and through its agents.

19. At the time of the accident in question, James Laplante was a temporary Rhode Island domiciliary, and a Vermont resident, subject to the benefit of his extraterritorial coverage provision, and therefore the beneficiary of Rhode Island statutes regulating types of coverage required to be provided motorists in Rhode Island.

20. Plaintiff, James Laplante, as a temporary domiciliary/ motorist in Rhode Island, was entitled to all privileges of a Rhode Island citizen, including but not limited to the privilege to drive on Rhode Island roads, and to have the benefit of its stacking provisions for uninsured motorists, R.I.G.L.§ *27-7-2.1* (h) (i), designed to protect Rhode Island motorists from financial devastation caused by hit and run drivers, such as expenses incurred at Rhode Island medical facilities, and the pain and suffering experienced during his stay in those facilities.

21. James Laplante's coinsured, Corrina Brown, had previous to the accident purchased a house at 217 Douglas Pike, in North Smithfield, Rhode Island for her and the Plaintiff in September of 2001 in contemplation of moving to Rhode Island after the property was rehabilitated.

22. James Laplante, living at 217 Douglas Pike, North Smithfield, Rhode Island prior to the accident, had paid electric bills (from at least September 14, 2001 to August 21, 2003, Account Number 549662100322026) and telephone bills from Verizon at that Rhode Island address for phone number 401 765-5616 from August 21,

2001 to July 16, 2003. His long distance service for his Rhode Island number with MCI, however, was billed to his Vermont address.

23. Corrina Brown's mortgage payments were mailed from 217 Douglas Pike in Rhode Island.

24. James Laplante, prior to the accident, made numerous calls from this telephone to Rhode Island numbers, and was billed for this service at 217 Douglas Pike, North Smithfield, Rhode Island.

25. From 2002 to the date of the accident, February 23, 2003, James Laplante was working with his father, Joseph Laplante, remodeling the house at 217 Douglas Pike in North Smithfield, Rhode Island

26. In the fall and winter of 2002 and 2003, James Laplante rebuilt and customized the 1978 Ford F350 truck on site in Rhode Island, and purchased parts and tires for the vehicle in Rhode Island.

27. Between October 4, 2001 and December 15, 2003, James Laplante maintained a checking account, #4850496521, at Sovereign Bank in Rhode Island, and made various ATM withdrawals and other transactions in Rhode Island.

28. On January 2, 2003, James P. Laplante added the Ford truck to his OneBeacon Insurance policy, and the declaration notes a **"change of territory" for the vehicle.**

29. James Laplante was employed in warmer months of the year in the gunite business, and in the winter months he worked with his father, Joseph, doing maintenance for salons and other small business in the Rhode Island and Massachusetts area. James Laplante used his OneBeacon Insurance insured Ford

truck to travel to and from his father's work sites in Rhode Island and Massachusetts. He has a Federal Income Tax W2 Form with his 217 Douglas Pike, North Smithfield address on it.

30. Between January 2, 2003 and February 23, 2003, James Laplante lived in North Smithfield, Rhode Island.

31. On occasions, when his significant other, the co-insured Corrina Brown, was not working as a restaurant manager, James Laplante would travel from Rhode Island to Vermont to be with her.

32. The Superior Court has subject matter jurisdiction over all matters in this Complaint, pursuant to the *Declaratory Judgment Act*, Chapter 31 of Title 9 and to R.I.G.L.§ 8-6-14, providing jurisdiction over matters of law.

33. In particular, this Court has jurisdiction under R.I.G.L.§ 9-30-2 **which provides that** "Any person interested under a ***, **written contract**, or other writings constituting a **contract**, or whose rights, status, or other legal relations are affected by a **statute**, *** ****, **[or] contract**, ***, may have determined any question of construction or validity arising under the ***statute, ***[or] contract, *** and **obtain a declaration of rights**, status, or other legal relations thereunder.

34. Due to the particular facts of this matter, Rhode Island law must be applied when interpreting the insurance contract between the parties hereto.

35. The Defendant is also within the regulatory jurisdiction of this State as a provider of automobile insurance policies covering persons and events in Rhode Island.

36. York Insurance Company of Maine and its adjusting corporation, OneBeacon Insurance Company of Pennsylvania, are subject to Rhode Island law and

insurance regulations by virtue of coverage in Rhode Island, in accordance with Rhode Island laws, including but not limited to the provisions of R.I.G.L.§ *27-2-1*, R.I.G.L.§ *27-2-2, R.I.G.L.§ 27-7-1*, to R.I.G.L.§31-31-1 -7, and to R.I.G.L §. 31-47-1, through R.I.G.L.§ 31-47-14. Defendant also is subject to jurisdiction by virtue of Rhode Island Department of Business Regulation, Insurance Regulation 10, relating to automobile liability insurance, uninsured, and underinsured motorist coverage.

37. OneBeacon Insurance Company, a Pennsylvania Corporation, to which York Insurance Company of Maine has ceded its business, has in the past submitted itself to Rhode Island jurisdiction and regulation.

38. This Rhode Island Superior Court had taken jurisdiction over a related issue to this present dispute with members of OneBeacon Insurance Group in the matter of a fee dispute in the case *Michael Egan, Attorney v. James P. Laplante*, KC 04-689 which involved Mr. Laplante's refusal, **pursuant to the same contract at issue here,** to accept OneBeacon Insurance's rejected offer to pay the sum of three hundred thousand ($300,000.00) dollars to him in 2004 as full settlement of his claim, and that of his father Joseph Laplante. See Exhibit A, June 28, 2004 letter from OneBeacon Insurance.

39. The Plaintiff initially brought suit in this matter in Kent County Superior Court against OneBeacon Insurance Group, as an unincorporated insurance group, on November 11,2005; and such suit was transferred to the U.S. District Court by that Defendant, where it was thereafter, in late 2006, dismissed on the basis that OneBeacon Insurance Group was not the proper defendant to the claims of the

Plaintiff. Plaintiff's motion in that proceeding to add York Insurance Company of Maine as an additional Defendant was not considered by the Federal Court.

**Count I: Failure to Pay Undisputed Amount**

40. Averments One (1) through thirty-nine (38) are hereby incorporated by reference as if fully pled herein.

41. Defendant, York Insurance Company of Maine provided extraterritorial coverage in its insurance contract with Mr. James Laplante for mandatory liability, mandatory uninsured coverage, and mandatory medical payments and property damage coverage under Rhode Island law, at the time of his accident in Lincoln, R.I, which Defendant has refused to honor.

42. By endorsement issued on January 2, 2003 with an effective date of December 20, 2002, the vehicle involved in the loss suffered by the Plaintiff was added to the insurance contract between the Plaintiff and the Defendant.

43. The Defendant, York Insurance Company of Maine, through its agents, has intentionally breached its automobile insurance contract with the Plaintiff by Plaintiff by refusing to provide under Rhode Island law adequate coverage for his extensive damages though the "stacking" of uninsured coverage in three separate premiums paid by the Plaintiff.

44. The Defendant, York Insurance Company of Maine, had, prior to the accident ceded by inter company contracts the automobile premiums it collects, the adjustment of its claims and the payment of its claims to OneBeacon Insurance Company, an auto insurance company within OneBeacon Insurance Group, an unincorporated of several insurance companies.

45. The Plaintiff, James Laplante, has paid to the Defendant, York Insurance Company of Maine, and its agents, prior to his accident, three (3) separate premiums of $60 each for uninsured motorist coverage, and three (3) separate premiums: $12, $12, and $17, for medical coverage, for the three (3) motor vehicles on his policy; to wit 1994 Jeep Cherokee, 1978 Ford F350, and a 1985 Subaru Standard,

46. On February 23, 2003, James P. Laplante, while operating his insured Ford F350 truck in Lincoln, Rhode Island (with his father Joseph Laplante as a passenger) was attempting to avoid an unknown red, or maroon, vehicle cutting into his path of travel when he hit a steel traffic signal pole, and was nearly killed, suffering several temporary and permanent injuries, and the complete "totaling" of his motor vehicle.

47. James P. Laplante was then transferred to Rhode Island Hospital, where he remained unconscious for several weeks, incurring medical bills in excess of $120,000.00 for treatment and care. Those Rhode Island bills remain unpaid.

48. James P. Laplante, eventually, returned to his residence in Vermont in the spring of 2003, where he receives continued treatment in Vermont and Massachusetts's hospitals.

49. At the request of the Defendant's agent, OneBeacon Insurance, the Plaintiff, James Laplante, gave a policy deposition in Rhode Island, and provided copies of medical bills through 2004.

50. On June 28, 2004, One Beacon Insurance Company, as agent of the Defendant, York Insurance Company of Maine, incorrectly informed the Plaintiff, James

Laplante that, for both the his claim and that of his father, the limits of liability on his three (3) uninsurance premiums, his three (3) medical payments premiums claims, and his property damage claims was three hundred thousand ($300,00.00) dollars for both his claim and that of his father. See Exhibit A.

51. On July 9, 2004, OneBeacon Insurance, as the adjusting agent for the Defendant, York Insurance of Maine, incorrectly and wrongfully informed the Plaintiff's father "the policy does not allow for duplicate payments to be made for bodily injury liability and uninsured motorist coverage. The full limit of the uninsured motorist coverage has been offered and we await information as to how you and your son wish to proceed with the disbursement of the $300,000."

52. Except for one medical payment of $5,000 to James Laplante on June 15, 2004, from OneBeacon Insurance Company, as an agent of the York Insurance Company of Maine, the Defendant has refused to pay for the continued medical treatment of James P. Laplante for injuries suffered in the accident of February 23, 2003.

53. In mid 2005, only after receiving a complaint for misrepresentation from Joseph Laplante, a Massachusetts resident, under Massachusetts General Law, 93A, on September 10, 2004, (See Exhibit B) OneBeacon Insurance, as an agent of York Insurance Company of Maine, paid Joseph Laplante, under the liability coverage provisions of Defendant's James Laplante's policy, the sum of three hundred thousand ($300,000.00) dollars.

54. Pursuant to R.I.G.L.§ *27-7-2.1* (h) (i) relating to stacking, and his contract related to out of state coverage, the Plaintiff, James Laplante, in 2005, had demanded that

OneBeacon Insurance Company, as an agent of the Defendant, York Insurance Company of Maine, pay the limits of his insurance policy for personal injury as being **stacked**, to wit: the sum of $900,000.00 for uninsured coverage, the sum of $10,000.00 for medical payments coverage, and the sum of $10,000.00 for property damage.

55. There now exists a dispute between James P. Laplante and the Defendant, York Insurance Company of Maine. and its agent, OneBeacon Insurance Company, regarding the scope of his automobile insurance contract, and the applicability of Rhode Island statutory contract coverage overrides.

56. Plaintiff contends that his contract, and R.I.G.L.§ *27-7-2.1* (h) (i), require ***intra policy*** stacking of insurance premiums for uninsured motorists coverages pursuant to R.I.G.L.§ *27-7-2.1* (h) (i), and the Defendant, through its agent, disputes Plaintiff's interpretation of the coverage under his automobile insurance policy.

57. James Laplante has made a demand for payment under the contract for payment of the limits of his contract with stacking from the Defendant and been denied.

58. James Laplante has suffered approximately $1,500,000.00 damages as a consequence of the accident of February 23, 2003 in Lincoln, Rhode Island with an uninsured hit and run driver.

59. Mr. Laplante has demanded that OneBeacon Insurance pay nine hundred and twenty thousand ($920, 000.00) dollars, pursuant to the three (3) separate premiums he paid OneBeacon Insurance for uninsured coverage, for medical coverage, and for the premium he paid for property damage to his motor vehicles.

60. Initially, the Defendant, through its agent, One Beacon Insurance Company, misinformed the Defendant that there was a three hundred thousand dollar $300,000 limit on both his claim and that of his father, Joseph Laplante, who was a passenger in the vehicle which was hit by the uninsured driver. See Exhibits A and B.

61. To date, the Defendant York Insurance Company of Maine, through its agent OneBeacon Insurance, has wrongfully offered to pay James Laplante only the sum of three hundred thousand ($300,000.00) dollars, if he waives his other claims herein.

62. James Laplante's physician, Tom Minas, M.D. on June 7, 2004*, has recommending further surgery. Laplante lacks funds for such care.

> "* My recommendation is to obtain approval for an osteotomy accompanied bilateral tibial plateau allograft to reconstruct his damaged right knee."
>
> Tom Minas, M.D.
> Brigham and Women's Hospital
> Department of Orthopedic Surgery
> 75 Francis Street
> Boston, Massachusetts 02115
> June 7, 2004.

63. The Defendant, York Insurance Company of Maine, through its agent, OneBeacon Insurance, is wrongfully withholding payment of the undisputed amount of three hundred thousand dollars ($300,000) in order to force Laplante to accept less than the amount promised by his contract, and the statutorily mandated provisions included within the contract.

64. Mr. Laplante is irreparably harmed by the refusal of Defendant York Insurance Company of Maine, through its agent OneBeacon Insurance, to pay; at least, the undisputed amount due on its policy.

65. On its Website, OneBeacon Insurance Group, in its advertisement makes the following promise to the insureds of its memoers, ..ke James Laplante:

> **"Our Promise to You**
>
> **OneBeacon Insurance stands by our promise to provide our agents and policyholders with superior claim service.**
>
> OneBeacon Insurance stands by our promise to provide our agents and policyholders with superior claim service. We recognize how disruptive a loss can be and are sensitive to your needs during this difficult time. We begin this commitment by providing our customers with a trouble-free way to report losses. We provide our policyholders with industry leading customer service from our dedicated and courteous claim professionals, who are directed to making contact with our policyholders within 24 hours of claim receipt. **Our highly experienced and dedicated claim staff will guide our policyholders through the claim process to ensure their needs are met.**
>
> We also conduct timely and thorough claim investigations and aggressively defend our customers against fraudulent and non-meritorious claims. Our mission is not complete until we have provided **a timely resolution** based on legal requirements, **ethical behavior and fairness**."
>
> **A policy of insurance is a promise to indemnify in the event of a covered loss.** The OneBeacon Insurance Claims team takes that promise seriously, and is committed to fulfilling our obligations." www.OneBeacon.Com. (Emphasis Added)

66. According to the contract of the Defendant, York Insurance Company of Maine, with the Plaintiff, James Laplante, as set forth in Endorsement G131156 03 02) and in accordance with its nationwide website, the Defendant provides coverage for hit and run drivers, and underinsured drivers: "Uninsured and Underinsured Motorist Coverage: This coverage will reimburse you, a member of your family, or a designated driver if one of you is hit by an uninsured or hit-and-run driver."

67. The Defendant has breached its contract of indemnity with the Plaintiff, James Laplante.

68. The Defendant, York Insurance Company, through its agents to whom it ceded its right to adjust it claims, has breached its advertised promises to James Laplante to adjust contract claims promptly and fairly.
69. Rhode Island and Vermont have reciprocity laws regarding enforcement of motor vehicle laws, including mandated auto insurance, which were designed to benefit the Plaintiff, to which the Defendant is estopped from denying.
70. The refusal by defendant and its agents to pay the Plaintiff James P. Laplante the sum of nine hundred and twenty thousand ($920,000.00) dollars is a breach of the contract.
71. The Defendant and its agents have illegally denied the statutory coverage incorporated into the Plaintiff's contract by the provisions of R.I.G.L.§ *27-7-2.1* (h) (i).
72. The Limits of Liability clause in the Defendant's with the Plaintiff, James LaPlante, interferes with statutorily mandated provisions required by the States of Rhode Island relating to uninsured coverage and medical payments coverage.
73. York Insurance Company of Maine, through its agents, denied James Laplante the benefit of additional premiums he paid for extraterritorial coverage in accordance with laws of the State of Rhode Island.
74. The Plaintiff, James P. Laplante, is irreparably harmed by the refusal of Defendant York Insurance Company, through its agent, OneBeacon Insurance; to pay his contracted insurance proceeds required by law.
75. Plaintiff is without any other remedy at law.

**Wherefore, Plaintiff prays that this Honorable Court provide the following relief against the Defendant, York Insurance Company of Maine:**

i. Pay forthwith to the Plaintiff the undisputed sum of $300,000.00, without prejudice to the payment of the additional disputed benefits of $620, 000 as required by the stacking of his premiums, and

ii. Provide such other relief is just and equitable in the premises, to include, but not be limited to, interest, costs, and a reasonable attorney's fee.

Respectfully Submitted,
Plaintiff
By His Attorneys

Keven A. McKenna

Keven A. McKenna, #662
Keven A. McKenna, P.C.
23 Acorn Street
Providence, R.I. 02903
401 273-8200 Tel
401 521-5820 Fax
KevenM@McKennalaw.cc

**Count II: Declaratory Judgment On Intra Policy Stacking.**

76. Averments One (1) through Averment Seventy Five (75) are incorporated by reference as if fully pled herein.

77. The statutory provisions of the State of Rhode Island relating to the stacking of uninsured coverage and for payment of medical bills were included by definition in the contract coverage provided by the Defendant to the Plaintiff, James Laplante.

78. The Defendant has a contractual and statutory duty to pay to James Laplante the a sum of nine hundred and twenty thousand ($920, 000.00) dollars, pursuant to

three (3) separate premiums paid OneBeacon Insurance within one policy, for uninsured coverage, for the three (3) separate premiums paid for medical coverage, and the premium paid for property damage to his motor vehicles.

**Wherefore,** Plaintiff demands a Declaratory Judgment Against Defendant declaring that York Insurance Company of Maine, and its agents, are obligated to pay James P. Laplante Nine Hundred and Twenty Thousand ($920,000.00) dollars, and provide such other relief that is just and equitable in the premises, including, but not be limited to, interest, costs, and a reasonable attorney's fee.

Respectfully Submitted,
Plaintiff
By His Attorneys

Keven A. McKenna, #662
Keven A. McKenna, P.C.
23 Acorn Street
Providence, R.I. 02903
401 273-8200 Tel
401 521-5820 Fax
KevenM@McKennalaw.cc

**Count III:**
**Breach of Contract**

79. Averments One (1) through Averment seventy eight (78) are incorporated by reference as if fully pled herein.

80. Defendant has breached its contract with Plaintiff, causing him to suffer compensatory and exemplary damages.

**Wherefore,** Plaintiff demands Judgment against the Defendant York Insurance Company of Maine Insurance, in sum of Sum of Nine Hundred and Twenty Thousand ($920,000)

dollars, plus punitive damages, together with interests, costs and a reasonable attorney's fees, together with such other relief as is just and equitable.

Respectfully Submitted,
Plaintiff
By His Attorneys

Keven A. McKenna, #662
Keven A. McKenna, P.C.
23 Acorn Street
Providence, R.I. 02903
401 273-8200 Tel
401 521-5820 Fax
KevenM@McKennalaw.cc

**Count IV:**

**Bad Faith**

(R.I.G.L.§ *9-1-33.* Insurer's bad faith refusal to pay a Claim)

81. Averments One (1) through Averment Eighty (80) are incorporated by reference, as if fully pled herein.

82. Defendant, York Insurance Company of Maine, and its agents, while agreeing that the uninsured coverage of the Plaintiff was at least three hundred thousand dollars ($300,000), has nevertheless refused to pay said amount unless the Plaintiff waives his claim to the additional amount of damages due under Rhode Island law, causing Plaintiff damage and additional pain and suffering due to the continued delay in the undisputed amount due.

83. Defendant, York Insurance Company of Maine, and its agents, has furthermore mislead, delayed payment, and deceived James Laplante regarding the extent of coverage within its automobile insurance policy during the adjustment process,

including but not limited to, by initially incorrectly stating that the amount of his claims were limited by those claims of his father, Joseph LaPlante, who was a passenger in the vehicle.

84. Defendant, York Insurance Company, and its agents has unfairly delayed payment of James Laplante's medical claims, otherwise delayed his needed medical treatments, and has unfairly failed to pay James Laplante the corrects sums due to him by its past erroneous interpretations of its own insurance contract, in disregard of the statutory provisions imposed upon its automobile insurance contract for payment of uninsured motorists claims and medical bills.

85. Defendant, York Insurance Company of Maine, as a regulated provider of insurance coverage, is a statutory agent of the State of Rhode Island in the implementation of mandatory insurance coverage provisions for the benefits of its insured, when its insured is located in Rhode Island through the provisions of R.I.G.L.§ *27-7-2.1* (h) (i).

86. By its omissions, delays, and misleading representations, Defendant, York Insurance Company of Maine, and its agents have undermined and interfered with the governmental protections provided to James P. Laplante in Rhode Island causing Laplante to suffer compensatory and exemplary damages, and to incur attorney's fees, otherwise due him.

87. In violation of R.I.G.L. §9-1-33, Defendant, and its agents, has acted wrongfully and in bad faith and engaged in unfair and unjust claim settlement acts in refusing to pay the Plaintiff's insurance contract claims, causing the Plaintiff to suffer

compensatory damages, additional costs and attorney's fees, thus requiring an award of exemplary damages.

**Wherefore,** Plaintiff demands that this Honorable Court award to the Plaintiff against the Defendant compensatory damages in sum of nine hundred and twenty thousand dollars ($920,000), plus interest and reasonable attorney's fees and exemplary damages, in the amount of twice the contract damages owed, together with such other relief as is just within the premises.

Respectfully Submitted,
Plaintiff
By His Attorneys

Keven A. McKenna
Keven A. McKenna, #662
Keven A. McKenna, P.C.
23 Acorn Street
Providence, R.I. 02903
401 273-8200 Tel
401 521-5820 Fax
KevenM@McKennalaw.cc

January 29, 2007

Plaintiff Demands a Jury Trial on Damages and on Questions of Fact.

ExhitA



OneBeacon
INSURANCE

June 28, 2004

Mr. Joseph LaPlante
Boston Post Road
PO Box 5678
Marlboro, MA 01752

Mr. Christopher Healy, Esquire
1865 Post Road
Warwick, Rhode Island 02886

RE:
OB6-0908Z
James LaPlante
Joseph LaPlante
2/23/2003

Gentlemen:

OneBeacon Insurance Company has completed evaluation of your cases and is tendering the combined single policy limit of insurance of $300,000.00 in settlement of your individual cases. Please advise as to each party's share so that releases my be drawn up. Should you have any questions or concerns please feel free to contact me at (508)549 8676.

Very truly yours,

Kathleen Ahearn

Exhibit

OneBeacon
INSURANCE

SEPTEMBER 10, 2004

MR. JOSEPH LAPLANTE
PO BOX 5578
MARLBORO, MA 01752

RE: Claim No.: 0B6 00908Z
Insured: Corrina Brown
Claimant: Joseph Laplante
Location: Rhode Island
Date of Loss: 2/23/2003
Date of Notice: 2/26/2003
Policy No.: YMZ283796
Policy Dates: 08/29/2002 – 08/29/2003
Insuring Co: York Insurance Company of Maine

Dear Mr. Laplante:

This letter will acknowledge our receipt on August 20, 2004 of your letter dated August 13, 2004, which alleges York Insurance Company of Maine (hereinafter called OneBeacon) has violated Massachusetts General Laws, Chapter 93A. Without waiving OneBeacon's right to contest the adequacy of your demand letter under the above referenced statutes, should this matter be litigated, we will take this opportunity to respond.

OneBeacon is in the process of reviewing your request for coverage under the Bodily Injury portion of the policy of insurance. As requested, we require a complete copy of all medical bills, medical reports, and records for the treatment you received as a result of the injuries sustained in the accident of February 23, 2003.

We refer you to the letter from Keith Aten, Esq. (copy attached) which states that OneBeacon became aware of your assertion of the Bodily Injury claim and immediately set forth to review coverage to determine the applicability of same. We continue to review coverage. We understand that it is your position that James LaPlante, your son, may be at fault for this accident. Please forward all remaining medical documentation as soon as possible so we can continue our efforts to reach a fair and equitable settlement of this claim.
If you need any assistance in securing this medical information, please contact Attorney Aten who can assist you.
OneBeacon denies any violation of Massachusetts General Laws, Chapter 93A, as you allege.

Yours very truly,

Kathleen Ahearn

Cc: Keith Aten, Esquire

CERTIFIED MAIL RETURN RECEIPT REQUESTED: 70020860000101392647