UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES P. LAPLANTE | : | |
| | : | |
| VS. | : | C.A. NO. 07-62ML |
| | : | |
| YORK INSURANCE COMPANY | : | |
| OF MAINE | : | |

DEFENDANT'S ANSWER

FIRST DEFENSE

AS TO PARTIES

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and leaves the plaintiff to his proof.

2. The defendant admits that it is a Maine corporation with an office at 707 Sable Oaks Drive, South Portland, Maine 04106 and denies the remainder of the allegations contained in paragraph 2.

3. The defendant admits that OneBeacon Insurance Group, LLC is a limited liability company formed in the State of Delaware with a principal place of business in Boston, Massachusetts; that OneBeacon Insurance Group, LLC is a holding company, the sole purpose of which is to own various incorporated insurance companies; that York Insurance Company of Maine is incorporated with a principal place in the State of Maine; that York Insurance Company of Maine is a wholly-owned subsidiary of OneBeacon America Insurance Company, a Massachusetts corporation, which is a wholly owned-subsidiary of OneBeacon Insurance Company, a Pennsylvania corporation, which in turn is a wholly-owned subsidiary of OneBeacon Insurance Group, LLC; that CU York Insurance Company of Maine was the prior name of York Insurance Company of Maine and issued the initial insurance policy and that York Insurance Company of Maine is a separate corporate entity from OneBeacon Insurance Company, LLC. The defendant denies the remainder of the allegations contained in paragraphs 3, 4, 5, 6, 10 and 14.

4. The defendant admits that York Insurance Company of Maine issued a certain policy of insurance, viz; YM-Z263796F to Corrina Brown and James S. LaPlante; and denies the remainder of the allegations contained in paragraph 7.

5. The defendant denies the allegations contained in paragraph 8.

6. The defendant admits that OneBeacon Insurance Company, a Pennsylvania corporation, a wholly-owned subsidiary of OneBeacon Insurance Group, LLC handles the adjustment of claims for York Insurance Company of Maine and denies the remainder of the allegations contained in paragraph 9.

7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 11, 12, 13, 15 and 16 and leaves the plaintiff to his proof.

8. The defendant denies the allegations contained in paragraph 17.

AS TO JURISDICTION

1. The defendant admits that this court has jurisdiction over plaintiff and denies the remainder of the allegations contained in paragraph 18.

2. The defendant admits that the plaintiff is a Vermont resident and denies the remainder of the allegations contained in paragraphs 19 and 20.

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and leaves the plaintiff to his proof.

4. The defendant denies that the plaintiff was living at 217 Douglas Pike, North Providence, Rhode Island prior to or at the time of the accident and is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 22 and leaves the plaintiff to his proof.

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 23, 24, 25, 26 and 27 and leaves the plaintiff to his proof.

6. The defendant admits that the 1978 Ford F350 truck was added to the policy on or about December 20, 2002 and denies the remainder of the allegations contained in paragraph 28.

7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and leaves the plaintiff to his proof.

8. The defendant denies the allegations contained in paragraph 30.

9. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and leaves the plaintiff to his proof.

10. The defendant admits that the Superior court has jurisdiction over declaratory judgments and as to the remainder of the allegations contained in paragraphs 32 and 33, leaves the plaintiff to his proof.

11. The defendant denies the allegations contained in paragraphs 34, 35, 36, 37 and 38.

12. The defendant denies the allegations contained in paragraph 39.

AS TO COUNT I

1. The defendant incorporates by reference its answers to paragraphs 1 through 38 as its answers to paragraph 40.

2. The defendant denies the allegations contained in paragraph 41.

3. The defendant admits the allegations contained in paragraph 42.

4. The defendant denies the allegations contained in paragraphs 43 and 44.

5. The defendant admits the allegations contained in paragraph 45.

6. The defendant admits the happening of an incident on February 23, 2003 wherein James P. LaPlante was operating a Ford F350 truck in Lincoln, Rhode Island in which his father, Joseph LaPlante, was a passenger and denies the remainder of the allegations contained in paragraph 46.

7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 47 and 48 and leaves the plaintiff to his proof.

8. The defendant admits that James LaPlante gave a sworn statement on August 5, 2003; has provided copies of certain medical bills; and as to the remainder of the allegations contained in paragraph 49 leaves the plaintiff to his proof.

9. The defendant denies the allegations contained in paragraphs 50 and 51.

10. The defendant denies the allegations contained in paragraph 52 in that the plaintiff was paid his entire medical payment limit under the aforementioned policy of insurance.

11. The defendant admits that it settled a claim brought by Joseph LaPlante under the liability coverage of the aforementioned policy in the sum of $300,000 and denies the remainder of the allegations contained in paragraph 53.

12. This defendant admits that the plaintiff, in a previous lawsuit, asserted the allegations contained in paragraph 54 and that summary judgment entered against the plaintiff in the United States District Court on or about October 20, 2006 and otherwise denies the allegations contained in paragraph 54.

13. The defendant denies the allegations contained in paragraphs 55, 56 and 57.

14. The defendant denies that a hit and run driver was involved and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58 and leaves the plaintiff to his proof.

15. The defendant admits that the plaintiff, in a previous lawsuit, asserted the allegations contained in paragraph 59 and that summary judgment entered against the plaintiff in

the United States District Court on or about October 20, 2006 and otherwise denies the allegations contained in paragraph 59.

16. The defendant denies the allegations contained in paragraphs 60 and 61.

17. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 and leaves the plaintiff to his proof.

18. This defendant admits that the policy of insurance issued by York Insurance Company of Maine, referred to above, contains uninsured motorist coverage but specifically denies that the plaintiff is entitled to said coverage under the facts and circumstances of this case and therefore denies the allegations contained in paragraphs 63 and 64.

19. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 and leaves the plaintiff to his proof.

20. The defendant admits that the policy of insurance issued by York Insurance Company of Maine, referred to above, contains uninsured motorist coverage but specifically denies that the plaintiff is entitled to said coverage under the facts and circumstances of this case and therefore denies the allegations contained in paragraph 66.

21. The defendant denies the allegations contained in paragraphs 67, 68, 69, 70, 71, 72, 73, 74 and 75.

## AS TO COUNT II

1. The defendant incorporates by reference it answers to paragraphs 1 through 75 as its answers to paragraph 76.

2. The defendant denies the allegations contained in paragraphs 77 and 78.

## AS TO COUNT III

1. The defendant incorporates by reference its answers to paragraphs 1 though 78 as its answers to paragraph 79.

2. The defendant denies the allegations contained in paragraph 80.

## AS TO COUNT IV

1. The defendant incorporates by reference its answers to paragraphs 1 through 80 as its answers to paragraph 81.

2. The defendant denies the allegations contained in paragraphs 82, 83, 84,85, 86, 87 and all other allegations contained in the plaintiff’s complaint.

SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted and therefore this action is barred.

THIRD DEFENSE

The defendant hereby relies upon the law of the State of Vermont, in such cases made and provided, including the statutory and case law of the State of Vermont.

FOURTH DEFENSE

The defendant hereby places the plaintiff on notice that it will rely upon the law of the State of Vermont both statutory and case law and that the said law of the State of Vermont bars the within action.

FIFTH DEFENSE

The plaintiff's claim is barred, in whole or in part, to the extent that the matter alleged in the complaint is barred by the applicable terms, conditions, limitations and exclusions of the policy.

SIXTH DEFENSE

The defendant affirmatively pleads lack of jurisdiction as a bar to the within action.

SEVENTH DEFENSE

The defendant affirmatively pleads res judicata and collateral estoppel as a bar to the within action.

YORK INSURANCE COMPANY
OF MAINE
By its Attorneys,
CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson
C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile
rbengtson@ckmlaw.com

Defendant hereby demands a trial by jury on all claims so triable.

YORK INSURANCE COMPANY
OF MAINE
By its Attorneys,
CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson
C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile
rbengtson@ckmlaw.com

CERTIFICATION

I hereby certify that on February 14, 2007 a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and a true copy of the within document was mailed to Keven A. McKenna, Esquire, McKenna Law, 23 Acorn Street, Providence, RI 02903

/s/ C. Russell Bengtson