**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **James P. Laplante** | : | |
| **Plaintiff** | | |
| **Vs.** | : | **C.A. No. 07-0062ML** |
| **York Insurance Company of Maine** | : | |
| **Defendant** | : | |
| | : | |

**Plaintiff's Motion to Compel Responses to Specific Requests for Production**

Now comes the Plaintiff in the above-entitled matter and respectfully requests that Defendant be compelled to respond to his requests for production propounded on May 25, 2007 related to the stacking issue which will be addressed after August 30, 2007 by this Honorable Court. Defendant's counsel has indicated that it is having difficulty locating the material because it would require a manual examination of its files. The responses to the specific requests relating to stacking are inimical to the completion of the Plaintiff's summary judgment motion and statement of undisputed facts. Plaintiff believes that the Defendant has the administrative ability to respond to these requests before the time for filing stacking memoranda and list of undisputed facts.

Those specific unanswered responses of May 25, 2007, which could lead to discoverable information relating to stacking issue, are as follows:

"3. To the extent not described and produced above, any and all similar tangible material of any kind or description in your possession, care, custody or control (including but not limited to OneBeacon Insurance Group) that in any way is in support of your claim that the motor vehicle accident which gives rise to this Complaint **was not, either in whole, or in part, caused by an uninsured motorist, and/or an unknown vehicle.**

"6. Any and all documents, to include but not be limited to, all complaints, inquiries, or responses either to Defendant (including but not limited to OneBeacon Insurance Group) or from Defendant (including but not limited to OneBeacon Insurance Group) to the Rhode Island Department of Business Regulation, Insurance Division respecting business conducted by Defendant (including but not limited to OneBeacon Insurance Group) in

Rhode Island from three (3) years prior to the date of the motor vehicle accident referenced in this Complaint to three (3) years subsequent to that accident.

“7. With respect to the above Request Number 6, but not by way of limitation, and for the time periods referenced therein, any and all documents of any kind or description that make reference to **policy stacking** in Rhode Island (whether intra-policy stacking, or inter-policy stacking).”

“8. Complete copies of any and all **Adjuster(s) reports**, notes, letters, or correspondence of any kind or description (whether internal, and not delivered, or delivered) from Defendant (including but not limited to OneBeacon Insurance Group) to James Laplante or Joseph Laplante which in any way is related to the motor vehicle accident that gives rise to this Complaint. “

“9. Any and all records (with the name(s) and identifier(s) of individual policyholder’s redacted) that serve to disclose **any stacking claim**(s) (whether inter-policy or intra-policy) paid to or otherwise settled by Defendant (including but not limited to OneBeacon Insurance Group) to any insured in any jurisdiction for the time period of five (5) years prior to the motor vehicle accident in question here to the present. “

With respect to the request for production made on June 29, 2007, any documents relating to a defense to stacking covered under that request; to wit,

“Any and all documents in your care, custody, control or possessions, which refer in any way to the Motor Vehicle Accident, involving James Laplante, that relates to any defense of the above lawsuit”

Respectfully Submitted,
Plaintiff’
By His Attorneys

**/s/** Keven A. McKenna

______________________________

Keven A. McKenna, #662
Keven A. McKenna, P.C.
23 Acorn Street
Providence, R.I. 02903
401 273-8200 Tel
401 521-5820 Fax
KevenM@McKennalaw.cc

**Certificate of Good Faith Effort of Counsel to Resolve**

I the undersigned certify that Counsel for the Plaintiff and Counsel for the Defendant have made and are making a good faith effort to resolve these discovery problems.

/s/ Keven A. McKenna

**Certification of Notice**

I, the undersigned, hereby certify that on the 19 day of August, 2007, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and C.Russell Bengston, rbengstson@CKMlaw.com, the Attorney for York Insurance Company of Maine, C. Russell Bengsten, Carroll, Kelly & Murphy, Counselors at Law, One Turks Head Place, Suite 400, Providence, R.I. 02903 will receive notice through the ECF system and by direct email.

/s/ Keven A. McKenna