**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| James P. Laplante, | : | |
| **Plaintiff** | : | |
| v. | : | **07-0062ML** |
| York Insurance Company of Maine | : | |
| **Defendant** | : | |

**Motion to Extend Date for Submitting Motions For Summary Judgment**.

Now comes the **Plaintiff** in the above entitled action and moves, pursuant to Rule 56 (e) and (f) of the Federal Rules of Civil Procedure, that the **dates** for submitting its Motion for Summary Judgment on the stacking issue, with affidavits, and his statement of undisputed facts, and the **subsequent dates** for his objections, and counter affidavits to the Defendant's Motion for Summary Judgment, **be extended ten (10) days** from the date of completion of discovery requests, as otherwise determined by this Honorable Court at the hearing on the Plaintiff's motion to compel scheduled on **September 5, 2007.**

As grounds for his motion, Plaintiff avers as follows:

1. August 30, 2007 has been previously set as the date for the Parties to file Cross Summary Judgment Motions on the questions of the stacking of several provisions in the insurance contract in dispute between the parties as to be subsequently determined by the Court under applicable state law.
2. Facts relating to the residency of the Plaintiff in Rhode Island and the garaging of his vehicle in Rhode Island, and facts relating to the Defendant's handling of the claims relating to stacking, have been subject to discovery.

3. Defendant has indicated difficulty in responding to the Plaintiff's discovery requests relating to stacking, and that question is before the Court on September 5, 2007 on a motion to compel.
4. In the Defendant's deposition of Corrina Brown on August 21, 2007, a request was made of photographs that she had in her possession of the parties, which showed her and James Laplante living in North Smithfield, Rhode Island, and which showed the vehicle in question on that North Smithfield property. She has located those photographs and is willing to transmit the same to the Defendant as a supplement response for discovery.
5. The stenographer for August 21, 2007 deposition has yet to produce the transcript.
6. The Plaintiff and his financee', Corinna Brown, have also indicated that they have found some other documents in house of Corrina Brown in Vermont that relate to their living in Rhode Island and which relate to letters written by the Defendant to the Plaintiff, which they are willing to provide to the Defendant.
7. The mother of Plaintiff's counsel died on July 30, 2007 and he himself was briefly hospitalized in the Miriam Hospital, and then was subject to several days of out patient tests this month; thus he had been unavailable for this matter for two (2) weeks.
8. Both parties have made their best efforts to cooperate in discovery on these matters; and neither party would be prejudiced by a brief delay to complete discovery on key facts relating to stacking.

**Plaintiff**

James P. Laplante
By His Attorney

(S)____________________
Keven A. McKenna, Esq.
Keven A. McKenna, PC
23 Acorn Street
Providence, RI 02903
(401) 273-8200
(401) 521-5820 Facsimile

**Certification of Notice**

I, the undersigned, hereby certify that on the 27 day of August, 2007, a true copy of the within document was filed electronically, and is available for viewing and downloading from the ECF system; and that C.Russell Bengston, the Attorney for York Insurance Company of Maine, C. Russell Bengsten, Carroll, Kelly & Murphy, Counselors at Law, One Turks Head Place, Suite 400, Providence, R.I. 02903 will receive notice through the ECF system and by direct email, rbengstson@CKMlaw.com.

(s)Keven A.McKenna____________________