UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES P. LAPLANTE | : | |
| | : | |
| VS. | : | C.A. NO. 07-62ML |
| | : | |
| YORK INSURANCE COMPANY | : | |
| OF MAINE | : | |

DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO
COMPEL RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION

Now comes the defendant, York Insurance Company of Maine, and objects to plaintiff's Motion to Compel documents in response to requests 3, 6, 7, 8 and 9. See Memorandum hereunto annexed and made a part hereof.

YORK INSURANCE COMPANY
OF MAINE
By its Attorneys,
CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson
C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile
rbengtson@ckmlaw.com

CERTIFICATION

I hereby certify that on August 28, 2007 a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Keven A. McKenna, Esq., KevenM@McKennaLaw.cc will receive notice through the ECF system.

/s/ C. Russell Bengtson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES P. LAPLANTE | : | |
| | : | |
| VS. | : | C.A. NO. 07-62ML |
| | : | |
| YORK INSURANCE COMPANY OF MAINE | : | |
| | : | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION

INTRODUCTION

This case flows out of an automobile accident that occurred on February 23, 2003 in Lincoln, Rhode Island.

The plaintiff, the operator of a motor vehicle, insured by the defendant, York Insurance Company of Maine, alleges that he lost control of his motor vehicle by reason of the conduct of an uninsured, unidentified driver.

In his complaint, the plaintiff alleges that he is entitled to uninsured motorist benefits; that the defendant has denied him benefits; that the defendant has breached its contract with the plaintiff and has otherwise dealt with the plaintiff in bad faith.

As to the uninsured motorist portion of the complaint, the plaintiff alleges that he is entitled to stack coverage by reason of the fact that he paid three separate premiums for uninsured motorist coverage. The plaintiff's claim is fact specific. He asserts that at the time of the accident he was a temporary resident of Rhode Island and that therefore Rhode Island law should apply.

The defendant denies the plaintiff's allegations as to residency; has pleaded that at the time of the accident the plaintiff was in fact a resident of the State of Vermont; that the policy

was issued in the State of Vermont; and that the law of the State of Vermont governs. Vermont does not permit stacking of insurance coverage based upon the clear interpretation of the policy.

In its Pre-Trial Order of May 7, 2007 (Document #7) this court bifurcated the plaintiff's claims and ordered that the initial discovery would deal only with the stacking issue.

The plaintiff served a Request for Production on May 28, 2007 to which the defendant responded on June 20, 2007. The plaintiff now files this Motion to Compel Further Reponses to Requests 3, 6, 7, 8 and 9 which he claims deals with the stacking issues.[1]

ARGUMENT

The defendant objected to the requests for basically three reasons: that the requests included "OneBeacon Insurance Group" which is a trade name and not a legal entity; that the requests had nothing to do with the stacking claims and/or the issues associated with the stacking claims and were otherwise overbroad and burdensome.

As to Request 3:

This request sees documents which support defendant's defense that the accident was not caused by an uninsured motorist. While this request clearly does not deal with the stacking claims, any such non-privileged documents were provided in response to another of the plaintiff's requests.

As to Request 6:

This request seeks documents that relate to complaints filed with the Rhode Island Department of Business Regulations. Whether or not someone filed a complaint with the Department of Business Regulations has nothing to do with whether or not this plaintiff can stack uninsured motorist coverage under this policy.

[1] The plaintiff has included a second request for production dated June 29, 2007. The defendant was never served with that request. Assuming that the second request was in fact served, that document request does not bear on the stacking issues or claims raised by the plaintiff.

As to Request 7:

This request seeks documents relating to "policy stacking in Rhode Island". This request was specifically objected to because it included documents from a non-entity, OneBeacon Insurance Group.

As indicated in correspondence to the plaintiff's attorney dated August 7, 2007, "there is no way to determine without manually looking through each [claim] file as to whether or not a OneBeacon company, including York Insurance Company of Maine, ever paid a stacking claim within the State of Rhode Island."

It is assumed that stacking claims were in fact paid within the State of Rhode Island during the period of time when policies permitted it. However, there is no way for any of the OneBeacon companies to determine the nature of those claims since it would require a review of hundreds of claim files.

Whether or not other stacking claims were paid, or not paid, has nothing to do with the underlying issues in this case.

As to Request 9:

This request is similar to number 7 in that request seeks information concerning the payment of any stacking claims. While stacking claims were probably paid within the State of Rhode Island, there is no way that this can be determined without physically examining hundreds of files which have been closed. This defendant does know that other than this claim there are not any currently pending stacking claims within the State of Rhode Island.

For the reasons set forth above, the defendant moves that the plaintiff's Motion to Compel be denied.

YORK INSURANCE COMPANY
OF MAINE
By its Attorneys,
CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson
C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile
rbengtson@ckmlaw.com

CERTIFICATION

I hereby certify that on August 28, 2007 a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Keven A. McKenna, Esq., KevenM@McKennaLaw.cc will receive notice through the ECF system.

/s/ C. Russell Bengtson