UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES P. LAPLANTE, Plaintiff, | : | |
| v. | : | CA 07-062 ML |
| YORK INSURANCE COMPANY OF MAINE, Defendant. | : | |

**ORDER**
**RE MOTIONS HEARD ON**
**SEPTEMBER 7, 2007**

Before the Court are two motions filed by Plaintiff James P. LaPlante ("Plaintiff"):

1. Plaintiff's Motion to Compel Responses to Specific Requests for Production (Document ("Doc.") #12) ("Motion to Compel"); and

2. Motion to Extend Date for Submitting Motions for Summary Judgment (Doc. #13) ("Motion to Extend").

A hearing was conducted on September 7, 2007.

**The Motion to Compel is DENIED** for the following reasons. First, it fails to comply with DRI LR Cv 37(a).[1] Second, the

---

[1] DRI LR Cv 37(a) states:

> (a) Form. A motion to compel a response or further response to an interrogatory, request for production, or request for admission shall state the interrogatory or request, **the response made, if any, and the reasons why the movant maintains that the response is inadequate**. Motions to compel shall comply with the requirements of LR Cv 7.

DRI LR Cv 37(a) (bold added).

The Court brought this rule to the attention of Plaintiff's counsel at the September 7, 2007, hearing. Plaintiff's counsel indicated that he had not set forth Defendant's responses in his motion because Defendant had not responded to the requests for production other than in a letter. Later in the hearing, Defendant's counsel stated that Defendant had formally responded to Plaintiff's

documents which Plaintiff seeks are either (a) not relevant to the "stacking claims" which are the only claims for which discovery is authorized, see Pre-Trial Order of May 7, 2007 (Doc. #7), or (b) their production would be unduly burdensome.[2]

**The Motion to Extend is granted to the following extent:**

1. Motions for summary judgment will be filed by both parties as to whether or not Plaintiff is permitted to stack uninsured motorist and medical payments coverage on or before **September 28, 2007**; and

2. Any and all objections to the motions for summary judgment shall be filed on or before **October 10, 2007.**[3]

---

request for production and, at the Court's direction, provided a copy of Defendant's response. Thus, the Court rejects the explanation offered by Plaintiff's counsel for his noncompliance with the Local Rules.

[2] The overly broad and burdensome nature of Plaintiff's requests is exemplified by request number 9 which seeks:

> Any and all records ... that serve to disclose any stacking claim(s) ... paid ... or otherwise settled by Defendant ... to any insured in any jurisdiction for the time period of five (5) years prior to the motor vehicle accident in question here to the present.

Motion to Compel at 2 (bold omitted). The accident occurred on February 23, 2003. See Complaint (Doc. #1) ¶ 25. Thus, Plaintiff seeks documents pertaining to any stacking claim in all jurisdictions for a nine year period.

[3] At the hearing, Defendant's counsel suggested that the Motion to Extend also seeks approval for Plaintiff's recent provision of photographs and documents to Defendant. While the motion references these items, the Court does not read the motion as seeking a ruling regarding whether they may be used in connection with the motions for summary judgment. Thus, at present, Plaintiff is free to utilize these items, and Defendant is free to object to their use. If the items are used in connection with the motion(s) for summary judgment, any objection to their use could be addressed in the context of deciding such motion(s).

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
September 10, 2007