UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES P. LAPLANTE | : | |
| | : | |
| vs. | : | C.A. No. 07-62 ML |
| | : | |
| YORK INSURANCE COMPANY | : | |
| OF MAINE | : | |

DEFENDANT'S STATEMENT OF UNDISPUTED FACTS
IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant, York Insurance Company of Maine ("York") hereby provides its Statement of Undisputed Facts in support of its Motion for Partial Summary Judgment on the stacking issue pursuant to this Court's Order dated May 7, 2007 as follows:

1. The plaintiff was involved in a motor vehicle accident on February 23, 2003 in Lincoln, Rhode Island while driving a 1978 Ford truck owned by him (hereafter, "the 1978 Ford"). Complaint, ¶1.

2. At the time of the accident, the 1978 Ford was covered for liability and uninsured motorist coverage under an automobile policy renewal issued to the plaintiff and Corrina Brown ("Brown") at their stated address of P.O. Box 909, Quechee, Vermont, 05059 (hereafter, "the Policy"). Affidavit of Kristin O'Donnell at paragraph 2 (hereafter "O'Donnell Aff. ¶ __") and Exhibit A thereto.

3. The plaintiff and Ms. Brown had been living together in Vermont since approximately the late 1990s and continuing to the present. Laplante T. at 5 and 25.

4. The Policy was issued by York Insurance Company of Maine (hereafter "York") through the Ford Insurance Agency in Woodstock, Vermont. O'Donnell Aff. ¶ 3.

5. The Policy has a single limit of coverage in the amount of $300,000.00 and contains a provision that states:

   SINGLE LIMIT OF LIABILITY

   A. Our maximum limit of liability for all damages for bodily injury resulting from any one accident is the limit of liability shown in the Declarations for

bodily injury Uninsured Motorists Coverage. . . . Our maximum limit is the most we will pay regardless of the number of:

1. . . .

2. . . .

3. Vehicles or premiums shown in Declarations.

Exhibit A to the O'Donnell Affidavit, Personal Auto Composite Endorsement – Vermont, Form G11244 03 02, page 4 of 6, Endorsement G13156 03 02.

6. An "alternate garage location" was required to be listed in the Policy declarations for each of the vehicles covered by the Policy because the mailing address provided by Mr. Laplante and Ms. Brown was a post office box and the identification of the location where the vehicles are principally garaged is required for determination of the rating information and the ultimate issuance of the Policy. O'Donnell Aff. ¶ 3.

7. The alternate garage location for each vehicle covered under the Policy is stated in the Policy's declarations to be Hartland, Vermont where the plaintiff and Ms. Brown resided. O'Donnell Aff. ¶ 3, Deposition Transcript of James Laplante at page 5 (hereafter, "Laplante T. at __").

8. The operators of the vehicles covered by the Policy were James Laplante and Corrina Brown who both are stated in the declarations to have licenses to operate motor vehicles in the state of Vermont. O'Donnell Aff. ¶ 4. Under the "Rating Data" section of the declarations, the "Risk State" is stated to be Vermont. O'Donnell Aff. ¶ 4.

9. The 1978 Ford was not a part of the Policy as originally issued, but was added to the Policy by Change Endorsement dated January 2, 2003 with an effective date of December 20, 2002. O'Donnell Aff. ¶ 5 and Exhibit B thereto.

10. The Change Endorsement deleted a previously covered vehicle (vehicle No. 16) and substituted for it the 1978 Ford (vehicle No. 18). O'Donnell Aff. ¶ 5.

11. The Change Endorsement states that the garage location for the 1978 Ford being added to the Policy was Hartland, Vermont, as it was for all other vehicles covered by the Policy, and that James Laplante would be using it for "pleasure". O'Donnell Aff. ¶ 5. The endorsement also issued the Vermont Automobile Insurance Card for the 1978 Ford which states in capital letters across the top: "VERMONT AUTOMOBILE INSURANCE IDENTIFICATION

CARD". O'Donnell Aff. ¶ 5 and Exhibit B thereto.

12. The Change Endorsement's reference to "information/coverage change – garage territory" refers strictly to the fact that there has been a change of vehicles covered within the specified garage territory. It does not mean that the place of garaging of any of the covered vehicles has changed. O'Donnell Aff. ¶5 and Exhibit B thereto.

13. The 1978 Ford was purchased by the plaintiff prior to 2000. Laplante T at 73-74. It was registered in the state of Vermont, as were all other vehicles identified in the Policy. Laplante T. at 26 and Exhibits A and B to the O'Donnell Affidavit.

14. In September of 2001, Corinna Brown purchased property at 217 Douglas Pike, North Smithfield. Laplante T. at 51. The down payment for the property was provided equally by the plaintiff and Ms. Brown. Deposition transcript of Corinna Brown at page 8 (hereafter "Brown T. at __"). The title to the property and the mortgage on the property were in her name, alone. Laplante T. at 51 and 98-99.

15. The plaintiff and Ms. Brown intended to move to the North Smithfield property at some point in time but decided against this when they determined that they did not like the congestion or the driving habits of Rhode Islanders. Laplante T. at 16 and 106. The plaintiff's parents decided that they could use the property despite the plaintiff and Ms. Brown being unable to do so and they moved into the property shortly after it was purchased. Laplante T. at 16 and 97.

16. From the time of purchase of the North Smithfield property until it was ultimately sold after the February 23, 2003 accident, the plaintiff's parents resided at the premises and paid rent to Brown along with reimbursement for utilities they utilized. Laplante T. at 15 and 97.

17. When the property was ultimately sold after the accident, the plaintiff did not receive any proceeds from the sale. Brown T. at 80. The proceeds were used to purchase property in Vermont in Ms. Brown's name, alone. Brown T. at 79.

18. Bills connected to the North Smithfield property were paid by Ms. Brown from either a Vermont checking account that was in her name alone with Mascoma Savings Bank or a Rhode Island account with Sovereign Bank that was in the plaintiff's name alone for a short time until Ms. Brown's name was added as well. Brown T. at 19-20 and 78, Laplante T. at 37. The two bank accounts were also utilized by Ms. Brown to pay bills related to her own credit cards, car payments, cell phone and other living expenses in Vermont. Brown T. at 20-23, 34, 53 and 76. Ms. Brown kept the check books for both accounts with her and the plaintiff used the only ATM card from the Sovereign account. Brown T. at 20-21 and 70, Laplante T. at 65.

19. Prior to the purchase of the North Smithfield property and continuing to the present, Ms. Brown has been employed full time as the manager of Pizza Chef in Quechee, Vermont. Brown T. at 4. She has held this job for 17 years and has never looked for a job in Rhode Island. Brown T. at 65.

20. After Ms. Brown's purchase of the North Smithfield property, the plaintiff periodically stayed there with the plaintiff's parents and the plaintiff's brother stayed there for a period of time as well. Laplante T. at 19 and 86. Ms. Brown would visit the property when she had time off for two or three days in a row and then would return to Vermont. Brown T. at 66-67.

21. The plaintiff worked on repairing and customizing the 1978 Ford at the North Smithfield property after the property was purchased by Ms. Brown and also utilized a 1985 Subaru, registered in Vermont and included under the Policy, to commute back and forth between Vermont and Rhode Island. Comp. ¶ 26 and Laplante T. ¶ 34.

22. At the time of the February 23, 2003 accident and in the years preceding it, the plaintiff's work required that he travel frequently. Laplante T. at 23. In October of 2001, the plaintiff's work for A-1 Gunite required his presence in Ocean City, Maryland for several months where his employer put him up in a house with other employees working on the project for the project's duration. T. at 57-58. In November of 2001 the plaintiff was engaged on a job in Rehoboth, Delaware that lasted a few months. Laplante T. at 59.

23. During 2002, the plaintiff continued to travel relative to his work and the record of his ATM purchases indicates that he was variously in Rehoboth, Delaware, Brattleboro, Vermont, Fitchburg, Massachusetts, Nashua, New Hampshire, Raynham, Massachusetts, Plymouth, Massachusetts, Bellows Falls, Vermont, Claremont, New Hampshire and North Attleboro, Massachusetts, among other locations. Laplante T. at 65

24. When the plaintiff was working at a job some distance away his employer would take care of his lodging. Laplante T. at 98. For jobs in Massachusetts, Vermont and New Hampshire, the plaintiff would drive to the jobs and stay with his parents at 217 Douglas Pike, North Smithfield or with Ms. Brown in Vermont. Laplante T. at 98.

25. At no time did the plaintiff register any vehicles in the state of Rhode Island, obtain a Rhode Island drivers' license, report to the Town of North Smithfield that he had any vehicles garaged in the state or pay any North Smithfield property taxes on any vehicles. Laplante T. at 20 and 33.

26. The plaintiff has filed income tax returns with the state of Vermont since at least 2000 and has never filed income tax returns in the state of Rhode Island. Laplante T. at 25 and 50-51. The address utilized by the plaintiff for his income taxes since at least 2000 has been the Vermont address he

shares with Ms. Brown. Brown T. at 29.

27. At the time that the 1978 Ford was added to the Policy, Ms. Brown called the Ford Agency and during the course of that conversation she "may have said it's in Rhode Island now and he needs to bring it home, or its here and he is bringing it to Rhode Island for his next project . . ." Brown T. at 90.

28. York is a Maine corporation with its principal place of business in Maine. O'Donnell Aff. ¶ 6.

29. York is authorized to write policies in the states of Maine, Vermont and New Hampshire. O'Donnell Aff. ¶ 6.

30. York does not have a place of business in Rhode Island, does not do business in Rhode Island and is not authorized to do business in Rhode Island. O'Donnell Aff. ¶ 6.

YORK INSURANCE COMPANY
OF MAINE
By its Attorneys,
CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson
C. RUSSELL BENGTSON #1233
PATRICIA A. BUCKLEY #2987
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile
rbengtson@ckmlaw.com

CERTIFICATION

I hereby certify that on September 28, 2007, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Keven A. McKenna, Esquire, KevenM@McKennalaw.cc will receive notice through the ECF system.

/s/ C. Russell Bengtson