9/29/2007 1:02:13 AM

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **James P. Laplante** | : | |
| **Plaintiff** | | |
| **Vs.** | : | **C.A. No. 07-0062ML** |
| **York Insurance Company of Maine** | : | |
| **Defendant** | : | |
| | : | |

**PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS**

**Plaintiff's Statement of Undisputed Facts.**

Now comes the Plaintiff and presents his statement of Undisputed Facts, in accordance with LR Cv. 56 (a)(1-4), based upon the Plaintiff's verified complaint, his affidavits, and exhibits, his depositions, responses to requests for production, answers of the Defendants, and those previously admitted facts of the Defendant and depositions in the early case of *James P. Laplante v. OneBeacon Insurance Group*, C.A. 05- 496ML regarding the same incident and the same insurance policy, and the wrong Defendant.

**I. Accident Facts:**

1. James Laplante was operating his Ford F378 truck in Lincoln Rhode Island in which his father, Joseph Laplante was a passenger, at a traffic light intersection on February 23, 2003 at the intersection of Washington Highway, Route 116, and Albion Road, Route 123, Lincoln, Rhode Island, when there was an accident. (See Deposition of James Laplante, June 12, 2007, page 6, lines 14-24, page 7, lines 1-11),( See Answer of York Insurance Company of Maine to Paragraph 46, Paragraph 6. February 14, 2007).(See Attached Affidavit and Exhibits of James Laplante.) (See photographs of accident site in Exhibits 30 and 31 and see

photographs of damaged vehicle in Exhibits 16,17, and 18 of the Laplante's Affidavit)

2. On that day James and Joseph Laplante were on their way to Dunkin Donuts for coffee and then to work for the Blaine Hair Schools. (See Deposition of James Laplante, June 12, 2007, page 7, lines 1-11.)

3. On February 23, 2003, James P. Laplante, while operating his insured Ford F378 truck in Lincoln, Rhode Island (with his father Joseph Laplante as a passenger) was attempting to avoid an unknown red, or maroon, vehicle cutting into his path of travel when he hit a steel traffic signal pole, and was nearly killed, suffering several temporary and permanent injuries, and the complete "totaling" of his motor vehicle. (Paragraph 46, Plaintiff's Complaint.) According to the Uniform R.I .Accident Report, (***See Exhibit 15*** to Affidavit of James LaPlante) prepared by Patrolman Kenneth Smith of the Lincoln Police Department, at the initial time of the report "the circumstances of the accident" was unknown. Officer Smith said a witness observed the truck hit the pole, but did not observe the events that caused the truck to hit the pole.

4. James Laplante claims that his personal injury damages are **$3,474,054.90** plus **$10,000** in damage for his truck.. (See Attached Affidavit of James Laplante, Paragraphs 44-55 through and **Exhibits 17-29** Attached thereto.)

II. **R.I. Relationships of James Laplante**:

5. James LaPlante had lived at 217 Douglas Pike, North Smithfield, RI prior to the accident on February 23, 2003 until he moved to Vermont to live with his finance', Corrina Brown, after he completed his hospitalization (Sources: As Follows)

a. From October 4,2001 to November 16, 2003 James Laplante maintained Bank Accounts at Sovereign Bank in Lincoln, Rhode Island, and its statements addressed and mailed to James Laplante, at 217 Douglas Pike, North Smithfield, RI. Those bank records consisting of 26 pages shows withdrawals in Rhode Island, checks written in Rhode Island, and were all produced in discovery by the Plaintiff, and marked as Exhibit F and G in Defendant's June 12, 2007 deposition;

b. As of January 1, 2003, in connection with his accounts at Sovereign Bank in Lincoln, Rhode Island, James Laplante also has two master accident insurance protection policies issued Sovereign Bank for the benefit of James Laplante at 217 Douglas Pike, North Smithfield, R.I. 028696. There were a deduction of $5.95 a month for the Blanket Accident Insurance For Sovereign Bank Policy No: 40263262 issued by National Union Fire Insurance Company of Pittsburg , Pennsylvania of the American International Companies, and a deduction of $9.95 was deducted for the Blanket Accident Insurance For Sovereign Bank Policy No: 40263261 issued by National Union Fire Insurance Company of Pittsburg, Pennsylvania of the American International Companies;

c. On June 5, 2003 in its Notice of the reasons for cancellation of insurance, York Insurance Company of Maine, in its letter to James Laplante, listed accidents in Rhode Island as the basis for the Non Renewal of Insurance the following claims "sustained" in Rhode Island: "01/23/01-At Fault Accident in Rhode Island for James.$2514.58 Paid. 02/23/03 Not at fault Accident in Rhode Island for James";

d. Report Certificate of Analysis of Well Water from Thorstensen laboratory Inc. in connection with permits for use of house mailed to James Laplante, for 217 Douglas Pike, North Smithfield, RI, dated 1/21/01, produced in discovery, and used in discovery, as Exhibit B in June 12, 200 7 deposition.

e. The Verizon Telephone Bills mailed to James P. Laplante listed 217 Douglas Pike, North Smithfield, Rhode Island as the place of service from

August 29, 2001 to September 16, 2003, as noted in Exhibit K, in the June 12, 2007 in the Deposition of James Laplante;

f. The MCI long distance phone bills mailed to James P. Laplante listed the address of service as 217 Douglas Pike, North Smithfield from August 28, 2001 through October 28,2003, Exhibit L, Deposition June 12, 2007;

g. The Narragansett Electric (National Grid) monthly from August 9, 2001through October 2, 2003 were mailed to James P. Laplante at his 217 Douglas Pike, North Smithfield RI, See Defendant's Exhibit J. in the June 12, 2007 in the Deposition of James Laplante;

h. The W2 Forms, Income Tax forms, records of Wage Statements from employer of the Plaintiff for 2001, for James P. Laplante, produced in discovery indicate James Laplante was living at 217 Douglas Pike, North Smithfield, RI;

i. The Letter from National Grid on May 28, 2002, which was produced in discovery, to James P. Laplante, was mailed to <u>217 Douglas Pike, Pole 128, North Smithfield, RI.</u>

j. <u>The tow truck invoice of February 23. 2003 indicated that that the vehicle was towed to 217 Douglas Pike, on North Smithfield. (Document Produced on March 30, 2007).</u>

k. <u>The Correspondence from the R.I. Fraternal Order of Police to James Laplante, dated 2003, was mailed to 217 Douglas Pike , North Smithfield (Document Produced on March 30, 2007).</u>

l. <u>A notification from the R.I. Department of Environmental Management, on January 19, 2001,for the well water testing was mailed to James Laplante at 217 Douglas Pike, North Smithfield. (Document Produced on, 2007).</u>

m. <u>Inspection Certificate from the North Smithfield, R.I. Fire Departmentn was delivered to "Buyer, James Laplante and Corrina Brown" on 2001. (Document Produced on, 2007).</u>

n. Michael Hagopian, Attorney mailed the original recorded deed and title insurance policy regarding 217 Douglas Pike, North Smithfiled on November 20, 2007. (Document Produced on, 2007).

o. James P. Laplante occupied the premises at 217 Douglas Pike, North Smithfield with his fianacee', Corrina Brown, and his mother, Susan Laplante, and, his father, Joseph Laplante during 2002 and 2003. (Deposition of Corrina Brown, August 21, 2007)

p. James Laplante shared the expenses of the purchase of the house at 217 Douglas Pike, North Smithfield, Rhode Island and the cost of monthly mortgage payments with Corrina Brown and Joseph and Susan Laplante. (Deposition of Corrina Brown, August 21, 2007).

q. James Laplante and Corrina Brown prior to the accident had planned to live permanently in Rhode Island. (Deposition of Corrina Brown, August 21, 2007).

r. Each of the medical bills for services incurred in Rhode Island by James Laplante as the result of the accident on February 23, 2003 were addressed to his address at 217 Douglas Pike, North Smithfield, Rhode Island and have been produced in discovery to the Defendant and those bills are the following:

    i. Town of Lincoln Rescue Statement of 2/23/03 indicates James P. Laplante living at 217 Douglas Pike, North Smithfield, RI;

    ii. Vanguard Home Medical Equipment statement indicates James P. Laplante living at 217 Douglas Pike, North Smithfield, RI.;

    iii. The Rhode Island Imaging Invoice date of service 2/23/03 indicates that James P. Laplante living at 217 Douglas Pike, North Smithfield, RI.;

    iv. The Providence Anesthesiologists Invoice for service on 2/23/03 indicates that James P. Laplante living at 217 Douglas Pike, North Smithfield, RI;

v. The Rhode Island Hospital bill from 2/23/03 to 3/14/03 for all departments indicates that James P. Laplante living at 217 Douglas Pike, North Smithfield, RI;.

vi. The Patient Demographic Information in the RH Hospital bill indicates that James P. Laplante living at 217 Douglas Pike, North Smithfield, RI on 2/23/03;

vii. The Preoperative Verification checklist on 2/23/03 indicates that James P. Laplante was living at 217 Douglas Pike, North Smithfield, RI.;

viii. The Holding Unit Assessment for Surgical Services on 2/23/03 indicates that James P. Laplante was living at 217 Douglas Pike, North Smithfield, RI.;

ix. The Orthopedics staff bill on 2/23/03 indicates that James P. Laplante was living at 217 Douglas Pike, North Smithfield, RI ;

x. The Department of Anesthesiology bill on 2/23/03 indicates that James P. Laplante was living at 217 Douglas Pike, North Smithfield, RI.;

xi. The Preoperative verification checklist contained in the R.I. Hospital bill on 2/26/03 indicates that James P. Laplante was living at 217 Douglas Pike, North Smithfield, RI.;

xii. The Surgical Unit Services bill on 2/26/03 indicates that James P. Laplante was living at 217 Douglas Pike, North Smithfield, RI.;

xiii. The Psychiatry Department bill on 2/28/03 indicates James P. Laplante was living at 217 Douglas Pike, North Smithfield, RI.;

xiv. The Preoperative Verification checklist on 3/5/03 indicates that James P. Laplante was living at 217 Douglas Pike, North Smithfield, RI.;

xv. The Holding Unit Assessment on 3/5/03 indicates that James P. Laplante was living at 217 Douglas Pike, North Smithfield, RI;

xvi. The Doctor Order Sheet on 3/12/03 indicates that James P. Laplante was living at 217 Douglas Pike, North Smithfield, RI;

xvii. The Discharge Referral Form on 3/14/03 indicates that James P. Laplante was living at 217 Douglas Pike, North Smithfield, RI;

xviii. The Lifespan Bill for Rhode Island Hospital on 9/21/04 indicates that James P. Laplante was living at <u>217 Douglas Pike, North Smithfield, RI;</u>

xix. The University Emergency Medicine Foundation Invoice indicates on 2/23/03 that James P. Laplante was living at <u>217 Douglas Pike, North Smithfield, RI.</u>

6. The Town of Lincoln Police Report of 2/23/03, produced in discovery, indicates that James P. Laplante was living at <u>217 Douglas Pike, North Smithfield, RI</u>. And the accident occurred in Lincoln, Rhode Island.(See **Exhibit 15**) )
7. The Town of Lincoln Police Narrative Incident Report, dated March 3, 2003, produced in discovery, indicates that Joseph Laplante, the passenger, reported seeing a maroon vehicle which forced his son off the road at the intersection of Route 116 and Albion Road, causing the collision with the traffic light pole.(**Exhibit 15**, attached to Affidavit.)
8. In his deposition by the Defendant on June 12, 2007, James Laplante testified in his deposition that he was a domiciliary of Rhode Island. (See Deposition of James Laplante, June 12, 2007, page 9, lines 15-24.). (See Deposition of James Laplante, June 12, 2007, page 10, lines 1-5). (See Affidavit of James Laplante and Exhibits, 5 15, 17, 16, 17, 20, 21, 22, 25, 26, and 27).
9. In his affidavit, James Laplante indicated that he was domicile of Rhode Island. (See James Laplante Affidavit, Sworn Averments 5, 15, 16,17, 18, 20, 21,,22, 25,26, 27)
10. James P.. Laplante indicated that previous to the accident on February 23, 2003 he was living at 217 Douglas Pike, in North Smithfield, Rhode Island, and that he paid during that time prior to the accident, electric bills, local and long distance bills for the Rhode Island number utilized at <u>217 Douglas Pike, North Smithfield, RI</u>. (See Deposition of James Laplante, June 12, 2007, page 10, lines 11-24.)

11. On July 1, 2002 in a letter to James Laplante and Corrina Brown, Heather Redington of Ford Insurance Company, the insurance agent, stated "It has also been noted that James has two trucks on a separate policy. (Item # 7 produced in Discovery to Defendant.). (See ***Exhibit 2***, Affidavit of James Laplante.) (Also, See Exhibits 5 and 6 photographs at 217 Douglas Pike of insured vehicles.)

**III. Coverage Provided by York Insurance Company of Maine to Laplante**

12. York Insurance Company of Maine issued a renewal policy of insurance, YM-Z263796F for James P.. Laplante and Corrina Brown effective August 29, 2002 through August 29, 2003, (February 14, 2007 Answer of York Insurance Company of Maine, Paragraph 3.Exhibit 5, Deposition.) (**Affidavit of James Laplante, Exhibit 1**.), while James Laplante was living in North Smithfield, Rhode Island.

13. By endorsement issued on January 2, 2003, with an effective date of December 20, 2002, the 1978 Ford F378 Truck involved in this loss was added to the policy of insurance issued by York Insurance Company of Maine. (Document 36, Case 05 -496, USDC RI, Paragraph 22, Defendant OneBeacon Insurance Affidavit of Undisputed Facts, Par. 22. Schroeder Affidavit, Paragraph 4.and Exhibit C hereto June 6, 2006), (Answer of York Insurance Company of Maine to Paragraph 28, Paragraph 6. February 14, 2007). (**Affidavit of James Laplante, Exhibit 1**.)

14. On December 20, 2002, a change endorsement was recorded to Master Policy YM-Z263965 which substituted vehicle 18, a 1978 Ford 378 operated by James P. Laplante as an "information/coverage change-Garage Territory." (**Affidavit of James Laplante, Exhibit 1**.)

15. Corrina Brown called Ford Insurance Company December of 2002 in Vermont and added the Ford 378 truck to the insurance policy of James Laplante and Corrina Brown issued by York Insurance Company of Maine. (Deposition of Corrina Brown, August 21, 2007.) (See Exhibit 1,Declaration Change)
16. The 1978 Ford Truck owned by James Laplante had been principally garaged at 217 Douglas Pike, North Smithfield prior to the accident and at the time of the accident. (Deposition of June 12, 2007, James Laplante, page 11, line 22-24, page 12, lines 1-4.) Deposition of Corrina Brown, August 21, 2007). **( See Affidavit of James Laplante, Paragraphs Exhibits 5,6, 9, 10,** and **111**.).
17. The Declaration Cover Sheets of the Automobile Policy indicated that Hartland Vermont was a alternative location for the motor vehicles.(Exhibit 1)
18. The policy of insurance issued by York Insurance Company of Maine to James P. Laplante contained uninsured motorist and underinsurance coverage. ( Answer of York Insurance Company of Maine to Paragraphs 63, 64, 66 of the Plaintiff's complaint28, Paragraphs 18, 20. February 14, 2007.)
19. The policy of insurance issued by York Insurance Company of Maine to James Laplante contains Endorsement G131156 03 02 which provides as follows: "Uninsured and Underinsured Motorist Coverage: This coverage will reimburse you, a member of your family, or a designated driver if one of you is hit by an uninsured or hit-and-run driver."
20. The Master Policy Declarations, YM-Z2637965, issued by York Insurance Company of Maine to James P. Laplante provided the following Premium Information.

| File No. | Liab. | Med. Pay. | U.M. | Oth.than col. | Collision | Veh.Premium |
|---|---|---|---|---|---|---|
| 12(94 Jeep) | $181 | $12 | $60. | $139 | $319 | $711.00 |
| 13(88 Camper) | 0 | 0 | 0 | $ 50 | $ 32 | $ 82.00 |
| 18(78 Truck) | $171 | $12 | $60 | 0 | 0 | $243.00 |
| 17(85 Subaru) | $238 | $17 | $60. | 0 | 0 | $315.00 |

( See Deposition Exhibit 5,June 12, 2007, James Laplante, Defendant's Exhibit D, Master Driver Automobile Policy Declarations, Policy Number :YMZ263796F : Policy Period: 08-29-2002 to 8-29-2003: Named Insured: James S. Laplante, Corrina Brown. Transaction: change Endorsement: Effective 12-20-2002. Page 4).

21. The Plaintiff, James Laplante, had paid to the Defendant, York Insurance Company of Maine, and its agents, prior to his accident, three (3) **separate** premiums of $60 each for uninsured and underinsured motorist coverage, and three (3) **separate** premiums: $12, $12, and $17, for medical coverage, for the three (3) motor vehicles on his policy; to wit 1994 Jeep Cherokee, 1978 Ford F378, and a 1985 Subaru Standard.

22. The Master Policy Policy Declarations, YM-Z2637965, issued by York Insurance Company of Maine to James P. Laplante provided the following Basic Policy Coverages.

| **Coverages** | **Limits of Liability** |
|---|---|
| **BI Liability-Includes Property Damage** | **$300,000 Each Accident** |
| **Medical Payments** | **$5,000 Each Person** |
| **Uninsured Motorist Bodily Injury Liability** | **$300,000 Each Accident** |
| **Uninsured Motorist Property Damage** | **Included in Uninsured Motorist .** |
| **Underinsured Motorist Liability** | **Included in Uninsured Motorist Liability** |

(Deposition Exhibit, June 12, 2007, James Laplante, Defendant's Exhibit D, Master Driver Automobile Policy Declarations, Policy Number :YMZ263796F : Policy Period: 08-29-2002 to 8-29-2003: Named Insured: James P. Laplante, Corrina Brown. Transaction: change Endorsement: Effective 12-20-2002. Page 2).

23. The Master Insurance Auto Policy at page 4 of 18 under the heading "**Out of State Coverage**" at A 1.states as follows: 'If the state or province has' '1. a financial responsibility or similar law specifying limits of liability for bodily

injury or property damage higher than the limit shown in the Declarations, your policy will provide the **higher specified limit**."

24. The Master Auto Insurance Policy between the Plaintiff and Defendant provided coverage in all fifty states for uninsured, underinsured, medical payment and liability coverages whether or not the vehicles were principally garaged in Vermont or another State.
25. In the State of Rhode Island, where the Plaintiff was domiciled and his vehicles were garaged, and where he held uninsured insurance coverage, the domiciled persons of the State of Rhode Island who have insurance, "shall be permitted to collect up to the aggregate amount of coverage for all of the vehicles insured, <u>regardless of any language in the policy to the contrary</u>.".
26. James Laplante was domiciled in North Smithfield, Rhode Island and had his vehicles garaged in North Smithfield, Rhode Island from August 29, 2002 through the spring of 2003.
27. When James Laplante was domiciled in North Smithfield, Rhode Island and had his vehicles principally garaged in Rhode Island, the Defendant provide him automobile insurance coverage.
28. On June 15, 2004, Kathleen Ahearn, on letter head of OneBeacon Insurance wrote a letter to James Laplante with an enclosed payment of $5000 for medical payments under claim number OB600908Z-02-05, for a date of loss of February 23,2003 on Policy Number, YMZ263796 which indicated that such notice of such payment was done <u>pursuant to Rhode Island law.</u> Kathleen Ahearn of OneBeacon Insurance said as follows: "Rhode Island general law section 27, chapter 3,

subsection 5.1 requires that we inform that a check has been issued for the limits of your medical payments coverage of $5000.00 in this matter." (Attached as **Exhibit 2** to the Affidavit of James Laplante).

29. In mid 2005, after Joseph Laplante had filed a "93A" consumer complaint for misrepresentation in the State of Massachusetts, York Insurance Company of Maine, through its agent OneBeacon Insurance, paid Joseph Laplante under the liability coverage provisions of James Laplante's policy, the sum of three hundred thousand ($300,000.00) dollars for injuries he sustained as a passenger in the vehicle owned by James Laplante on February 23,2003. (Letter produced in Discovery).

30. Eventually, Joseph Laplante settled in his claim with the Defendant under the provisions of bodily liability coverage for the sum of $300,000 in the fall of September, 2005. See **Exhibits 32 through 39.** No claim was made against uninsured coverage.

**IV. Status of York Insurance Company of Maine.**

31. York Insurance Company of Maine is incorporated with its principal place of business in the State of Maine. (Answer of York Insurance Company of Maine, Paragraph 3. February 14, 2007).

32. York Insurance Company of Maine is licensed to issue auto insurance policies in full in three **(3)** states, Maine, Massachusetts, and Vermont, and in part in Connecticut. (See Exhibit National Association of Insurance Commissioners Report Attached hereto as Exhibit 4**2.)**

33. Dennis Smith is the Secretary of York Insurance Company of Maine. (Deposition of Dennis Smith, page 13 lines 9-10, February 21, 2006, C.A. 05-496ML).
34. York Insurance Company of Maine is a member of OneBeacon Insurance Group. (Deposition of Dennis Smith, page 11 lines 17 -18, February 21, 2006, C.A. 05-496ML).
35. OneBeacon Insurance Group operates in all fifty states. “Some companies are licensed in all fifty, some are licensed to one.”(Deposition of Dennis Smith, page 10 lines 1 -4, February 21, 2006, C.A. 05-496ML).(See **Exhibit 43**)
36. York Insurance Company of Maine is a wholly owned subsidiary of OneBeacon America Insurance Company, a Massachusetts Corporation. (Answer of York Insurance Company of Maine, Paragraph 3. February 14, 2007).
37. OneBeacon America Insurance Company is a wholly owned subsidiary of OneBeacon Insurance Company, A Pennsylvania Corporation. (Answer of York Insurance Company of Maine, Paragraph 3. February 14, 2007)
38. OneBeacon Insurance Company, a Pennsylvania Corporation, is in turn a wholly owned subsidiary of OneBeacon Insurance Group, LCC, which is a limited liability company, formed in the State of Delaware, with a principal place of business in Boston, Massachusetts. (See Answer of York Insurance Company of Maine, Paragraph 3. February 14, 2007; Deposition of Dennis Smith, page 11 lines 17 -18, February 21, 2006, C.A. 05-496ML.).
39. OneBeacon Insurance Company, a Pennsylvania Corporation, a wholly owned subsidiary of OneBeacon Insurance Group, LLC handled the adjustment of claims for York Insurance Company of Maine under a **ceding agreement of premiums**

**and claims with York Insurance of Maine** . (Answer of York Insurance Company of Maine to paragraph 9 of Plaintiff's Complaint, Paragraph 6, February 14, 2007), (Deposition of Dennis Smith, page 29, lines 6-12, February 21, 2006, C.A. 05-496ML).

40. OneBeacon Insurance Company principally operates the automobile insurance business in Massachusetts for the United States and is licensed to issue automobile policies in all fifty states of the United States.( **See Exhibit 39** Attached)

41. OneBeacon Insurance Company, a Pennsylvania Corporation, is a foreign corporation licensed to do business in the State of Rhode Island. (R.I. Department of Business Regulation).

42. York Insurance Company of Maine "reinsures 100 percent of its business with OneBeacon Insurance Company. (Deposition of Dennis Smith, page 17 lines 18-19, February 21, 2006, C.A. 05-496ML). "It's 100 percent reinsurance agreement by which York Insurance Company of Maine cedes 100 percent of its insurance business to OneBeacon Insurance Company, which in turns assumes all of that business in exchange for receipt of premiums and its handles the claims on policies written by York Insurance Company of Maine." (Deposition of Dennis Smith, page 29, lines 6-12, February 21, 2006, C.A. 05-496ML). "Cede is when an insurance company transfers some amount of some portion of its business to another, to a reinsuring company, which assumes that particular amount of the business." (Deposition of Dennis Smith, page 33, lines 11-14, February 21, 2006, C.A. 05-496ML).

43. York Insurance Company of Maine "ceded" its authority to adjust and pay its claims to OneBeacon Insurance Company, which has its principal office in Massachusetts, and is a licensed foreign insurer, subject to the laws of Rhode Island. (Deposition of Dennis Smith, page 11 lines 17 -18, February 21, 2006, C.A. 05-496ML).

44. OneBeacon Insurance Company utilizes standard copyrighted insurance coverage forms throughout the United States, such as those provided by OneInsurance Company for the use of York Insurance Company of Maine as part of ceding arrangement.(See Exhibit 1, ISO copyright and OneBeacon Logo).

45. OneBeacon Insurance Company has the authority to settle the claims of York Insurance Company of Maine."(Deposition of Dennis Smith, page 35,lines 1 -4, February 21, 2006, C.A. 05-496ML).

**V. Statutes of RI and Vermont Related To Uninsured and Underinsured Motorists**.

46. The automobile insurance policy forms utilized by the Defendant and its ceded agent, One Beacon Insurance, and its group, OneBeacon Insurance Group are designed for uniform use throughout the United States in conformance with the laws of all States, including the consumer protection laws of Vermont and Rhode Island relating to uninsured and underinsured coverage.

Respectfully Submitted,
Plaintiff'
By His Attorneys

______________________________

Keven A. McKenna, #662
Keven A. McKenna, P.C.
23 Acorn Street
Providence, R.I. 02903

401 273-8200 Tel
401 521-5820 Fax

Certification of Notice

I, the undersigned, hereby certify that on the 28th day of October 2007, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system; and that C.Russell Bengston, the Attorney for York Insurance Company of Maine, C. Russell Bengston, Carroll, Kelly & Murphy, Counselors at Law, One Turks Head Place, Suite 400, Providence, R.I. 02903 will receive notice through the ECF system and by direct email, rbengstson@CKMlaw.com.

(s)Keven A.McKenna____________________