# MASTER DRIVER AUTOMOBILE POLICY DECLARATIONS

OneBeacon INSURANCE

**POLICY NUMBER** YM-Z263796F

**COMPANY** YORK INSURANCE COMPANY OF MAINE

**NAMED INSURED**

CORRINA BROWN
JAMES S LAPLANTE
PO BOX 909
QUECHEE VT 05059

**POLICY PERIOD**

From 08-29-2002 to 08-29-2003
AT 12:01 AM STANDARD TIME

**YOUR AGENT IS**

4412004-00
FORD INSURANCE COMPANY
SUNSET FARM
WOODSTOCK VT 05091
(802) 457-1811

**TRANSACTION**

CHANGE ENDORSEMENT: EFFECTIVE 12-20-2002

**PAYMENT PLAN**

DIRECT BILLED

Includes Copyrighted Material of Insurance Services Office, Inc. with its permission.
Copyright, Insurance Services Office, Inc., 1988-2003

MD018

Dear Policyholder:

Please review this endorsement to your automobile policy and keep it with your YORK INSURANCE COMPANY OF MAINE papers.

A bill for premium adjustment, if any, is being sent to you separately.

Thank you for letting us be of service and if you have any questions, please contact FORD INSURANCE COMPANY at (802) 457-1811.

PLLTR

## CHANGE ENDORSEMENT

1878

Policy has been amended as follows:

**PREMIUM ADJUSTMENTS:** ADDITIONAL PREMIUM NONE

INFORMATION/COVERAGE CHANGE - GARAGE TERRITORY
SUBSTITUTION OF VEHICLE 18 FOR 16

MDCE

OneBeacon INSURANCE

## BASIC POLICY COVERAGES

| COVERAGES | LIMITS OF LIABILITY |
|---|---|
| BI LIABILITY - INCLUDES PROPERTY DAMAGE | $300,000 EACH ACCIDENT |
| MEDICAL PAYMENTS | $5,000 EACH PERSON |
| UNINSURED MOTORIST BODILY INJURY LIABILITY | $300,000 EACH ACCIDENT |
| UNINSURED MOTORIST PROPERTY DAMAGE | INCLUDED IN UNINSURED MOTORIST LIABILITY |
| UNDERINSURED MOTORIST LIABILITY | INCLUDED IN UNINSURED MOTORIST LIABILITY |

*Please refer to the following sections for detailed information on vehicles, operators, and deductibles.*

MDD2

## ATTACHMENTS

The following Forms, Endorsements and Exceptions to Conditions are part of this policy at the time of issuance. **Please read them carefully.**

| FORM NO. | TITLE | VEHICLE FILE NO. | CREDIT | PREMIUM |
|---|---|---|---|---|
| G130070995 | PERSONAL AUTO POLICY AND ENDORSEMENTS | | | |
| G112440302 | VERMONT PERSONAL AUTO COMPOSITE ENDORSEMENT | | | |
| G135770101 | VERMONT CHANGES: PROPERTY/CASUALTY - CIVIL UNION | | | |

MDD3

## YOUR COVERED AUTO 1: 1994 JEEP CHEROKEE - FILE NO. 12

| IDENTIFICATION NO. | CLASSIFICATION | USAGE | MILES ONE WAY | TIMES PER WEEK | CAR POOL |
|---|---|---|---|---|---|
| 1J4FJ68S0RL167786 | 811220 | COMMUTE | 5 | 5 | N |

**MFG**

| SYMBOL | COST NEW | PRINCIPAL OPERATOR NO | NAME |
|---|---|---|---|
| 13 | | 13 | CORRINA |

**ALTERNATE GARAGE LOCATION**

HARTLAND VT 05048

**EST. ANN'L MILEAGE** 10,000
**PERFORMANCE** STD

**COVERAGES**

| | |
|---|---|
| DAMAGE TO YOUR AUTO | |
| OTHER THAN COLLISION | A.C.V. |
| DEDUCTIBLE | $100 |
| COLLISION | A.C.V. |
| DEDUCTIBLE | $250 |
| TOWING | NONE |

**LOSS PAYEE**

CHASE MANHATTEN BANK
PO BOX 5210
NEW HYDE PARK NY 11042

(ACV Means Actual Cash Value)

MDD4

OneBeacon INSURANCE

## YOUR COVERED TRAILER 2: 1988 WILDERNESS CAMP - FILE NO. 13

***IDENTIFICATION NO.*** 1ED1R2925J5325862
***CLASSIFICATION*** 941000
***USAGE*** PLEASURE
***MFG***
***SYM-BOL*** 08 ***COST NEW*** $5,000
***PRINCIPAL OPERATOR NO*** ***NAME***
***ALTERNATE GARAGE LOCATION*** HARTLAND VT 05048
***EST. ANN'L MILEAGE***
***PERFORMANCE*** STD

***COVERAGES***

| | |
|---|---|
| DAMAGE TO YOUR AUTO | |
| OTHER THAN COLLISION | $5,000 |
| DEDUCTIBLE | NONE |
| COLLISION | $5,000 |
| DEDUCTIBLE | $250 |
| TOWING | NONE |

(ACV Means Actual Cash Value)

MDD4

## YOUR COVERED TRUCK 3: 1978 FORD F378 - FILE NO. 18

***IDENTIFICATION NO.*** F37SECA1115
***CLASSIFICATION*** 81112W
***USAGE*** PLEASURE
***MFG*** 05
***SYM-BOL*** ***COST NEW***
***PRINCIPAL OPERATOR NO*** 14 ***NAME*** JAMES
***ALTERNATE GARAGE LOCATION*** HARTLAND VT 05048
***EST. ANN'L MILEAGE***
***PERFORMANCE*** STD

***COVERAGES***

| | |
|---|---|
| DAMAGE TO YOUR AUTO | |
| OTHER THAN COLLISION | NONE |
| DEDUCTIBLE | |
| COLLISION | NONE |
| DEDUCTIBLE | |
| TOWING | NONE |

(ACV Means Actual Cash Value)

MDD4

## YOUR COVERED AUTO 4: 1985 SUBARU STANDARD - FILE NO. 17

***IDENTIFICATION NO.*** JF1AF21B7FA113032
***CLASSIFICATION*** 811820
***USAGE*** BUSINESS
***MFG***
***SYM-BOL*** ***COST NEW***
***PRINCIPAL OPERATOR NO*** 14 ***NAME*** JAMES
***ALTERNATE GARAGE LOCATION*** HARTLAND VT 05048
***EST. ANN'L MILEAGE*** 10,000
***PERFORMANCE*** STD

***COVERAGES***

| | |
|---|---|
| DAMAGE TO YOUR AUTO | |
| OTHER THAN COLLISION | NONE |
| DEDUCTIBLE | |
| COLLISION | NONE |
| DEDUCTIBLE | |
| TOWING | NONE |

(ACV Means Actual Cash Value)

MDD4

1879

OneBeacon INSURANCE

## OPERATORS AND NON-OPERATORS

| FILE NO. | NAME | OPER (Y/N) | DATE OF BIRTH | SEX (M/F) | MAR-RIED | LICENSE INFORMATION STATE | NUMBER | FIRST LIC. | CREDITS AND DISCOUNTS GOOD STU. | STU AWAY | DRV. TRN. | DEF. DRIVER DATE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 13 | CORRINA BROWN | Y | 07-10-66 | F | S | VT | 71176720 | 07-1982 | N | N | N | |
| 14 | JAMES LAPLAN | Y | 09-04-71 | M | S | VT | 21873870 | 09-1987 | N | N | N | |

MDD5

## PREMIUM INFORMATION

| FILE NO. | LIAB. | P.D. | P.I.P. | ADD'L P.I.P. | MEDICAL PAYMENTS | U.M. | UND. INS. | OTHER THAN COLLISION | COLLISION | CUSTOM. | TOWING | VEHICLE PREMIUM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12 | $181 | | | | $12 | $60 | INCLD | $139 | $319 | | | $711.00 |
| 13 | | | | | | | | $50 | $32 | | | $82.00 |
| 18 | $171 | | | | $12 | $60 | INCLD | | | | | $243.00 |
| 17 | $238 | | | | $17 | $60 | INCLD | | | | | $315.00 |

***PREMIUM / CREDIT SUMMARY:*** (Included in the Total Automobile Premium) TOTAL POLICY PREMIUM $1,351.00

ADDITIONAL PREMIUM IS NONE
* * * SAFE DRIVING PAYS. THIS POLICY INCLUDES A $174.00 CLAIM FREE DISCOUNT * * *

MDD7

## RATING DATA

| RATE PLAN | RISK STATE | TERRITORY | TAX TERRITORY | ALT. GARAGE TERRITORY | ALT. GARAGE TAX TERRITORY |
|---|---|---|---|---|---|
| 02 PRF | VERMONT | 024 | | 024 | |

RATING DATE
07-09-2002

***ACCIDENTS AND CONVICTIONS***

| OPER NO. | CODE | PTS. | DATE | OPER NO. | CODE | PTS. | DATE | OPER NO. | CODE | PTS. | DATE | OPER NO. | CODE | PTS. | DATE | MORE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | 1 | 1 | 01-23-01 | | | | | | | | | | | | | N |

MDD8

G208020699

POLICY NUMBER: YM-Z263796F PO
AGENT NUMBER: 4412004-00 EN

***INSURED'S COPY***

TERM: 08-29-2002 to 08-29-2003
PROCESS DATE: 01-02-2003

# MASTER DRIVER AUTOMOBILE POLICY DECLARATIONS

OneBeacon INSURANCE

**POLICY NUMBER** YM-Z263796F

**COMPANY** CU YORK INSURANCE COMPANY

**POLICY PERIOD**

From 08-29-2002 to 08-29-2003
AT 12:01 AM STANDARD TIME

**NAMED INSURED**

CORRINA BROWN
JAMES S LAPLANTE
PO BOX 909
QUECHEE VT 05059

**YOUR AGENT IS**

4412004-00
FORD INSURANCE COMPANY
SUNSET FARM
WOODSTOCK VT 05091
(802) 457-1811

**TRANSACTION**

CHANGE ENDORSEMENT: EFFECTIVE 07-25-2002

**PAYMENT PLAN**

DIRECT BILLED

Includes Copyrighted Material of Insurance Services Office, Inc. with its permission.
Copyright, Insurance Services Office, Inc., 1988-2003

MDD1B

Dear Policyholder:

Please review this endorsement to your automobile policy and keep it with your CU YORK INSURANCE COMPANY papers.

A bill for premium adjustment, if any, is being sent to you separately.

Thank you for letting us be of service and if you have any questions, please contact FORD INSURANCE COMPANY at (802) 457-1811.

PLLTR

## CHANGE ENDORSEMENT

Policy has been amended as follows:

2737

**PREMIUM ADJUSTMENTS:** RETURN PREMIUM $326.00

INFORMATION/COVERAGE CHANGE - OPERATOR 13
INFORMATION/COVERAGE CHANGE - OPERATOR 14
DELETION OF VEHICLE 15

MDDE

OneBeacon INSURANCE

## BASIC POLICY COVERAGES

| COVERAGES | LIMITS OF LIABILITY |
|---|---|
| BI LIABILITY - INCLUDES PROPERTY DAMAGE | $300,000 EACH ACCIDENT |
| MEDICAL PAYMENTS | $5,000 EACH PERSON |
| UNINSURED MOTORIST BODILY INJURY LIABILITY | $300,000 EACH ACCIDENT |
| UNINSURED MOTORIST PROPERTY DAMAGE | INCLUDED IN UNINSURED MOTORIST LIABILITY |
| UNDERINSURED MOTORIST LIABILITY | INCLUDED IN UNINSURED MOTORIST LIABILITY |

*Please refer to the following sections for detailed information on vehicles, operators, and deductibles.*

MDD2

## ATTACHMENTS

The following Forms, Endorsements and Exceptions to Conditions are part of this policy at the time of issuance. **Please read them carefully.**

| FORM NO. | TITLE | VEHICLE FILE NO. | CREDIT | PREMIUM |
|---|---|---|---|---|
| G130070995 | PERSONAL AUTO POLICY AND ENDORSEMENTS | | | |
| G112440302 | VERMONT PERSONAL AUTO COMPOSITE ENDORSEMENT | | | |
| G135770101 | VERMONT CHANGES: PROPERTY/CASUALTY - CIVIL UNION | | | |

MDD3

## YOUR COVERED AUTO 1: 1994 JEEP CHEROKEE - FILE NO. 12

| IDENTIFICATION NO. | CLASSIFICATION | USAGE | MILES ONE WAY | TIMES PER WEEK | CAR POOL |
|---|---|---|---|---|---|
| 1J4FJ68S0RL167786 | 811220 | COMMUTE | 5 | 5 | N |

**MFG**

| SYM-BOL | COST NEW | PRINCIPAL OPERATOR NO | NAME |
|---|---|---|---|
| 13 | | 13 | CORRINA |

**ALTERNATE GARAGE LOCATION**

HARTLAND VT 05059

**EST. ANN'L MILEAGE** 10,000
**PERFORMANCE** STD

**COVERAGES**

| | |
|---|---|
| DAMAGE TO YOUR AUTO | |
| OTHER THAN COLLISION | A.C.V. |
| DEDUCTIBLE | $100 |
| COLLISION | A.C.V. |
| DEDUCTIBLE | $250 |
| TOWING | NONE |

**LOSS PAYEE**

CHASE MANHATTEN BANK
PO BOX 5210
NEW HYDE PARK NY 11042

(ACV Means Actual Cash Value)

MDD4

G208020699

OneBeacon INSURANCE

## YOUR COVERED TRAILER 2: 1988 WILDERNESS CAMP - FILE NO. 13

| IDENTIFICATION NO. | CLASSIFICATION | USAGE |
|---|---|---|
| 1ED1R2925J5325862 | 941000 | PLEASURE |

**MFG**

**ALTERNATE GARAGE LOCATION**

HARTLAND VT 05059

| SYM-BOL | COST NEW | PRINCIPAL OPERATOR NO | NAME |
|---|---|---|---|
| 08 | $5,000 | | |

**EST. ANN'L MILEAGE**

**PERFORMANCE** STD

**COVERAGES**

| | |
|---|---|
| DAMAGE TO YOUR AUTO | |
| OTHER THAN COLLISION | $5,000 |
| DEDUCTIBLE | NONE |
| COLLISION | $5,000 |
| DEDUCTIBLE | $250 |
| TOWING | NONE |

(ACV Means Actual Cash Value)

MDD4

## YOUR COVERED TRUCK 3: 1985 FORD ECONOLIN - FILE NO. 16

| IDENTIFICATION NO. | CLASSIFICATION | USAGE |
|---|---|---|
| 2FTHS36G4FCA27372 | 81112W | PLEASURE |

**MFG** 01

**ALTERNATE GARAGE LOCATION**

HARTLAND VT 05059

| SYM-BOL | COST NEW | PRINCIPAL OPERATOR NO | NAME |
|---|---|---|---|
| | | 14 | JAMES |

**EST. ANN'L MILEAGE**

**PERFORMANCE** STD

**COVERAGES**

| | |
|---|---|
| DAMAGE TO YOUR AUTO | |
| OTHER THAN COLLISION | NONE |
| DEDUCTIBLE | |
| COLLISION | NONE |
| DEDUCTIBLE | |
| TOWING | NONE |

(ACV Means Actual Cash Value)

MDD4

## OPERATORS AND NON-OPERATORS

| FILE NO. | NAME | OPER (Y/N) | DATE OF BIRTH | SEX (M/F) | MAR-RIED | LICENSE INFORMATION: STATE | NUMBER | FIRST LIC. | CREDITS AND DISCOUNTS: GOOD STU. | STU AWAY | DRV. TRN. | DEF. DRIVER DATE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 13 | CORRINA BROWN | Y | 07-10-66 | F | S | VT | 71176720 | 07-1982 | N | N | N | |
| 14 | JAMES LAPLAN | Y | 09-04-71 | M | S | VT | 21873870 | 09-1987 | N | N | N | |

2738

MDD5

OneBeacon INSURANCE

## PREMIUM INFORMATION

| FILE NO. | LIAB. | P.D. | P.I.P. | ADD'L P.I.P. | MEDICAL PAYMENTS | U.M. | UND. INS. | OTHER THAN COLLISION | COLLISION | CUSTOM. | TOWING | VEHICLE PREMIUM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12 | $181 | | | | $12 | $60 | INCLD | $139 | $319 | | | $711.00 |
| 13 | | | | | | | | $50 | $32 | | | $82.00 |
| 16 | $171 | | | | $12 | $60 | INCLD | | | | | $243.00 |

***PREMIUM / CREDIT SUMMARY:*** (Included in the Total Automobile Premium) TOTAL POLICY PREMIUM $1,036.00

RETURN PREMIUM IS $326.00
* * * SAFE DRIVING PAYS. THIS POLICY INCLUDES A $131.00 CLAIM FREE DISCOUNT * * *

MDD7

## RATING DATA

| RATE PLAN | RISK STATE | TERRITORY | TAX TERRITORY | ALT. GARAGE TERRITORY | ALT. GARAGE TAX TERRITORY |
|---|---|---|---|---|---|
| 02 PRF | VERMONT | 024 | | 024 | |

RATING DATE
07-09-2002

***ACCIDENTS AND CONVICTIONS***

| OPER NO. | CODE | PTS. | DATE | OPER NO. | CODE | PTS. | DATE | OPER NO. | CODE | PTS. | DATE | OPER NO. | CODE | PTS. | DATE | MORE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | 1 | 1 | 01-23-01 | | | | | | | | | | | | | N |

MDD8

G208020699

POLICY NUMBER: YM-Z263796F PO
AGENT NUMBER: 4412004-00 EN

***INSURED'S COPY***

TERM: 08-29-2002 to 08-29-2003
PROCESS DATE: 08-22-2002

# QUICK REFERENCE

**"READ YOUR POLICY CAREFULLY.** This cover sheet provides only a brief outline of some of the important features of your policy. This is not the insurance contract and only the actual policy provisions will control. The policy itself sets forth, in detail, the rights and obligations of both you and your insurance company. IT IS THEREFORE IMPORTANT THAT YOU READ YOUR POLICY CAREFULLY."


| | Page |
|---|---|
| ***AGREEMENT*** | 1 |
| ***DEFINITIONS*** | 1 |
| ***PART A — LIABILITY COVERAGE*** | 2 |
| Insuring Agreement | |
| Supplementary Payments | |
| Exclusions | |
| Single Limit of Liability | |
| Split Limit of Liability | |
| Out of State Coverage | |
| Financial Responsibility | |
| Other Insurance | |
| ***PART B — MEDICAL PAYMENTS COVERAGE*** | 4 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| ***PART C — UNINSURED MOTORISTS COVERAGE*** | 5 |
| Insuring Agreement | |
| Exclusions | |
| Single Limit of Liability | |
| Split Limit of Liability | |
| Other Insurance | |
| Arbitration | |
| ***PART D — COVERAGE FOR DAMAGE TO YOUR AUTO*** | 6 |
| Insuring Agreement | |
| Transportation Expenses | |
| Exclusions | |
| Limit of Liability | |
| Payment of Loss | |
| No Benefit to Bailee | |
| Other Sources of Recovery | |
| Appraisal | |
| ***PART E — DUTIES AFTER AN ACCIDENT OR LOSS*** | 9 |
| General Duties | |
| Additional Duties for Uninsured Motorists Coverage | |
| Additional Duties for Coverage for Damage to Your Auto | |
| ***PART F — GENERAL PROVISIONS*** | 9 |
| Bankruptcy | |
| Changes | |
| Fraud | |
| Legal Action Against Us | |
| Our Right to Recover Payment | |
| Policy Period and Territory | |
| Termination | |
| Transfer of Your Interest in this Policy | |
| Two or More Auto Policies | |
| Premium | |
| ***ENDORSEMENTS*** | 10 |
| Underinsured Motorists Coverage | |
| Split Underinsured Motorist Limits | |
| Federal Employees Using Autos in Government Business | |
| Increased Limits Transportation Expenses Coverage | |
| Towing and Labor Costs Coverage | |
| Loss Payable Clause | |
| Extended Non-Owned Coverage for Named Individual | |
| Coverage for Damage to Your Auto (Maximum Limit of Liability) | |
| Coverage for Audio, Visual and Data Electronic Equipment and Tapes, Records, Discs and Other Media | |
| Customizing Equipment Coverage | |
| Additional Insured — Lessor | |
| Mexico Coverage | |
| Joint Ownership Coverage | |
| Auto Loan/Lease Coverage | |
| Auto Security Plus Endorsement | |


## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:

## DEFINITIONS

A. Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations; and
2. The spouse if a resident of the same household.

B. "We", "us" and "our" refer to the Company providing this insurance.

C. For purposes of this policy, a private passenger type auto shall be deemed to be owned by a person if leased:

1. Under a written agreement to that person; and
2. For a continuous period of at least 6 months.

Other words and phrases are defined. They are in quotation marks or bolded when used.

D. **"Bodily injury"** means bodily harm, sickness or disease, including death that results.

E. **"Business"** includes trade, profession or occupation.

Case 1:07-cv-00062-ML-DLM Document 21-4 Filed 09/29/2007 Page 10 of 38


F. **"Family member"** means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

G. **"Occupying"** means in, upon, getting in, on, out or off.

H. **"Property damage"** means physical injury to, destruction of or loss of use of tangible property.

I. **"Trailer"** means a vehicle designed to be pulled by a:

1. Private passenger auto; or
2. Pickup or van.

It also means a farm wagon or farm implement while towed by a vehicle listed in **1.** or **2.** above.

J. **"Your covered auto"** means:

1. Any vehicle shown in the Declarations.
2. Any of the following types of vehicles on the date you become the owner:
   a. A private passenger auto; or
   b. A pickup or van that:
      **(1)** Has a Gross Vehicle Weight of less than 10,000 lbs.; and
      **(2)** Is not used for the delivery or transportation of goods and materials unless such use is:
         **(a)** Incidental to your **"business"** of installing, maintaining or repairing furnishings or equipment; or
         **(b)** For farming or ranching.

   This provision (**J.2.**) applies only if:
   a. You acquire the vehicle during the policy period;
   b. You ask us to insure it within 30 days after you become the owner; and
   c. With respect to a pickup or van, no other insurance policy provides coverage for that vehicle.

   If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced. You must ask us to insure a replacement vehicle within 30 days only if you wish to add or continue Coverage for Damage to Your Auto.

   If the vehicle you acquire is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations.
3. Any **"trailer"** you own.
4. Any auto or **"trailer"** you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:
   a. Breakdown; b. Repair;
   c. Servicing; d. Loss;or
   e. Destruction.

This provision (**J.4.**) does not apply to Coverage for Damage to Your Auto.

## PART A — LIABILITY COVERAGE

### INSURING AGREEMENT

A. We will pay damages for **"bodily injury"** or **"property damage"** for which any **"insured"** becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the **"insured"**. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **"bodily injury"** or **"property damage"** not covered under this policy.

B. **"Insured"** as used in this Part means:

1. You or any **"family member"** for the ownership, maintenance or use of any auto or **"trailer"**.
2. Any person using **"your covered auto"**.
3. For **"your covered auto"**, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.
4. For any auto or **"trailer"**, other than **"your covered auto"**, any other person or organization but only with respect to legal responsibility for acts or omissions of you or any **"family member"** for whom coverage is afforded under this Part. This provision (**B.4.**) applies only if the person or organization does not own or hire the auto or **"trailer"**.

### SUPPLEMENTARY PAYMENTS

In addition to our limit of liability, we will pay on behalf of an **"insured"**:

1. Up to $250 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in **"bodily injury"** or **"property damage"** covered under this policy.
2. Premiums on appeal bonds and bonds to release attachments in any suit we defend.
3. Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.
4. Up to $50 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.
5. Other reasonable expenses incurred at our request.

### EXCLUSIONS

A. We do not provide Liability Coverage for any **"insured"**:

1. Who intentionally causes **"bodily injury"** or **"property damage"**.
2. For **"property damage"** to property owned or being transported by that **"insured"**.
3. For **"property damage"** to property:
   a. Rented to; b. Used by; or
   c. In the care of;
   that **"insured"**.
   This exclusion (**A.3.**) does not apply to **"property damage"** to a residence or private garage.
4. For **"bodily injury"** to an employee of that **"insured"** during the course of employment. This exclusion (**A.4.**) does not apply to **"bodily injury"** to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.
5. For that **"insured's"** liability arising out of the ownership or operation of a vehicle while it is being used as

a public or livery conveyance. This exclusion (**A.5.**) does not apply to a share the expense car pool.

6. While employed or otherwise engaged in the "**business**" of:
   a. Selling; b. Repairing;
   c. Servicing; d. Storing; or
   e. Parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion (**A.6.**) does not apply to the ownership, maintenance or use of "**your covered auto**" by:
   a. You;
   b. Any "**family member**"; or
   c. Any partner, agent or employee of you or any "**family member**".
7. Maintaining or using any vehicle while that "**insured**" is employed or otherwise engaged in any "**business**" (other than farming or ranching) not described in exclusion **A.6.**

   This exclusion (**A.7.**) does not apply to the maintenance or use of a:
   a. Private passenger auto; b. Pickup or van that:
      (1) You own; or
      (2) You do not own while used as a temporary substitute for "**your covered auto**" which is out of normal use because of its:
         a. Breakdown; b. Repair;
         c. Servicing; d. Loss; or
         e. Destruction; or
   c. "**Trailer**" used with a vehicle described in **a.** or **b.** above.
8. Using a vehicle without a reasonable belief that that "**insured**" is entitled to do so.
9. For "**bodily injury**" or "**property damage**" for which that "**insured**":
   a. Is an insured under a nuclear energy liability policy; or
   b. Would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

   A nuclear energy liability policy is a policy issued by any of the following or their successors:
   a. American Nuclear Insurers;
   b. Mutual Atomic Energy Liability Underwriters; or
   c. Nuclear Insurance Association of Canada.

B. We do not provide Liability Coverage for the ownership, maintenance or use of:
   1. Any vehicle which:
      a. Has fewer than four wheels; or
      b. Is designed mainly for use off public roads.

      This exclusion (**B.1.**) does not apply:
      a. While such vehicle is being used by an "**insured**" in a medical emergency; or
      b. To any "**trailer**".
   2. Any vehicle, other than "**your covered auto**", which is:
      a. Owned by you; or
      b. Furnished or available for your regular use.
   3. Any vehicle, other than "**your covered auto**", which is:
      a. Owned by any "**family member**"; or
      b. Furnished or available for the regular use of any "**family member**".

      However, this exclusion (**B.3.**) does not apply to you while you are maintaining or "**occupying**" any vehicle which is:
      a. Owned by a "**family member**"; or
      b. Furnished or available for the regular use of a "**family member**".
   4. Any vehicle, located inside a facility designed for racing, for the purpose of:
      a. Competing in; or b. Practicing or preparing for;

      any prearranged or organized racing or speed contest.

If the limit of liability shown in the Declarations for this coverage is for combined bodily injury and property damage liability, the following Single Limit of Liability provision applies.

***SINGLE LIMIT OF LIABILITY***

A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:
   1. "**Insureds**";
   2. Claims made;
   3. Vehicles or premiums shown in the Declarations; or
   4. Vehicles involved in the auto accident.
B. We will apply the limit of liability to provide any separate limits required by law for bodily injury and property damage liability. However, this provision (**B.**) will not change our total limit of liability.
C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:
   1. Part **B** or Part **C** of this policy; or
   2. Any Underinsured Motorists Coverage provided by this policy.

***SPLIT LIABILITY LIMITS***

PP 03 09 04 86

If separate limits of liability for bodily injury liability and property damage liability are shown in the Declarations for this coverage, paragraph **A.** of the Single Limit of Liability provision above is replaced by the following:

***SPLIT LIMIT OF LIABILITY***

The limit of liability shown in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "**bodily injury**" sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for "**bodily injury**" resulting from any one auto accident. The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all damages to all

OneBeacon INSURANCE

"**property damage**" resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. "**Insureds**";
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the auto accident.

***OUT OF STATE COVERAGE***

If an auto accident to which this policy applies occurs in any state or province other than the one in which "**your covered auto**" is principally garaged, we will interpret your policy for that accident as follows:

A. If the state or province has:
   1. A financial responsibility or similar law specifying limits of liability for "**bodily injury**" or "**property damage**" higher than the limit shown in the Declarations, your policy will provide the higher specified limit.
   2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

B. No one will be entitled to duplicate payments for the same elements of loss.

***FINANCIAL RESPONSIBILITY***

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

***OTHER INSURANCE***

If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

***PART B — MEDICAL PAYMENTS COVERAGE***

***INSURING AGREEMENT***

A. We will pay reasonable expenses incurred for necessary medical and funeral services because of "**bodily injury**":
   1. Caused by accident; and
   2. Sustained by an "**insured**".

   We will pay only those expenses incurred for services rendered within 3 years from the date of the accident.

B. "**Insured**" as used in this Part means:
   1. You or any "**family member**":
      a. While "**occupying**"; or
      b. As a pedestrian when struck by;

      a motor vehicle designed for use mainly on public roads or a trailer of any type.
   2. Any other person while "**occupying**" "**your covered auto**".

***EXCLUSIONS***

We do not provide Medical Payments Coverage for any "**insured**" for "**bodily injury**":

1. Sustained while "**occupying**" any motorized vehicle having fewer than four wheels.
2. Sustained while "**occupying**" "**your covered auto**" when it is being used as a public or livery conveyance. This exclusion (**2.**) does not apply to a share-the-expense car pool.
3. Sustained while "**occupying**" any vehicle located for use as a residence or premises.
4. Occurring during the course of employment if workers' compensation benefits are required or available for the "**bodily injury**".
5. Sustained while "**occupying**", or when struck by, any vehicle (other than "**your covered auto**") which is:
   a. Owned by you; or
   b. Furnished or available for your regular use.
6. Sustained while "**occupying**", or when struck by, any vehicle (other than "**your covered auto**") which is:
   a. Owned by any "**family member**"; or
   b. Furnished or available for the regular use of any "**family member**".

   However, this exclusion (**6.**) does not apply to you.
7. Sustained while "**occupying**" a vehicle without a reasonable belief that that "**insured**" is entitled to do so.
8. Sustained while "**occupying**" a vehicle when it is being used in the "**business**" of an "**insured**". This exclusion (**8.**) does not apply to "**bodily injury**" sustained while "**occupying**" a:
   a. Private passenger auto;
   b. Pickup or van that you own; or
   c. "**Trailer**" used with a vehicle described in **a.** or **b.** above.
9. Caused by or as a consequence of:
   a. Discharge of a nuclear weapon (even if accidental);
   b. War (declared or undeclared);
   c. Civil war;
   d. Insurrection; or
   e. Rebellion or revolution.
10. From or as a consequence of the following, whether controlled or uncontrolled or however caused:
   a. Nuclear reaction; b. Radiation; or
   c. Radioactive contamination.
11. Sustained while "**occupying**" any vehicle located inside a facility designed for racing, for the purpose of:
   a. Competing in; or b. Practicing or preparing for;

   any prearranged or organized racing or speed contest.

***LIMIT OF LIABILITY***

A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:
   1. "**Insureds**";
   2. Claims made;
   3. Vehicles or premiums shown in the Declarations; or
   4. Vehicles involved in the accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:
   1. Part **A** or Part **C** of this policy; or

2. Any Underinsured Motorists Coverage provided by this policy.

***OTHER INSURANCE***

If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

## PART C — UNINSURED MOTORISTS COVERAGE

***INSURING AGREEMENT***

A. We will pay compensatory damages which an **"insured"** is legally entitled to recover from the owner or operator of an **"uninsured motor vehicle"** because of **"bodily injury"**:
   1. Sustained by an **"insured"**; and
   2. Caused by an accident.

   The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **"uninsured motor vehicle"**.

   Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

B. **"Insured"** as used in this Part means:
   1. You or any **"family member"**.
   2. Any other person **"occupying" "your covered auto"**.
   3. Any person for damages that person is entitled to recover because of **"bodily injury"** to which this coverage applies sustained by a person described in **1.** or **2.** above.

C. **"Uninsured motor vehicle"** means a land motor vehicle or trailer of any type:
   1. To which no bodily injury liability bond or policy applies at the time of the accident.
   2. To which a bodily injury liability bond or policy applies at the time of the accident. In this case its limit for bodily injury liability must be less than the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which **"your covered auto"** is principally garaged.
   3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:
      a. You or any **"family member"**;
      b. A vehicle which you or any **"family member"** are **"occupying"**; or
      c. **"Your covered auto"**.
   4. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:
      a. Denies coverage; or b. Is or becomes insolvent.

   However, **"uninsured motor vehicle"** does not include any vehicle or equipment:
   1. Owned by or furnished or available for the regular use of you or any **"family member"**.
   2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.
   3. Owned by any governmental unit or agency.
   4. Operated on rails or crawler treads.
   5. Designed mainly for use off public roads while not on public roads.
   6. While located for use as a residence or premises.

***EXCLUSIONS***

A. We do not provide Uninsured Motorists Coverage for **"bodily injury"** sustained:
   1. By an **"insured"** while **"occupying"**, or when struck by, any motor vehicle owned by that **"insured"** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.
   2. By any **"family member"** while **"occupying"**, or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

B. We do not provide Uninsured Motorists Coverage for **"bodily injury"** sustained by any **"insured"**:
   1. If that **"insured"** or the legal representative settles the **"bodily injury"** claim without our consent.
   2. While **"occupying" "your covered auto"** when it is being used as a public or livery conveyance. This exclusion (**B.2.**) does not apply to a share-the-expense car pool.
   3. Using a vehicle without a reasonable belief that that **"insured"** is entitled to do so.

C. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:
   1. Workers' compensation law; or
   2. Disability benefits law.

D. We do not provide Uninsured Motorists Coverage for punitive or exemplary damages.

If the limit of liability shown in the Declarations for this coverage is a single limit applicable for each accident, the following Single Limit of Liability provision applies.

***SINGLE LIMIT OF LIABILITY***

A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of:
   1. **"Insureds"**;
   2. Claims made;
   3. Vehicles or premiums shown in the Declarations; or
   4. Vehicles involved in the accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:
   1. Part **A** or Part **B** of this policy; or
   2. Any Underinsured Motorists Coverage provided by this policy.

C. We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

D. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:
   1. Workers' compensation law; or
   2. Disability benefits law.

**SPLIT UNINSURED MOTORISTS LIMITS**

PP 04 01 04 86

If separate limits of liability for each person and each accident are shown in the Declarations for this coverage, paragraph **A** of the Single Limit of Liability Provision above is replaced by the following:

**SPLIT LIMIT OF LIABILITY**

The limit of liability shown in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of **"bodily injury"** sustained by any one person in any one accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **"bodily injury"** resulting from any one accident. This is the most we will pay regardless of the number of:
1. **"Insureds"**;
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.

**OTHER INSURANCE**

If there is other applicable insurance available under one or more policies or provisions of coverage:
1. Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.
2. Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis.
3. If the coverage under this policy is provided:
   a. On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.
   b. On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

**ARBITRATION**

A. If we and an **"insured"** do not agree:
   1. Whether that **"insured"** is legally entitled to recover damages; or
   2. As to the amount of damages which are recoverable by that **"insured"**;

   from the owner or operator of an **"uninsured motor vehicle"**, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

   Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B. Each party will:
   1. Pay the expenses it incurs; and
   2. Bear the expenses of the third arbitrator equally.

C. Unless both parties agree otherwise, arbitration will take place in the county in which the **"insured"** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:
   1. Whether the **"insured"** is legally entitled to recover damages; and
   2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which **"your covered auto"** is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

**PART D — COVERAGE FOR DAMAGE TO YOUR AUTO**

**INSURING AGREEMENT**

A. We will pay for direct and accidental loss to **"your covered auto"** or any **"non-owned auto"**, including their equipment, minus any applicable deductible shown in the Declarations. If loss to more than one **"your covered auto"** or **"non-owned auto"** results from the same **"collision"**, only the highest applicable deductible will apply. We will pay for loss to **"your covered auto"** caused by:
   1. Other than **"collision"** only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.
   2. **"Collision"** only if the Declarations indicate that Collision Coverage is provided for that auto.

   If there is a loss to a **"non-owned auto"**, we will provide the broadest coverage applicable to any **"your covered auto"** shown in the Declarations.

B. **"Collision"** means the upset of **"your covered auto"** or a **"non-owned auto"** or their impact with another vehicle or object.

   Loss caused by the following is considered other than **"collision"**:
   1. Missiles or falling objects;
   2. Fire;
   3. Theft or larceny;
   4. Explosion or earthquake;
   5. Windstorm;
   6. Hail, water or flood;

7. Malicious mischief or vandalism;
8. Riot or civil commotion;
9. Contact with bird or animal; or
10. Breakage of glass.

If breakage of glass is caused by a **"collision"**, you may elect to have it considered a loss caused by **"collision"**.

C. **"Non-owned auto"** means:
1. Any private passenger auto, pickup, van or **"trailer"** not owned by or furnished or available for the regular use of you or any **"family member"** while in the custody of or being operated by you or any **"family member"**; or
2. Any auto or **"trailer"** you do not own while used as a temporary substitute for **"your covered auto"** which is out of normal use because of it:
   a. Breakdown;
   b. Repair;
   c. Servicing;
   d. Loss; or
   e. Destruction.

***TRANSPORTATION EXPENSES***

In addition, we will pay, without application of a deductible, up to $15 per day, to a maximum of $450, for:

1. Temporary transportation expenses incurred by you in the event of a loss to **"your covered auto"**. We will pay for such expenses if the loss is caused by:
   a. Other than **"collision"** only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.
   b. **"Collision"** only if the Declarations indicate that Collision Coverage is provided for that auto.
2. Loss of use expenses for which you become legally responsible in the event of loss to a **"non-owned auto"**. We will pay for loss of use expenses if the loss is caused by:
   a. Other than **"collision"** only if the Declarations indicate that Other Than Collision Coverage is provided for any **"your covered auto"**.
   b. **"Collision"** only if the Declarations indicate that Collision Coverage is provided for any **"your covered auto"**.

If the loss is caused by a total theft of **"your covered auto"** or a **"non-owned auto"**, we will pay only expenses incurred during the period:

1. Beginning 48 hours after the theft; and
2. Ending when **"your covered auto"** or the **"non-owned auto"** is returned to use or we pay for its loss.

If the loss is caused by other than theft of a **"your covered auto"** or a **"non-owned auto"**, we will pay only expenses beginning when the auto is withdrawn from use for more than 24 hours.

Our payment will be limited to that period of time reasonably required to repair or replace the **"your covered auto"** or the **"non-owned auto"**.

***EXCLUSIONS***

We you will not pay for:

1. Loss to **"your covered auto"** or any **"non-owned auto"** which occurs while it is being used as a public or livery conveyance. This exclusion (1.) does not apply to a share-the-expense car pool.
2. Damage due and confined to:
   a. Wear and tear;
   b. Freezing;
   c. Mechanical or electrical breakdown or failure; or
   d. Road damage to tires.

   This exclusion (2.) does not apply if the damage results from the total theft of **"your covered auto"** or any **"non-owned auto"**.
3. Loss due to or as a consequence of:
   a. Radioactive contamination;
   b. Discharge of any nuclear weapon (even if accidental);
   c. War (declared or undeclared);
   d. Civil war;
   e. Insurrection; or
   f. Rebellion or revolution.
4. Loss to:
   a. Any electronic equipment designed for the reproduction of sound, including, but not limited to:
      (1) Radios and stereos;
      (2) Tape decks; or
      (3) Compact disc players;
   b. Any other electronic equipment that receives or transmits audio, visual or data signals, including, but not limited to:
      (1) Citizens band radios;
      (2) Telephones;
      (3) Two-way mobile radios;
      (4) Scanning monitor receivers;
      (5) Television monitor receivers;
      (6) Video cassette recorders;
      (7) Audio cassette recorders; or
      (8) Personal computers;
   c. Tapes, records, discs, or other media used with equipment described in **a.** or **b.**; or
   d. Any other accessories used with equipment described in **a.** or **b.**

   This exclusion (**4.**) does not apply to:
   a. Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided:
      (1) The equipment is permanently installed in **"your covered auto"** or any **"non-owned auto"**; or
      (2) The equipment is:
         (a) Removable from a housing unit which is permanently installed in the auto;
         (b) Designed to be solely operated by use of the power from the auto's electrical system; and
         (c) In or upon **"your covered auto"** or any **"non-owned auto"**,

      at the time of the loss.
   b. Any other electronic equipment that is:

(1) Necessary for the normal operation of the auto or the monitoring of the auto's operating systems; or

(2) An integral part of the same unit housing any sound reproducing equipment described in **a.** and permanently installed in the opening of the dash or console of **"your covered auto"** or any **"non-owned auto"** normally used by the manufacturer for installation of a radio.

5. A total loss to **"your covered auto"** or any **"non-owned auto"** due to destruction or confiscation by governmental or civil authorities.

   This exclusion (**5.**) does not apply to the interests of Loss Payees in **"your covered auto"**.

6. Loss to a camper body or **"trailer"** you own which is not shown in the Declarations. This exclusion (**6.**) does not apply to a camper body or **"trailer"** you:
   a. Acquire during the policy period; and
   b. Ask us to insure within 30 days after you become the owner.

7. Loss to any **"non-owned auto"** when used by you or any **"family member"** without a reasonable belief that you or that **"family member"** are entitled to do so.

8. Loss to:
   a. Awnings or cabanas; or
   b. Equipment designed to create additional living facilities.

9. Loss to equipment designed or used for the detection or location of radar or laser.

10. Loss to any custom furnishings or equipment in or upon any pickup or van. Custom furnishings or equipment include but are not limited to:
   a. Special carpeting and insulation, furniture or bars;
   b. Facilities for cooking and sleeping;
   c. Height-extending roofs; or
   d. Custom murals, paintings or other decals or graphics.

11. Loss to any **"non-owned auto"** being maintained or used by any person while employed or otherwise engaged in the **"business"** of:
   a. Selling;
   b. Repairing;
   c. Servicing;
   d. Storing; or
   e. Parking;

   vehicles designed for use on public highways. This includes road testing and delivery.

12. Loss to any **"non-owned auto"** being maintained or used by any person while employed or otherwise engaged in any **"business"** not described in exclusion **11.** This exclusion (**12.**) does not apply to the maintenance or use by you or any **"family member"** of a **"non-owned auto"** which is a private passenger auto or **"trailer"**.

13. Loss to **"your covered auto"** or any **"non-owned auto"**, located inside a facility designed for racing, for the purpose of:
   a. Competing in; or
   b. Practicing or preparing for;

   any prearranged or organized racing or speed contest.

14. Loss to, or loss of use of, a **"non-owned auto"** rented by:
   a. You; or
   b. Any **"family member"**;

   if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **"family member"**, pursuant to the provisions of any applicable rental agreement or state law.

***LIMIT OF LIABILITY***

A. Our limit of liability for loss will be the lesser of the:
   1. Actual cash value of the stolen or damaged property;
   2. Amount necessary to repair or replace the property with other property of like kind and quality.

   However, the most we will pay for loss to any **"non-owned auto"** which is a trailer is $500.

B. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total loss.

C. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

***PAYMENT OF LOSS***

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:
1. You; or
2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

***NO BENEFIT TO BAILEE***

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

***OTHER SOURCES OF RECOVERY***

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a **"non-owned auto"** shall be excess over any other collectible source of recovery including, but not limited to:
1. Any coverage provided by the owner of the **"non-owned auto"**;
2. Any other applicable physical damage insurance;
3. Any other source of recovery applicable to the loss.

***APPRAISAL***

A. If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
   1. Pay its chosen appraiser; and
   2. Bear the expenses of the appraisal and umpire equally.

B. We do not waive any of our rights under this policy by agreeing to an appraisal.

### PART E — DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person seeking any coverage must:
1. Cooperate with us in the investigation, settlement or defense of any claim or suit.
2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.
3. Submit, as often as we reasonably require:
   a. To physical exams by physicians we select. We will pay for these exams.
   b. To examination under oath and subscribe the same.
4. Authorize us to obtain:
   a. Medical reports; and b. Other pertinent records.
5. Submit a proof of loss when required by us.

C. A person seeking Uninsured Motorists Coverage must also:
1. Promptly notify the police if a hit-and-run driver is involved.
2. Promptly send us copies of the legal papers if a suit is brought.

D. A person seeking Coverage for Damage to Your Auto must also:
1. Take reasonable steps after loss to protect **"your covered auto"** or any **"non-owned auto"** and their equipment from further loss. We will pay reasonable expenses incurred to do this.
2. Promptly notify the police if **"your covered auto"** or any **"non-owned auto"** is stolen.
3. Permit us to inspect and appraise the damaged property before its repair or disposal.

### PART F — GENERAL PROVISIONS

#### BANKRUPTCY

Bankruptcy or insolvency of the **"insured"** shall not relieve us of any obligations under this policy.

#### CHANGES

A. This policy contains all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

B. If there is a change to the information used to develop the policy premium, we may adjust your premium. Changes during the policy term that may result in a premium increase or decrease include, but are not limited to, changes in:
1. The number, type or use classification of insured vehicles;
2. Operators using insured vehicles;
3. The place of principal garaging of insured vehicles;
4. Coverage, deductible or limits.

If a change resulting from **A.** or **B.** requires a premium adjustment, we will make the premium adjustment in accordance with our manual rules.

C. If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This paragraph (**C.**) does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:
1. A subsequent edition of your policy; or
2. An Amendatory Endorsement.

#### FRAUD

We do not provide coverage for any **"insured"** who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

#### LEGAL ACTION AGAINST US

A. No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part **A**, no legal action may be brought against us until:
1. We agree in writing that the **"insured"** has an obligation to pay; or
2. The amount of that obligation has been finally determined by judgment after trial.

B. No person or organization has any right under this policy to bring us into any action to determine the liability of an **"insured"**.

#### OUR RIGHT TO RECOVER PAYMENT

A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:
1. Whatever is necessary to enable us to exercise our rights; and
2. Nothing after loss to prejudice them.

However, our rights in this paragraph (**A.**) do not apply under Part **D**, against any person using **"your covered auto"** with a reasonable belief that that person is entitled to do so.

B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:
1. Hold in trust for us the proceeds of the recovery; and
2. Reimburse us to the extent of our payment.

#### POLICY PERIOD AND TERRITORY

A. This policy applies only to accidents and losses which occur:
1. During the policy period as shown in the Declarations; and
2. Within the policy territory.

B. The policy territory is:
1. The United States of America, its territories or possessions;

2. Puerto Rico; or
3. Canada.

This policy also applies to loss to, or accidents involving, **"your covered auto"** while being transported between their ports.

***TERMINATION***

A. **Cancellation.** This policy may be cancelled during the policy period as follows:
   1. The named insured shown in the Declarations may cancel by:
      a. Returning this policy to us; or
      b. Giving us advance written notice of the date cancellation is to take effect.
   2. We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:
      a. At least 10 days notice:
         (1) If cancellation is for nonpayment of premium; or
         (2) If notice is mailed during the first 60 days this policy is in effect and this is not a renewal or continuation policy; or
      b. At least 20 days notice in all other cases.
   3 After this policy is in effect for 60 days, or if this is a renewal or continuation policy, we will cancel only:
      a. For nonpayment of premium; or
      b. If your driver's license or that of:
         (1) Any driver who lives with you; or
         (2) Any driver who customarily uses **"your covered auto"**;

         has been suspended or revoked. This must have occurred:
         (1) During the policy period; or
         (2) Since the last anniversary of the original effective date if the policy period is other than 1 year; or
      c. If the policy was obtained through material misrepresentation.

B. **Nonrenewal.** If we decide not to renew or continue this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 20 days before the end of the policy period. If the policy period is:
   1. Less than 6 months, we will have the right not to renew or continue this policy every 6 months, beginning 6 months after its original effective date.
   2. 1 year or longer, we will have the right not to renew or continue this policy at each anniversary of its original effective date.

C. **Automatic Termination.** If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

   If you obtain other insurance on **"your covered auto"**, any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

D. **Other Termination Provisions.**
   1. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.
   2. If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.
   3. The effective date of cancellation stated in the notice shall become the end of the policy period.

***TRANSFER OF YOUR INTEREST IN THIS POLICY***

A. Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:
   1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations; and
   2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **"your covered auto"**.

B. Coverage will only be provided until the end of the policy period.

***TWO OR MORE AUTO POLICIES***

If this policy and any other auto insurance policy issued to you by us apply to the same accident, the maximum limit of our liability under all the policies shall not exceed the highest applicable limit of liability under any one policy.

***PREMIUM***

The premium stated in the Declarations is the initial premium for this policy. On each renewal, continuation or anniversary of the effective date of this policy, the premium shall be computed by us in accordance with our manuals then in use.

***ENDORSEMENTS***

**THE FOLLOWING ENDORSEMENTS CHANGE THE POLICY. PLEASE READ THEM CAREFULLY.**

The following endorsement applies only if the declarations indicate a limit of liability for it.

***UNDERINSURED MOTORISTS COVERAGE***

PP 03 11 06 94

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

***INSURING AGREEMENT***

A. We will pay compensatory damages which an **"insured"** is legally entitled to recover from the owner or operator of an **"underinsured motor vehicle"** because of **"bodily injury"**:
   1. Sustained by an **"insured"**; and
   2. Caused by an accident.

   The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **"underinsured motor vehicle"**.

We will pay under this coverage only if **1.** or **2.** below applies:

1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or
2. A tentative settlement has been made between an **"insured"** and the insurer of the **"underinsured motor vehicle"** and we:
   a. Have been given prompt written notice of such tentative settlement: and
   b. Advance payment to the **"insured"** in an amount equal to the tentative settlement within 30 days after receipt of notification.

B. **"Insured"** as used in this endorsement means:

1. You or any **"family member"**.
2. Any other person **"occupying" "your covered auto"**.
3. Any person for damages that person is entitled to recover because of **"bodily injury"** to which this coverage applies sustained by a person described in **1.** or **2.** above.

C. **"Underinsured motor vehicle"** means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage.

However, **"underinsured motor vehicle"** does not include any vehicle or equipment:

1. To which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which **"your covered auto"** is principally garaged.
2. Owned by or furnished or available for the regular use of you or any **"family member"**.
3. Owned by any governmental unit or agency.
4. Operated on rails or crawler treads.
5. Designed mainly for use off public roads while not upon public roads.
6. While located for use as a residence or premises.
7. Owned or operated by a person qualifying as a self-insurer under any applicable motor vehicle law.
8. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:
   **a.** Denies coverage; or **b.** Is or becomes insolvent.

***EXCLUSIONS***

A. We do not provide Underinsured Motorists Coverage for **"bodily injury"** sustained:

1. By an **"insured"** while **"occupying"**, or when struck by, any motor vehicle owned by that **"insured"** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.
2. By any **"family member"** while **"occupying"**, or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

B. We do not provide Underinsured Motorists Coverage for **"bodily injury"** sustained by any **"insured"**:

1. While **"occupying" "your covered auto"** when it is being used as a public or livery conveyance. This exclusion (**B.1.**) does not apply to a share-the-expense car pool.
2. Using a vehicle without a reasonable belief that that **"insured"** is entitled to do so.

C. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

1. Workers' compensation law; or
2. Disability benefits law.

D. We do not provide Underinsured Motorists Coverage for punitive or exemplary damages.

If the limit of liability shown in the Declarations for this coverage is a single limit applicable for each accident the following Single Limit of Liability provision applies.

***SINGLE LIMIT OF LIABILITY***

A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of:

1. **"Insureds"**;
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.

However, the limit of liability shall be reduced by all sums paid because of the **"bodily injury"** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part **A** of this policy.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A**, Part **B** or Part **C** of this policy.

C. We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

D. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law;

1. Workers' compensation law; or
2. Disability benefits law.

***SPLIT UNDERINSURED MOTORISTS LIMITS***

PP 04 02 04 86

If separate limits of liability for each person and each accident are shown in the Declarations for this coverage, Paragraph **A.** of the Single Limit of Liability provision in the Underinsured Motorists Coverage Endorsement above is replaced by the following:

***SPLIT LIMIT OF LIABILITY***

The limit of liability shown in the Declarations for each person for Underinsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of **"bodily injury"** sustained by any one person in any one accident. Subject to this limit

for each person, the limit of liability shown in the Declarations for each accident for Underinsured Motorists Coverage is our maximum limit of liability for all damages for **"bodily injury"** resulting from any one accident. This is the most we will pay regardless of the number of:

1. **"Insureds"**;
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.

***OTHER INSURANCE***

If there is other applicable insurance available under one or more policies or provisions of coverage:

1. Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.
2. Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis.
3. If the coverage under this policy is provided:
   a. On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.
   b. On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

***ARBITRATION***

A. If we and an **"insured"** do not agree:
   1. Whether that **"insured"** is legally entitled to recover damages; or
   2. As to the amount of damages which are recoverable by that **"insured"**;

   from the owner or operator of an **"underinsured motor vehicle"**, then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated.

   Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B. Each party will:
   1. Pay the expenses it incurs; and
   2. Bear the expenses of the third arbitrator equally.

C. Unless both parties agree otherwise, arbitration will take place in the county in which the **"insured"** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:
   1. Whether the **"insured"** is legally entitled to recover damages; and
   2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which **"your covered auto"** is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

***ADDITIONAL DUTIES***

A person seeking coverage under this endorsement must also promptly:

1. Send us copies of the legal papers if a suit is brought; and
2. Notify us in writing of a tentative settlement between the **"insured"** and the insurer of the **"underinsured motor vehicle"** and allow us 30 days to advance payment to that **"insured"** in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such **"underinsured motor vehicle"**.

***GENERAL PROVISIONS***

The following is added to the Our Right To Recover Payment provision in Part **F**:

***OUR RIGHT TO RECOVER PAYMENT***

Our rights do not apply under Paragraph **A.** with respect to Underinsured Motorists Coverage if we:

1. Have been given prompt written notice of a tentative settlement between an **"insured"** and the insurer of an **"underinsured motor vehicle"**, and
2. Fail to advance payment to the **"insured"** in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the **"insured"** in an amount equal to the tentative settlement within 30 days after receipt of notification:

1. That payment will be separate from any amount the **"insured"** is entitled to recover under the provisions of Underinsured Motorists Coverage; and
2. We also have a right to recover the advanced payment.

---

The following endorsement applies to this policy if an employee of the U.S. Government uses an auto owned by you in the U.S. Government's business.

***FEDERAL EMPLOYEES USING AUTOS IN GOVERNMENT BUSINESS***

PP 03 01 08 86

The following are not **"insureds"** under Part **A**:

1. The United States of America or any of its agencies.
2. Any person with respect to **"bodily injury"** or **"property damage"** resulting from the operation of an auto by that person as an employee of the United States Government. This applies only if the provisions of Section 2679 of Title 28, United States Code as amended, require the Attorney

General of the United States to defend that person in any civil action which may be brought for the **"bodily injury"** or **"property damage"**.

The following endorsement applies to your policy only if the Declarations indicate a premium change for it.

***INCREASED LIMITS TRANSPORTATION EXPENSES COVERAGE***
PP 03 02 06 94

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by this endorsement.

***INCREASED LIMITS TRANSPORTATION EXPENSES COVERAGE***

When there is a loss to a **"your covered auto"** described in the Declarations for which a specific premium charge indicates that Increased Limits Transportation Expenses Coverage is afforded, or to a **"non-owned auto"**:

Coverage for Transportation Expenses Coverage provided under Part **D** of this policy is increased to $30 per day up to a maximum of $900.

The following endorsement applies only if the Declarations indicate a premium charge and limit of liability for it.

***TOWING AND LABOR COSTS COVERAGE***
PP 03 03 04 86

***SCHEDULE***

| Description of Your Covered Auto | Limit of Towing and Labor Costs Coverage | Premium |
|---|---|---|
| ***See Declarations*** | | |

We will pay towing and labor costs incurred each time **"your covered auto"** or any **"non-owned auto"** is disabled, up to the amount shown in the schedule or in the Declarations as applicable to that vehicle. If a **"non-owned auto"** is disabled, we will provide the broadest towing and labor costs coverage applicable to any **"your covered auto"** shown in the Schedule or in the Declarations. We will only pay for labor performed at the place of disablement.

The following endorsement applies to this policy.

***LOSS PAYABLE CLAUSE***
PP 03 05 08 86

Loss or damage under this policy shall be paid, as interest may appear, to you and the loss payee shown in the Declarations. This insurance with respect to the interest of the loss payee, shall not become invalid because of your fraudulent acts or omissions unless the loss results from your conversion, secretion or embezzlement of **"your covered auto."** However, we reserve the right to cancel the policy as permitted by policy terms and the cancellation shall terminate this agreement as to the loss payee's interest. We will give the same advance notice of cancellation to the loss payee as we give to the named insured shown in the Declarations.

When we pay the loss payee we shall, to the extent of payment, be subrogated to the loss payee's rights of recovery.

The following endorsement applies to this policy if a 6-position code starting with the letter **"E"** appears on the Declarations.

***EXTENDED NON-OWNED COVERAGE FOR NAMED INDIVIDUAL***
PP 03 06 06 94

**SCHEDULE PP 03 06**

**Name of Individual** is indicated on the Declarations opposite the description of the coverage by a 6-position code as follows:

**1st position:** "E" code letter.

**2nd and 3rd position:** A 2-digit file number referring to an operator or non-operator listed in the Declarations.

**4th, 5th and 6th positions:** Code letters consisting of "y's" or "n's".

With respect to the individual and coverages listed in the Schedule or in the Declarations, the provisions of the policy apply unless modified by this endorsement.

I. **Part A — LIABILITY COVERAGE**

Part **A** is amended as follows with respect to the individual named in the Schedule PP 03 06:

Exclusions **A.5.**, **A.7.**, **B.2.** and **B.3.** do not apply.

II. **Part B — MEDICAL PAYMENTS COVERAGE**

Part **B** is amended as follows if a premium is shown in the Declarations for Medical Payments Coverage with respect to the individual named in the Schedule PP 03 06:

A. Exclusions **5.** and **6.** do not apply.

B. The last sentence of Exclusion **8.** is replaced by the following:

This exclusion (**8.**) does not apply to **"bodily injury"** sustained while **"occupying"** a:

1. Private passenger auto, pickup or van; or
2. **"Trailer"** used with a vehicle described in **1.** above.

III. This endorsement does not afford coverage under Part **A** or Part **B** of the policy for any accident involving a vehicle owned by the individual named in the Schedule, by a member of the same household, or any accident involving a temporary substitute vehicle for such owned vehicle.

The following endorsement applies to this policy if the limit of liability for Coverage for Damage to Your Auto is stated as a specific dollar amount rather than actual cash value.

***COVERAGE FOR DAMAGE TO YOUR AUTO (Maximum Limit of Liability)***
PP 03 08 06 94

***NOTICE***

**The amount shown in the Declarations is not necessarily the amount you will receive at the time of loss or damage for the described property. PLEASE refer to the Limit of Liability provision below.**

With respect to the Coverage(s) shown as applicable to a vehicle described in the Declarations, the Limit of Liability provision in Part **D** is replaced by the following:

***LIMIT OF LIABILITY***

A. Our limit of liability for loss will be the lesser of the:

1. Amount shown in the Declarations;
2. Actual cash value of the stolen or damaged property; or
3. Amount necessary to repair or replace the property with other property of like kind and quality.

Our payment for loss will be reduced by any applicable deductible shown in the Schedule or in the Declarations. If loss to more than one **"your covered auto"** results from the same **"collision"**, only the highest applicable deductible will apply.

**B.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total loss.

**C.** If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

---

The following endorsement applies to this policy only if the form number PP 03 13, PP 03 13 A, PP 03 13 B or PP 03 13 C appears on the Declarations.

***COVERAGE FOR AUDIO, VISUAL AND DATA ELECTRONIC EQUIPMENT AND TAPES, RECORDS, DISCS AND OTHER MEDIA***

PP 03 13 06 94

**NOTICE**

**The amount shown in the Declarations is not necessarily the amount you will receive at the time of loss or damage for the described property. PLEASE refer to the Limit of Liability provision below.**

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

Exclusion **4.** of Part **D** — Coverage For Damage To Your Auto does not apply to coverage provided by this endorsement.

***INSURING AGREEMENT***

We will pay, without application of a deductible, for direct and accidental loss to any electronic equipment that receives or transmits audio, visual or data signals and is not designed solely for the reproduction of sound.

This coverage applies only if:

1. The equipment is permanently installed in **"your covered auto"**; or
2. The equipment is:
   a. Removable from a housing unit which is permanently installed in the auto;
   b. Designed to be solely operated by use of the power from the auto's electrical system; and
   c. In or upon **"your covered auto"** or any **"non-owned auto"**;

   at the time of the loss.

We will also pay, without application of a deductible, for direct and accidental loss to:

1. Any accessories used with such equipment; and
2. Tapes, records, discs or other media if they are:
   a. Your property or that of a **"family member"**; and
   b. In **"your covered auto"** at the time of the loss.

***EXCLUSION***

We will not pay, under this endorsement, for any electronic equipment that is:

1. Necessary for the normal operation of the auto or the monitoring of the auto's operating systems; or
2. Both:
   a. An integral part of the same unit housing any sound reproducing equipment designed solely for the reproduction of sound if the sound reproducing equipment is permanently installed in **"your covered auto"**; and
   b. Permanently installed in the opening of the dash or console of **"your covered auto"**. This opening must be normally used by the manufacturer for the installation of a radio.

***LIMIT OF LIABILITY***

With respect to coverage under this endorsement, the Limit of Liability provision of Part **D** is replaced by the following:

1. Our limit of liability for the total of all losses to audio, visual or data electronic equipment and any accessories used with the equipment, as a result of any one occurrence shall be the lesser of the:
   a. Amount shown in the Declarations;
   b. Actual cash value of the stolen or damaged property; or
   c. Amount necessary to repair or replace the property with other property of like kind and quality.
2. Our limit of liability for the total of all losses to tapes, records, discs or other media, as a result of any one occurrence shall be the lesser of:
   a. $200;
   b. The actual cash value of the stolen or damaged property: or
   c. The amount necessary to repair or replace the property with other property of like kind and quality.

   If coverage for audio, visual or data electronic equipment and accessories used with the equipment is purchased, the limit of liability applicable for losses to tapes, records, discs or other media is in addition to the limit of liability applicable to audio, visual or data electronic equipment and any accessories used with that equipment.
3. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total loss.
4. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

---

The following endorsement applies to your policy only if indicated on the Declarations.

***CUSTOMIZING EQUIPMENT COVERAGE***

PP 03 18 09 93

***SCHEDULE***

| Description of Vehicle(s) |
| --- |
| ***See Declarations*** |

With respect to coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

**A.** Exclusion **10.** of Part **D** — Coverage For Damage To Your Auto does not apply to coverage provided by this endorsement.

B. With respect to a vehicle for which the Declarations indicates that Customizing Equipment Coverage applies, we will pay for direct and accidental loss to custom furnishings or equipment including, but not limited to:
1. Special carpeting and insulation, furniture or bars;
2. Facilities for cooking and sleeping;
3. Height-extending roofs;
4. Custom murals, paintings, or other decals or graphics.

C. This coverage does not apply to furnishings or equipment that are excluded from coverage under Exclusions **4.**, **8.**, or **9.** of Part **D.**

---

The following endorsement applies to this policy if the lessor of an automobile is shown in the Declarations.

***ADDITIONAL INSURED — LESSOR***

PP 03 19 08 86

Any liability and any required no-fault coverages afforded by this policy for **"your leased auto"** also apply to the lessor named in the Declarations as an additional insured. This insurance is subject to the following additional provisions:

1. We will pay damages for which the lessor becomes legally responsible only if the damages arise out of acts or omissions of:
   (a) you or any **"family member"**; or
   (b) Any other person except the lessor or any employee or agent of the lessor using **"your leased auto"**.
2. **"Your leased auto"** means:
   (a) an auto shown in the Declarations which you lease for a continuous period of at least six months under a written agreement which requires you to provide primary insurance for the lessor; and
   (b) any substitute or replacement auto furnished by the lessor named in the Declarations.
3. If we terminate this policy, notice will also be mailed to the lessor.
4. The lessor is not responsible for payment of premiums.
5. The designation of the lessor as an additional insured shall not operate to increase our limits of liability.

---

The following endorsement applies to your policy.

***MEXICO COVERAGE***

PP 03 21 06 94

***WARNING***

**AUTO ACCIDENTS IN MEXICO ARE SUBJECT TO THE LAWS OF MEXICO, NOT THE LAWS OF THE UNITED STATES. UNDER MEXICAN LAW, AUTO ACCIDENTS ARE CONSIDERED A CRIMINAL OFFENSE AS WELL AS A CIVIL MATTER.**

**THE COVERAGE WE PROVIDE YOU BY THIS ENDORSEMENT DOES NOT MEET MEXICAN AUTO INSURANCE REQUIREMENTS.**

**YOU ARE REQUIRED TO PURCHASE LIABILITY INSURANCE THROUGH A LICENSED MEXICAN INSURANCE COMPANY FOR THIS ENDORSEMENT TO APPLY.**

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

***I. DEFINITIONS***

The Definitions Section is amended as follows:

**"Your covered auto"** means:
1. Any vehicle shown in the Declarations.
2. Any of the following types of vehicles on the date you become the owner:
   a. A private passenger auto; or
   b. A pickup or van that:
      (1) Has a gross Vehicle Weight of less than 10,000 lbs.; and
      (2) Is not used for the delivery or transportation of goods and materials unless such use is:
         (a) Incidental to your **"business"** of installing, maintaining or repairing furnishings or equipment; or
         (b) For farming or ranching.

   This provision applies only if:
   a. You acquire the vehicle during the policy period;
   b. You ask us to insure the vehicle within 30 days after you become the owner; and
   c. The vehicle is principally garaged and used in the United States.

   If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced. You must ask us to insure a replacement vehicle within 30 days only if you wish to add or continue Coverage for Damage to Your Auto.

   If the vehicle you acquire is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations.
3. Any **"trailer"** you own.

***II. COVERAGE***

All Liability, Medical Payment, Uninsured Motorists, Damage to Your Auto and No-Fault coverage afforded to an **"insured"** under this policy is extended to accidents occurring in Mexico within 25 miles of the United States border. This extension of coverage only applies while an **"insured"** seeking coverage under this endorsement is in Mexico on a trip of 10 days or less.

Our duty to defend under Liability Coverage will only apply if:
1. The original suit for damages is brought in the United States; and
2. The suit does not involve a Mexican citizen or resident.

***III. ADDITIONAL EXCLUSIONS***

A. We do not provide coverage to any **"insured"**:
1. If liability insurance from a licensed Mexican Insurance Company is not in force at the time of loss;
2. While **"occupying"** an auto other than **"your covered auto"**; and
3. Who is a citizen or resident of Mexico. This exclusion (**A.3.**) does not apply to loss payable under Damage to

Your Auto Coverage if the accident arises out of the operation of **"your covered auto"** by a Mexican citizen or resident.

B. We will not pay under Damage to Your Auto Coverage for auto repairs made in Mexico unless **"your covered auto"** cannot be driven in its damaged condition.

***IV. SPECIAL CONDITIONS***

A. **OTHER INSURANCE.** The insurance we provide by this endorsement will be excess over any other collectible insurance

B. **LOSSES PAYABLE UNDER DAMAGE TO YOUR AUTO COVERAGE.** We will pay losses under Damage to Your Auto Coverage in the United States, not in Mexico. If **"your covered auto"** must be repaired in Mexico in order to be driven, we will not pay more than the actual cash value of such loss at the nearest United States point where the repairs can be made.

---

The following endorsement applies to your policy if form number PP 03 34 09 93 appears on the policy declarations.

***JOINT OWNERSHIP COVERAGE***

PP 03 34 09 93

The provisions of the policy apply unless modified by this endorsement.

***I. DEFINITIONS***

The Definitions Section is amended as follows:

A. For the purpose of the coverage provided by this endorsement, **"you"** and **"your"** refer to two or more:

1. Individuals, other than husband and wife, residing in the same household; or
2. **"Non-resident relative"**;

who jointly own:

1. A private passenger auto; or
2. a pickup or van that:
   a. Has a Gross Vehicle Weight of less than 10,000 lbs.; and
   b. Is not used for the delivery or transportation of goods and materials unless such use is:
      **(1)** Incidental to your **"business"** of installing, maintaining, or repairing furnishings or equipment; or
      **(2)** for farming or ranching.

B. The definition of **"your covered auto"** is replaced by the following:

**"Your covered auto" means:**

1. Any vehicle shown in the Declarations.
2. Any of the following types of vehicles on the date you become the owner:
   a. A private passenger auto; or
   b. A pickup or van that:
      **(1)** Has a Gross Vehicle Weight of less than 10,000 lbs.; and
      **(2)** Is not used for the delivery or transportation of goods and materials unless such use is:
         **(a)** Incidental to your **"business"** of installing, maintaining or repairing furnishings or equipment; or
         **(b)** For farming or ranching.

   This provision (**2.**) applies only if:
   **a.** You acquire the vehicle during the policy period;
   **b.** You as us to insure it within 30 days after you become the owner; and
   **c.** With respect to a pickup or van, no other insurance policy provides coverage for that vehicle.

   If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced. You must ask us to insure a replacement vehicle within 30 days only if you wish to add or continue Coverage For Damage To Your Auto.

   If the vehicle you acquire is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations.
3. Any **"trailer"** you own.
4. Any auto or **"trailer"** you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:
   **a.** Breakdown; **b.** Repair;
   **c.** Servicing; **d.** Loss; or
   **e.** Destruction.

   This provision (**4.**) does not apply to Coverage For Damage to Your Auto.

C. The following definition is added:

**"Non-resident relatives"** means two or more persons related by blood, marriage or adoption who reside in separate households. This includes a ward or foster child.

***II. PART A — LIABILITY COVERAGE***

The following exclusion is added to Part **A**:

We do not provide Liability Coverage for the ownership, maintenance or use of any vehicle, other than **"your covered auto"** by any:

1. **"Non-resident relative"**; or
2. **"Family member"** of a **"non-resident relative."**

---

The following endorsement applies to your policy only if the Declarations indicate a premium charge for it.

***AUTO LOAN/LEASE COVERAGE***

PP 03 35 09 93

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

| Description of Your Covered Auto(s) | Other than Collision Additional Premium | Collision Additional Premium |
|---|---|---|
| ***See Declarations*** | | |

In the event of a covered total loss to a **"your covered auto"** shown in the Declarations for which a specific premium charge indicates that Auto Loan/Lease Coverage applies we will pay any unpaid amount due on the lease or loan for **"your covered auto"** less:

1. the amount paid under Part **D** of the policy; and

2. any:
   a. overdue lease/loan payments at the time of the loss;
   b. financial penalties imposed under a lease for excessive use, abnormal wear and tear or high mileage;
   c. security deposits not refunded by a lessor;
   d. costs for extended warranties, Credit Life insurance, Health, Accident or Disability insurance purchased with the loan or lease; and
   e. carry-over balances from previous loans or leases.

The following endorsement applies to this policy if form number G13031 (Ed. 8-95) appears on the Declarations Page and a premium is charged.

***AUTO SECURITY PLUS ENDORSEMENT***

G13031 08 95

With respect to the coverages provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

1. **TRANSPORTATION EXPENSES**

We will pay, without application of a deductible, as an additional amount to any limit now shown on the Declarations Page or included in the policy for:

A. Temporary transportation expenses incurred by you in the event of a loss to **"your covered auto"** up to $30 per day, to a maximum of $900; or

B. For rental of a temporary substitute vehicle of like make and model for a maximum of 30 days or $3,000. We will pay for such expenses if the loss is caused by:
   1. Other than **"collision"** only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.
   2. **"Collision"** only if the Declarations indicate that Collision Coverage is provided for that auto.

   If the loss is caused by a total theft of **"your covered auto"** or a **"non-owned auto"**, we will pay only expenses incurred during the period:
   1. Beginning 48 hours after the theft; and
   2. Ending when **"your covered auto"** or the **"non-owned auto"** is returned to use or we pay for its loss.

C. **Rental Car Loss of Use Coverage**

We will pay for a maximum of 30 days, or $3,000, as an additional amount to any other insurance for:
   1. Loss of use expenses for which you become legally responsible in the event of loss to a **"non-owned auto"**. We will pay for loss of use expenses if the loss is caused by:
      a. Other than **"collision"** only if the Declarations indicate that Other Than Collision Coverage is provided for any **"your covered auto"**.
      b. **"Collision"** only if the Declarations indicate that Collision Coverage is provided for any **"your covered auto"**.

   If the loss is caused by other than theft of a **"your covered auto"** or a **"non-owned auto"**, we will pay only expenses beginning when the auto is withdrawn from use for more than 24 hours.

Our payment will be limited to that period of time reasonably required to repair or replace the **"your covered auto"** or the **"non-owned auto"**.

2. **USE OF ORIGINAL EQUIPMENT MANUFACTURERS PARTS**

We guarantee the use of original equipment manufacturers parts for any direct or accidental loss to **"your covered auto"** caused by:

A. Other than **"collision"** only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.

B. **"Collision"** only if the Declarations indicate that Collision Coverage is provided for that auto.

This coverage applies to **"your covered auto"** until it is five model years old and older. This agreement shall be taken into consideration when determining our Limit of Liability in Part D—Coverage for Damage to Your Auto.

3. **TOWING AND LABOR COSTS COVERAGE**

We will pay towing and labor costs incurred each time **"your covered auto"** or any **"non-owned auto"** is disabled up to an additional $50 per disablement to any amount shown in the Declarations as applicable to that vehicle. If a **"non-owned auto"** is disabled, we will provide the broadest towing and labor costs coverage applicable to any **"your covered auto"** shown in the Declarations. We will only pay for labor performed at the place of disablement.

4. **AUTO LOAN/LEASE COVERAGE**

In the event of a covered total loss to a new vehicle (a new vehicle for this coverage is one that has not been previously owned, leased or titled under the motor vehicle laws of any state) **"your covered auto"** shown in the Declarations we will pay any unpaid amount due on the lease or loan for **"your covered auto"** less:
   1. The amount paid under Part D of the policy; and
   2. Any:
      a. Overdue lease/loan payments at the time of the loss;
      b. Financial penalties imposed under a lease for excessive use, abnormal wear and tear or high mileage;
      c. Security deposits not refunded by a lessor;
      d. Costs for extended warranties, Credit Life insurance, Health, Accident or Disability insurance purchased with the loan or lease; and
      e. Carry-over balances from previous loans or leases.

Any deductible applied under Part D of this policy shall not be recoverable under the loan/lease provisions of this endorsement.

This coverage shall be excess over any other applicable loan/lease coverage.

5. **PART A—LIABILITY COVERAGE**

Supplementary Payments items 1 and 4 are amended as follows:

In addition to our limit of liability, we will pay on behalf of an **"insured"**:
   1. Up to $500 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in **"bodily injury"** or **"property damage"** covered under this policy.

4. Up to $250 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

6. **TRAVEL EXPENSE COVERAGE**

We will also pay up to a maximum of $500 each occurrence for additional travel expense not covered by Transportation Expenses incurred by you. This applies only in the event of covered loss to **"your covered auto"** or any **"non-owned auto"**. We will pay only additional transportation expenses incurred during the period:

1. Beginning immediately after the loss; and
2. Ending when **"your covered auto"** or any **"non-owned auto"** is returned to use or we pay for its loss.

This coverage applies only if the loss occurs more than 100 miles from your address shown on the declarations page or your place of alternate garaging.

7. **LOCK AND KEY SERVICE**

We will pay up to a maximum of $100 each occurrence for **"your covered auto"** if you are locked out of your vehicle, have frozen locks or have lost your keys and require professional help.

8. **AUTO THEFT REWARD**

We will pay up to a $2,000 reward in the event of a covered loss, for information leading to the arrest and conviction of anyone stealing **"your covered auto"**. A reward will not be paid to you or any **"family member"** or any public official while performing their duty.

9. **AIR BAG ACCIDENTAL DEPLOYMENT**

We will pay to replace an airbag in **"your covered auto"** that accidentally deploys without the vehicle being involved in an accident.

---

**In Witness Whereof**, we have caused this policy to be executed and attested and if required by state law, this policy shall not be valid unless countersigned by our authorized agent.

Dennis R. Smith
Dennis Smith, Secretary

Michael J. McSally
Michael J. McSally, President

Countersigned ______________________
(Authorized Agent)

Agency At: ______________________

# Our Policy Regarding Your Privacy

In order to provide the insurance products and services that respond to our customers' diverse needs,OneBeacon Insurance Group ("OneBeacon") collects certain personal information. OneBeacon does not disclose any nonpublic personal information to any affiliated or nonaffiliated third party for marketing purposes. At OneBeacon, maintaining the confidentiality of our customers' personal information is of the highest importance. OneBeacon's personal information-handling practices are governed by this privacy policy and are further regulated by law. This notice describes those practices and how they preserve your privacy in a way that permits OneBeacon to provide you with the products and service you demand.

## Collection of Personal Information

We get most of our information directly from you. The application you complete, as well as any additional information you provide, generally gives us most of the information we need to know. Sometimes we may contact you by phone or mail to obtain additional information. Depending on the nature of your insurance transaction, we may need additional information about you or other potential insureds from outside sources such as motor vehicle records, loss information reports, credit reports, court records or other public records. For property insurance, we may send someone to inspect your property and verify information about its value and condition, and a photo of the property may be taken.

We also may obtain information from third parties such as other insurance companies or consumer reporting agencies. A consumer report from such an agency may contain information as to credit worthiness and credit standing. If we order any kind of consumer report, upon request, we will tell you how to get a copy of the report. The agency preparing a consumer report for us may keep the information collected about you as permitted by law, and it may be disclosed to other persons.

## Disclosure of Personal Information

Information which has been collected about you will be contained in either our policy records or in your agent's files. We review it in evaluating your request for insurance coverage and in determining your rates. We will also use information in our policy records for purposes related to issuing and servicing insurance policies and settling claims. OneBeacon may disclose personal information to others in order to service, process or administer business such as underwriting and claims operations. In this context, OneBeacon may disclose **(i)** information we receive from you on applications and other forms, including information such as assets, income, and identifying information such as name, address and social security number; **(ii)** transaction information such as information about balances, payment history and parties to the transaction; and **(iii)** information from consumer reporting agencies such as a consumer's credit worthiness and credit history.

If coverage is declined or the charge for coverage is increased because of information contained in a consumer report, we will tell you as required by state law and the federal Fair Credit Reporting Act. We will also give you the name and address of the consumer reporting agency making the report.

## Parties to Whom Information May be Disclosed

OneBeacon will not disclose information about you to others without your written consent unless the disclosure is necessary to conduct our business. By law, OneBeacon is permitted to share information about you without prior permission under certain circumstances to certain persons and organizations such as:

- Your agent or broker.
- Parties who perform a business, professional or insurance function for our company, including our reinsurance companies.
- Claim adjusters, appraisers, investigators and attorneys who need the information to investigate, defend or settle a claim involving you.
- Insurance support organizations which are established to collect information for the purpose of detecting and preventing insurance crimes and fraudulent claims.
- Insurance regulatory agencies in connection with the regulation of our business.
- Law enforcement or other governmental authorities to protect our legal interest, or in cases of suspected fraud or illegal activities.
- Authorized persons as ordered by subpoena, warrant or other court order or as required by law.

- Lienholder, mortgagee, assignee, lessor, or other person shown on our records or our agent's as having a legal or beneficial interest in a policy of insurance.
- Parties acting in a fiduciary or representative capacity to you (attorneys, accountants and auditors).
- Insurance rate advisory organizations.
- Parties enforcing OneBeacon's rights in connection with the settlement of a debt, the transfer of interests or an audit.
- Parties administering transactions as requested or authorized by you.

***Right of Access to Personal Information***

You have the right to know what kind of information we keep in our files about you, to have reasonable access to it and to receive a copy. Write to us if you have questions about the information. Provide your complete name, address, type of policy and policy number that was issued or applied for with us. Mail your request to: Privacy Administrator, Post Office Box 9177, Boston, MA, 02205-9177. Certain types of information generally collected when evaluating claims or possible lawsuits need not be disclosed to you.

Within thirty (30) business days of receipt of your request, we will inform you in writing of the nature and substance of retrievable recorded personal information about you in our files. You may review this information in person or receive a copy by mail. We will also identify the person or organization to which we have disclosed this information within the past two (2) years. In addition, you will be given the name and address of any consumer reporting agency which prepared a report about you so that you can contact them for a copy.

After you have reviewed the personal information about you in our file, you can write to us if you believe it should be corrected, amended or deleted. We will consider your request, and within thirty (30) days either change the information or tell you that we did not and state the reason. If we do not make changes, you will have the right to insert in our file a concise statement containing what you believe to be the correct, relevant or fair information, and explaining which information on file you believe to be improper. We will notify persons designated by you to whom we have previously disclosed the information of the change or your statement. Subsequent disclosures we make also will include your statement.

***Confidentiality and Security of Personal Information***

Our company maintains appropriate standards and procedures to prevent unauthorized access to your information. OneBeacon limits employee access to personally identifiable information to those with a business reason for knowing such information. We educate our employees so that they will understand the importance of confidentiality of personal information and take appropriate measures to enforce privacy responsibilities.

***Treatment of Personal Information of Former Customers***

OneBeacon follows this personal information privacy policy even when a customer relationship no longer exists.

If you have additional questions about the privacy of your personal information or about your insurance needs in general, please contact your agent.

Effective July 1, 2001

OneBeacon INSURANCE

## IMPORTANT NOTICES

G5013 08 94

### CONSUMER PROTECTION NOTICE

We may, as a part of our underwriting procedure for processing applications for insurance, or in updating or renewing it, order an investigative consumer report whereby information as to your character, general reputation, personal characteristics, and mode of living, whichever is applicable, is obtained through personal interviews with your neighbors, friends, or others with whom you are acquainted or who may have knowledge concerning any of these items of information to develop information. If such, consumer report is ordered, further information on the nature and scope of the investigation is available to you upon your written request.

G13577 01 01

### VERMONT CHANGES: PROPERTY/CASUALTY — CIVIL UNION

This endorsement is part of the policy to which it is attached and provides benefits under the policy for parties to a civil union. Vermont law requires that insurance policies offered to married persons and their families be made available to parties to a civil union and their families. In order to receive benefits in accordance with this endorsement, the civil union must be established in the state of Vermont according to Vermont law.

**It is understood that policy definitions and provisions designating:**

- an insured
- named insured
- who is insured
- who is an insured
- who is a named insured
- covered person(s)
- you and/or your
- spouse
- family member

and any other policy definitions and provisions designating an insured under this policy, are amended, wherever appearing, where terms denoting a marital relationship or family relationship arising out of a marriage are used, to include parties to a civil union and their families under Vermont law.

# NOTICE OF AVAILABILITY OF DISCOUNTS

OneBeacon INSURANCE

**The Vermont Insurance Department requires us to notify you that many insurance carriers offer discounts on some or all of their insurance products to qualifying individuals. Discounts are commonly available for senior citizens, for good drivers, for good students, for persons who have completed approved driver education courses, for combined policies, for smoke alarms, for anti-lock braking systems, for multi-car policies and for individuals who have had no recent history of loss. You should inquire of your agent, broker or your insurance company representative about discounts for which you may be eligible. The offering of a discount may not result in lower costs. You should always compare prices and coverage to make sure you are comparing similar products.**

Archive cps 7/24/03

Exhibit 7

G20280 09 99

**AUTOMOBILE INSURANCE IDENTIFICATION CARD(S)**

OneBeacon INSURANCE

PLEASE DETACH THIS CARD AND KEEP IT IN YOUR VEHICLE FOR INSURANCE IDENTIFICATION PURPOSES.

VERMONT AUTOMOBILE INSURANCE IDENTIFICATION CARD
VALID IN THE U.S. AND CANADA

COMPANY NUMBER | COMPANY
CU YORK INSURANCE COMPANY

POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE
YMZ263796 F 08-29-2002 08-29-2003

YEAR | MAKE/MODEL | VEHICLE INDENTIFICATION NUMBER
1994 JEEP CHE 1J4FJ68S0RL167786

AGENCY/COMPANY ISSUING CARD
FORD INSURANCE COMPANY
SUNSET FARM
WOODSTOCK EAST VT 05091

INSURED
CORRINA BROWN
JAMES S LAPLAN
PO BOX 909
QUECHEE VT 05059

COVERAGE MEETS MINIMUM LIABILITY INSURANCE PRESCRIBED BY LAW
SEE IMPORTANT NOTICE ON REVERSE SIDE

PLEASE DETACH THIS CARD AND KEEP IT IN YOUR VEHICLE FOR INSURANCE IDENTIFICATION PURPOSES.

VERMONT AUTOMOBILE INSURANCE IDENTIFICATION CARD
VALID IN THE U.S. AND CANADA

COMPANY NUMBER | COMPANY
CU YORK INSURANCE COMPANY

POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE
YMZ263796 F 08-29-2002 08-29-2003

YEAR | MAKE/MODEL | VEHICLE INDENTIFICATION NUMBER
1995 SUBARU I JF1GF2357SA113032

AGENCY/COMPANY ISSUING CARD
FORD INSURANCE COMPANY
SUNSET FARM
WOODSTOCK EAST VT 05091

INSURED
CORRINA BROWN
JAMES S LAPLAN
PO BOX 909
QUECHEE VT 05059

COVERAGE MEETS MINIMUM LIABILITY INSURANCE PRESCRIBED BY LAW
SEE IMPORTANT NOTICE ON REVERSE SIDE

PLEASE DETACH THIS CARD AND KEEP IT IN YOUR VEHICLE FOR INSURANCE IDENTIFICATION PURPOSES.

VERMONT AUTOMOBILE INSURANCE IDENTIFICATION CARD
VALID IN THE U.S. AND CANADA

COMPANY NUMBER | COMPANY
CU YORK INSURANCE COMPANY

POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE
YMZ263796 F 08-29-2002 08-29-2003

YEAR | MAKE/MODEL | VEHICLE INDENTIFICATION NUMBER
1988 WILDERNE 1ED1R2925J5325862

AGENCY/COMPANY ISSUING CARD
FORD INSURANCE COMPANY
SUNSET FARM
WOODSTOCK EAST VT 05091

INSURED
CORRINA BROWN
JAMES S LAPLAN
PO BOX 909
QUECHEE VT 05059

COVERAGE MEETS MINIMUM LIABILITY INSURANCE PRESCRIBED BY LAW
SEE IMPORTANT NOTICE ON REVERSE SIDE

G20280 09

**AUTOMOBILE INSURANCE IDENTIFICATION CARD(S)**

OneBeacon INSURANCE

PLEASE DETACH THIS CARD AND KEEP IT IN YOUR VEHICLE FOR INSURANCE IDENTIFICATION PURPOSES.

VERMONT AUTOMOBILE INSURANCE IDENTIFICATION CARD
VALID IN THE U.S. AND CANADA

COMPANY NUMBER | COMPANY
CU YORK INSURANCE COMPANY

POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE
YMZ263796 F 08-29-2002 08-29-2003

YEAR | MAKE/MODEL | VEHICLE INDENTIFICATION NUMBER
1985 FORD ECO 2FTHS36G4FCA27372

AGENCY/COMPANY ISSUING CARD
FORD INSURANCE COMPANY
SUNSET FARM
WOODSTOCK EAST VT 05091

INSURED
CORRINA BROWN
JAMES S LAPLAN
PO BOX 909
QUECHEE VT 05059

COVERAGE MEETS MINIMUM LIABILITY INSURANCE PRESCRIBED BY LAW
SEE IMPORTANT NOTICE ON REVERSE SIDE

PLEASE DETACH THIS CARD AND KEEP IT IN YOUR VEHICLE FOR INSURANCE IDENTIFICATION PURPOSES.

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

COMPANY NUMBER | COMPANY
XXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE
XXXXXXXX X XXXXXXXXXX XXXXXXXXXX

YEAR | MAKE/MODEL | VEHICLE INDENTIFICATION NUMBER
XXXX XXXXXXX XXXXXXXXXXXXXXXXXXX

AGENCY/COMPANY ISSUING CARD
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

INSURED
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

COVERAGE MEETS MINIMUM LIABILITY INSURANCE PRESCRIBED BY LAW
SEE IMPORTANT NOTICE ON REVERSE SIDE

PLEASE DETACH THIS CARD AND KEEP IT IN YOUR VEHICLE FOR INSURANCE IDENTIFICATION PURPOSES.

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

COMPANY NUMBER | COMPANY
XXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE
XXXXXXXX X XXXXXXXXXX XXXXXXXXXX

YEAR | MAKE/MODEL | VEHICLE INDENTIFICATION NUMBER
XXXX XXXXXXX XXXXXXXXXXXXXXXXXXX

AGENCY/COMPANY ISSUING CARD
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

INSURED
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

COVERAGE MEETS MINIMUM LIABILITY INSURANCE PRESCRIBED BY LAW
SEE IMPORTANT NOTICE ON REVERSE SIDE

# PERSONAL AUTO COMPOSITE ENDORSEMENT — VERMONT

OneBeacon INSURANCE

**THE ENDORSEMENTS CONTAINED IN THIS COMPOSITE CHANGE THE POLICY. PLEASE READ THEM CAREFULLY.**

The following endorsements contained in your policy booklet are not applicable if "**your covered auto**" is principally garaged in **VERMONT**.

**PP 03 11 06 94** Underinsured Motorists Coverage
**PP 04 01 04 86** Split Uninsured Motorists Limits
**PP 04 02 04 86** Split Underinsured Motorists Limits

The following endorsement applies to your policy.

***AMENDMENT OF POLICY PROVISIONS — VERMONT***
PP 01 72 06 94

***I. PART A — LIABILITY COVERAGE***

Part **A** is amended as follows:

**A.** Paragraph **A** of the Insuring Agreement is replaced by the following:

**INSURING AGREEMENT**

We will pay damages for "**bodily injury**" or "**property damage**" for which any "**insured**" becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the "**insured**". We will settle or defend, as we consider appropriate, any claim or suit asking for damages which are payable under the terms of this policy. In addition to our limit of liability, we will pay all defense costs we incur. We have no duty to defend any suit or settle any claim for "**bodily injury**" or "**property damage**" not covered under this policy.

**B.** Exclusion **A.8.** is replaced by the following:

We do not provide Liability Coverage for any "**insured**":

8. Using a vehicle without a reasonable belief that that "**insured**" is entitled to do so. This exclusion **(A.8.)** does not apply to a "**family member**" using "**your covered auto**" which is owned by you.

**C.** Exclusion **B.2.** and **B.3.** are replaced by the following:

We do not provide Liability Coverage for the ownership, maintenance or use of:

2. Any vehicle, other than "**your covered auto**", which is:
   a. Owned by you; or
   b. Furnished for your regular use.
3. Any vehicle, other than "**your covered auto**", which is:
   a. Owned by any "**family member**"; or
   b. Furnished for the regular use of any "**family member**".

   However, this exclusion **(B.3.)** does not apply while you are maintaining or "**occupying**" any vehicle which is:
   a. Owned by a "**family member**"; or
   b. Furnished for the regular use of a "**family member**".

**D.** The following is added to the Limit of Liability provision:

If a judgment is rendered against you and we continue the suit by appeal or otherwise, no limitation of liability in this policy shall be valid unless you agree to this continuation.

***II. PART B — MEDICAL PAYMENTS COVERAGE***

Exclusions **5.** and **6.** of Part **B** are replaced by the following:

We do not provide Medical Payments Coverage for any "**insured**" for "**bodily injury**":

5. Sustained while "**occupying**" or, when struck by, any vehicle (other than "**your covered auto**") which is:
   a. Owned by you; or
   b. Furnished for your regular use.
6. Sustained while "**occupying**" or, when struck by, any vehicle (other than "**your covered auto**") which is:
   a. Owned by any "**family member**"; or
   b. Furnished for the regular use of any "**family member**."

   However, this exclusion **(6.)** does not apply to you.

***III. PART D — COVERAGE FOR DAMAGE TO YOUR AUTO***

Part **D** is amended as follows:

**A.** Paragraph **C.** of the Insuring Agreement is replaced by the following:

**INSURING AGREEMENT**

"**Non-owned auto**" means:

1. Any private passenger auto, pickup, van or "**trailer**" not owned by or furnished for the regular use of you or any "**family member**" while in the custody of or being operated by you or any "**family member**"; or
2. Any auto or "**trailer**" you do not own while used as a temporary substitute for "**your covered auto**" which is out of normal use because of its:
   a. Breakdown;
   b. Repair;
   c. Servicing;
   d. Loss; or
   e. Destruction;

**B.** Paragraph **A.** of the Limit of Liability provision is replaced by the following:

**LIMIT OF LIABILITY**

Our limit of liability for loss will be the lesser of the:

1. Actual cash value of the stolen or damaged property; or
2. Amount necessary to repair or replace the property with other property of like kind and quality.

***IV. PART F — GENERAL PROVISIONS***

Part **F** is amended as follows:

**A.** The Legal Action Against Us provision is replaced by the following:

No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part **A**, no legal action may be brought against us until:

1. We agree in writing that the "**insured**" has an obligation to pay; or
2. The amount of that obligation has been finally determined by judgment after trial.

However:

1. Your right to bring legal action against us is not conditioned upon your compliance with the Appraisal provision of Part **D**.
2. Under Part **A**, payment of any judicial judgment or claim by you for any of our liability shall not bar you from any action or right of action against us.

   No person or organization has any right under this policy to bring us into any action to determine the liability of an **"insured"**.

**B.** The Termination provision is replaced by the following:

**TERMINATION**

**Cancellation.** This policy may be cancelled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:
   a. Returning this policy to us; or
   b. Giving us advance written notice of the date cancellation is to take effect.
2. We may cancel by:
   a. Giving the named insured shown in the Declarations at the address shown in this policy at least 15 days notice by certified mail or certificate of mailing if cancellation is for nonpayment of premium; or
   b. Mailing by certified mail to the named insured shown in the Declarations at the address shown in this policy at least 45 days notice in all other cases.
3. When this policy is in effect for 60 days or more, or if this is a renewal or continuation policy, we will cancel only:
   a. For non-payment of premium; or
   b. If your driver's license or that of:
      (1) Any driver who lives with you; or
      (2) Any driver who customarily uses **"your covered auto"**;

      has been suspended or revoked. This must have occurred:

      (1) During the policy period; or
      (2) Since the last anniversary of the original effective date if the policy period is other than 1 year;
   c. If the policy was obtained through material misrepresentation.

**Nonrenewal.** If we decide not to renew or continue this policy we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 45 days before the end of the policy period. If the policy period is:

1. Less than 6 months, we will have the right not to renew or continue this policy every 6 months, beginning 6 months after its original effective date.
2. 1 year or longer, we will have the right not to renew or continue this policy at each anniversary of its original effective date.

**Automatic Termination.** If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

If you obtain other insurance on **"your covered auto"**, any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

**Other Termination Provisions.**

1. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.
2. If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.
3. The effective date of cancellation stated in the notice shall become the end of the policy period.
4. We will give notice of cancellation to the loss payee stated in the policy if the named insured shown in the Declarations requests cancellation of:
   a. The entire policy; or
   b. Any Coverage for Damage to Your Auto afforded under this policy to any **"your covered auto"** for which the loss payee has an insurable interest.
5. If we decide to cancel this policy, the same method of mailing the notice of cancellation to the named insured shown in the Declarations will also be used to notify the loss payee stated in the policy.

---

The following endorsement applies to your policy.

***AMENDMENT OF TERMINATION PROVISION — VERMONT***

G11562-1 (Ed. 6-94)

The Cancellation section of the **TERMINATION** provision of **PART F — GENERAL PROVISIONS** as amended by the AMENDMENT OF POLICY PROVISIONS — VERMONT ENDORSEMENT above is deleted and replaced by the following:

***TERMINATION***

**Cancellation.** This policy may be cancelled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:
   a. Returning this policy to us; or
   b. Giving us advance written notice of the date cancellation is to take effect.
2. We may cancel by:
   a. Giving the named insured shown in the Declarations at the address shown in this policy at least 15 days notice by certified mail or certificate of mailing if cancellation is for nonpayment of premium; or
   b. Mailing by certified mail to the named insured shown in the Declarations at the address shown in this policy at least 45 days notice in all other cases.
3. When this policy is in effect for 60 days or more, or if this is a renewal or continuation policy, we will cancel only:
   a. For nonpayment of premium; or
   b. If your driver's license or that of:
      (1) Any driver who lives with you; or

(2) Any driver who customarily uses "**your covered auto**";

has been suspended or revoked. This must have occurred:

(1) During the policy period; or

(2) Since the last anniversary of the original effective date if the policy period is other than 1 year.

c. For fraud or material misrepresentation affecting the policy or in presentation of a claim thereunder; or

d. For violation of any of the terms or conditions of the policy.

---

***UNINSURED MOTORISTS COVERAGE — VERMONT***
G13156 03 02

***I. PART C — UNINSURED MOTORISTS COVERAGE***

Part **C** is replaced by the following:

***INSURING AGREEMENT***

A. We will pay compensatory damages which an "**insured**" is legally entitled to recover from the owner or operator of an "**uninsured motor vehicle**" because of:

1. "**Bodily injury**" sustained by an "**insured**" and caused by an accident; and
2. "**Property damage**" caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "**uninsured motor vehicle**".

We will pay under this coverage only if **1.** or **2.** below applies:

1. The limits of liability under any bodily injury liability bonds or policies applicable to the "**uninsured motor vehicle**" have been exhausted by payment of judgments or settlements; or
2. A tentative settlement has been made between an "**insured**" and the insurer of a vehicle described in Section **2.** of the definition of "**uninsured motor vehicle**" and we:
   a. Have been given prompt written notice of such tentative settlement; and
   b. Advance payment to the "**insured**" in an amount equal to the tentative settlement within 30 days after receipt of notification.

Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

B. "**Insured**" as used in this endorsement means:

1. You or any "**family member**".
2. Any other person "**occupying**" "**your covered auto**".
3. Any person for damages that person is entitled to recover because of "**bodily injury**" to which this coverage applies sustained by a person described in **1.** or **2.** above.

C. "**Property damage**" as used in this endorsement means injury to or destruction of the property of an "**insured**".

D. "**Uninsured motor vehicle**" means a land motor vehicle or trailer of any type:

1. To which no liability bond or policy applies at the time of the accident.
2. To which a liability bond or policy applies at the time of the accident but its limit of liability is less than the sum of the limits of liability applicable to the "**insured**" for Uninsured Motorists Coverage under this policy or any other policy.
3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:
   a. You or any "**family member**";
   b. A vehicle which you or any "**family member**" are "**occupying**";
   c. "**Your covered auto**"; or
   d. The property of an "**insured**".
4. To which a liability bond or policy applies at the time of the accident but the bonding or insuring company:
   a. Denies coverage; or
   b. Is or becomes insolvent.

However, "**uninsured motor vehicle**" does not include any vehicle or equipment:

1. Owned by or furnished for the regular use of you or any "**family member**".
2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or become insolvent.
3. Owned by any governmental unit or agency while being used within the scope of permission of that governmental unit or agency.
4. Operated on rails or crawler treads.
5. Designed mainly for use off public roads while not on public roads.
6. While located for use as a residence or premises.

***EXCLUSIONS***

A. We do not provide Uninsured Motorists Coverage for "**property damage**" or "**bodily injury**" sustained by any "**insured**":

1. If that "**insured**" or the legal representative settles the "**bodily injury**" or "**property damage**" claim with the driver or owner of an "**uninsured motor vehicle**" without our consent.

   However, this Exclusion **(A.1.)** does not apply:
   a. If such settlement does not prejudice our right to recover payment; or
   b. To a settlement made with the insurer of a vehicle described in Paragraph **2.** of the definition of "**uninsured motor vehicle**".
2. When "**your covered auto**" is being used as a public or livery conveyance. This Exclusion **(A.2.)** does not apply to a share-the-expense car pool.
3. Using a vehicle without a reasonable belief that that "**insured**" is entitled to do so. This Exclusion **(A.3.)** does not apply to a "**family member**" using "**your covered auto**" which is owned by you.
4. For the first $150 of the amount of each claim for "**property damage**" as the result of any one accident. However, this Exclusion **(A.4.)** does not apply to:
   a. Direct damage to "**your covered auto**" if there is a valid and collectible physical damage coverage ap-

plicable to that damage under this or any other policy; or

b. Indirect damage to any property of the "**insured**".

5. If the property is contained in or struck by a motor vehicle (other that "**your covered auto**") owned by you or any "**family member**".
6. For "**property damage**" in excess of $10,000 arising out of any one claim as the result of any one accident.

**B.** This coverage shall not apply:

1. To "**property damage**" for which the "**insured**" has been compensated by other property or physical damage insurance, including any physical damage insurance under this policy.
2. Directly or indirectly to benefit:
   a. Any insurer or self-insurer under any of the following or similar law:
      (1) Workers' compensation law; or
      (2) Disability benefits law.
   b. Any insurer of property.

**C.** We do not provide Uninsured Motorists Coverage for punitive or exemplary damages.

If the limit of liability shown in the Declarations for this coverage is a single limit applicable for each accident, the following Single Limit of Liability Provision applies.

***SINGLE LIMIT OF LIABILITY***

**A.** Our maximum limit of liability for all damages for "**bodily injury**" resulting from any one accident is the limit of liability shown in the Declarations for bodily injury Uninsured Motorists Coverage. The per claim limit of property damage liability shown in the Declarations for Uninsured Motorists Coverage is our maximum limit of liability for each claim for "**property damage**" resulting from any one accident.

Our maximum limit is the most we will pay regardless of the number of:

1. "**Insureds**";
2. Claims made;
3. Vehicles or premiums shown in Declarations; or
4. Vehicles involved in the accident.

We will apply the limit of liability to provide any separate limits required by law for "**bodily injury**". However, this provision will not change our total limit of liability.

**B.** With respect to damages caused by an accident with a vehicle described under Paragraph **2.** of the definition of "**uninsured motor vehicle**", the limit of liability for this coverage shall be reduced by all sums paid because of the "**bodily injury**" or "**property damage**" by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part **A** of this policy.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A** or Part **B** of this policy.

**D.** We will not make duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

**E.** We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

1. Workers' compensation law; or
2. Disability benefits law.

***OTHER INSURANCE***

If there is other applicable insurance similar to the insurance provided under this Part of the policy, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance similar to the insurance provided under this Part of the policy.

***ARBITRATION***

**A.** If we and an "insured" do not agree:

1. Whether that "insured" is legally entitled to recover damages; or
2. As to the amount of damages which are recoverable by that "insured";

from the owner or operator of an "uninsured motor vehicle", then upon written consent of both parties, the matter may be arbitrated. In this event, each party will select an arbitrator. The two arbitrators will select a third arbitrator. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

**B.** Each party will:

1. Pay the expenses it incurs: and
2. Bear the expenses of the third arbitrator equally.

However, the "insured" will not be required to advance the expenses of arbitration.

**C.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

1. Whether the "insured" is legally entitled to recover damages: and
2. The amount of the damages.

Any award not exceeding the limits of the Financial Responsibility law of Vermont, will be binding and may be entered as a judgement in a proper court. When any arbitration award exceeds the Financial Responsibility limits in the state of Vermont, either party has a right to trial on all issues in a court of competent jurisdiction. This right must be exercised within 60 days of the award. Costs, including attorney fees, are to be paid by the party incurring them.

**D.** If either party does not consent to arbitration, then the "insured" shall:

1. File a lawsuit in the proper court against the owner or operator of the "uninsured motor vehicle" and us. Or if such owner or operator is unknown, against us; and
2. Upon filing, give us copies of the summons and complaints filed by the "insured" in that action; and
3. Secure a judgment in that action. The judgment must be the final result of an actual trial and an appeal, if an appeal is taken.

If the "insured" filed suit against the owner or operator of the "uninsured motor vehicle", we have the right to defend on the issues of the legal liability of and the damages owed by such owner or operator. Except as provided above, we are not bound by any judgment against any person or organization obtained without our written consent. The "insured" shall not enter into any settlement with any person or organization legally liable for "bodily injury" sustained by an "insured" without our written consent if the settlement agreement precludes our right of recovery against such person or organization.

***ADDITIONAL DUTIES***

A person seeking Uninsured Motorists Coverage under Paragraph **2.** of the definition of **"uninsured motor vehicle"** must also promptly:

1. Send us copies of the legal papers if a suit is brought; and
2. Notify us in writing of a tentative settlement between the **"insured"** and the insurer of the **"uninsured motor vehicle"** and allow us 30 days to advance payment to that **"insured"** in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such **"uninsured motor vehicle"**.

***II. PART F — GENERAL PROVISIONS***

Part **F** is amended as follows:

**A.** The **Our Right To Recover Payment** Provision is amended as follows:

**OUR RIGHT TO RECOVER PAYMENT**

1. Paragraph **B.** is replaced by the following with respect to Uninsured Motorists Coverage:

   If we make a payment under Uninsured Motorists Coverage, and the person to or for whom payment is made recovers damages from another, that person shall:

   **a.** Hold in trust for us the proceeds of the recovery; and

   **b.** Reimburse us to the extent of our payment less our share of all reasonable expenses incurred by that person in collecting the recovery. The expenses of recovery shall be apportioned between the parties as their interests appear at the time of the settlement or recovery.

2. The following is added:

   Our rights do not apply under Paragraph **A.** with respect to coverage under Paragraph **2.** of the definition of **"uninsured motor vehicle"** if we:

   **a.** Have been given prompt written notice of a tentative settlement between an **"insured"** and the insurer of an **"uninsured motor vehicle"**.

   **b.** Fail to advance payment to the **"insured"** in an amount equal to the tentative settlement within 30 days after receipt of notification.

   If we advance payment to the **"insured"** in an amount equal to the tentative settlement within 30 days after receipt of notification:

   **a.** That payment will be separate from any amount the **"insured"** is entitled to recover under the provisions of Uninsured Motorists Coverage; and

   **b.** We also have a right to recover the advance payment.

**B.** The following is added to the **Two Or More Auto Policies** Provisions:

**TWO OR MORE AUTO POLICIES**

1. This provision does not apply to Uninsured Motorists Coverage.
2. No one will be entitled to receive duplicate payments for the same elements of loss under Uninsured Motorists Coverage.

---

The following endorsment applies to your policy

***SPLIT UNINSURED MOTORISTS LIMIT — VERMONT***

G13157 01 99

If separate limits of liability for each person and each accident are shown in the Declarations for this coverage, paragraph **A.** of the **Single Limit of Liability** Provision in the Uninsured Motorists Coverage — Vermont Endorsement is replaced by the following:

***SPLIT LIMIT OF LIABILITY***

**A.** The limit of bodily injury liability shown in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of **"bodily injury"** sustained by any one person in any one accident. Subject to this limit for each person, the limit of bodily injury liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **"bodily injury"** resulting from any one accident. Our maximum limit of liability for each claim for **"property damage"** resulting from any one accident is $10,000. Our maximum limit is the most we will pay, regardless of the number of:

1. **"Insureds"**;
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.

---

The following endorsement applies to your policy only if form number PP 02 01 appears on the Declarations Page.

***SUSPENSION OF INSURANCE***

PP 02 01 08 86

**Autos:** As indicated on the Declarations Page, the auto with suspended insurance is indicated in the Your Covered Auto section.

Except for the maintenance or testing of **"your covered auto"** on your property, this policy is suspended as of the effective date of this endorsement for all coverages except "Other than Collision".

If coverage is suspended for at least thirty consecutive days, you will be entitled to a refund.

Case 1:07-cv-00062-ML-DLM Document 21-4 Filed 09/29/2007 Page 38 of 38


The following endorsement applies to your policy

***COVERAGE FOR DAMAGE TO YOUR AUTO EXCLUSION ENDORSEMENT***

PP 13 01 12 99

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

I. **Definitions**

The following definition is added:

"**Diminution in value**" means the actual or perceived loss in market or resale value which results from a direct and accidental loss.

II. Part **D** — Coverage For Damage To Your Auto

The following exclusion is added:

We will not pay for:

Loss to "**your covered auto**" or any "**non-owned auto**" due to "**diminution in value**".

This endorsement must be attached to the Change Endorsement when issued after the policy is written.