UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES P. LAPLANTE | : | |
| | : | |
| vs. | : | C.A. No. 07-62 ML |
| | : | |
| YORK INSURANCE COMPANY OF MAINE | : | |

DEFENDANT'S OBJECTION
TO PLAINTIFF'S MOTION TO FILE MEMORANDUM OUT OF TIME
AND DEFENDANT'S MOTION TO STRIKE

Defendant, York Insurance Company of Maine hereby objects to plaintiff's Motion to File Memorandum Out of Time Nunc Pro Tunc and moves to Strike the Memorandum filed by the plaintiff on October 3, 2007. As grounds therefore, the defendant asserts that the contents of the Memorandum is significantly edited and altered from the form in which it was originally filed with the Court on October 1, 2007 despite the fact that it was returned only for a proper signature and conformance to electronic filing requirements. In support of this objection, the Court is respectfully referred to the Memorandum of Law filed contemporaneously herewith.

YORK INSURANCE COMPANY
OF MAINE
By its Attorneys,
CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson
C. RUSSELL BENGTSON #1233
PATRICIA A. BUCKLEY #2987
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile
rbengtson@ckmlaw.com

CERTIFICATION

I hereby certify that on October 5, 2007, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Keven A. McKenna, Esquire, KevenM@McKennalaw.cc will receive notice through the ECF system.

/s/ C. Russell Bengtson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES P. LAPLANTE | : | |
| | : | |
| vs. | : | C.A. No. 07-62 ML |
| | : | |
| YORK INSURANCE COMPANY OF MAINE | : | |
| | : | |

DEFENDANT'S MEMORANDUM IN SUPPORT OF IT OBJECTION TO PLAINTIFF'S MOTION TO FILE MEMORANDUM OUT OF TIME AND DEFENDANT'S MOTION TO STRIKE

Defendant, York Insurance Company of Maine ("York") did not intend to object to the plaintiff's initial Motion to File Memorandum Out of Time Nunc Pro Tunc despite the fact that the plaintiff has no reasonable explanation for why he was unable to properly file his summary judgment documents within the deadline set by this court of September 28, 2007 – a deadline which the defendant met without incident. However, after the plaintiff was informed by the Court that his documents would need to be re-filed due to faulty signatures and several other issues, he took the opportunity and the additional time provided solely because his own errors, to revise and edit his Motion for Partial Summary Judgment and, far more extensively, his Memorandum in support of the motion (document 26-2). This action was inappropriate and unfair and requires this objection from York to the Court's acceptance of the altered Memorandum. York respectfully requests that the Memorandum be stricken.

According to the documents received by York's counsel through the CM/ECF system, the plaintiff's original Motion for Partial Summary Judgment, Statement of

Undisputed Facts and two affidavits were filed in the early morning hours of September 29, 2007 – beyond the due date of September 28, 2007.[1] The initial Memorandum (document 23) and Motion to File Memorandum Out of Time (document 24) were filed on October 1, 2007. The plaintiff has asserted that the late filings resulted from issues he encountered with incompatibility between his documents and the CM/ECF system. It should be noted that counsel is repeatedly admonished by the CM/ECF personnel that documents should be filed during the hours that the "help desk" is staffed in the event that a problem arises. Part of the CM/ECF training for attorneys is a warning that if counsel waits to file documents until the last minute when help is not available, counsel does so at his or her peril. Finally, all counsel received an emailed notice from the court dated September 18, 2007 advising that the court's system would be unavailable on September 29 and 30, 2007 due to planned upgrades. Responsibility for proper filing resides with the attorney making the filing and it is clear from the plaintiff's Motion that counsel simply did not take appropriate steps to ensure compliance with this Court's September 28, 2007 deadline and the requirements of the CM/ECF system.

On October 1, 2007 in the afternoon, the court electronically entered an order returning the plaintiff's documents to him for correction of the electronic signature and proper filing of the Statement of Undisputed Facts and exhibits. The plaintiff then filed a new set of documents on October 3, 2007 with a new Motion to File Memorandum Out of Time Nunc Pro Tunc. The motion was changed to reflect a

[1] While the plaintiff has requested only that his Memorandum be accepted out of time, nunc pro tunc, all of his documents were filed beyond the due date. It is unclear why the plaintiff has not requested that all of his documents be included within the ambit of the Motion to File Memorandum Out of Time.

new paragraph dealing with the return of the documents (paragraph 4) and to add a final line that the defendant was not prejudiced by the late filing because it had "received copies of the incorrectly electronically filed earlier pleading." Paragraph 5.

Upon review of the new documents it became immediately apparent that the Motion for Partial Summary Judgment filed on October 3, 2007 had undergone some minor editing. When the Memorandum was then reviewed it was discovered that significant changes had been made between the original version filed on October 1, 2007 and the version filed on October 3, 2007. These changes include the addition of material, the deletion of material and the rearrangement of material. Exhibit A hereto is a copy of the second Memorandum with only the additional material highlighted by hand-underlining. It was simply too difficult to meaningfully indicate on the document the places where material has been deleted or reorganized. In fact, there has been significant editing on every page except two (pages 16 and 24). The material added includes substantive text, section headings and footnotes. Other changes include reorganization of sentences and paragraphs and new emphasis supplied to words and phrases. The changes are so numerous as to be pervasive.

By way of example, almost the full page 21 in the new Memorandum is entirely new language. Page 28 contains three new extensive footnotes along with new text added to the heading and the argument. On page 29 sections 19 and 20 have been deleted from the previous memorandum and a new section designated 19 that is comprised of entirely new language has been added. Page 6 includes many deletions accompanied by new language and extensive rewording. Similar

changes appear on 28 out of 30 pages.

The editing of the Memorandum after it was previously filed, well after York filed its own documents and well after the due date that was intended by the Court to apply to both parties, is blatantly improper and unfair. The plaintiff took the opportunity presented by what he originally claimed were electronic filing issues, and by the court's subsequent return of his documents to him, to not simply correct the flaws identified by the court, but to rework his Memorandum and argument. York had no such opportunity because it presented its material in a timely and appropriate manner in accordance with the order of this Court. Stated another way, the plaintiff unilaterally helped himself, here, to a "do-over" long after the filing deadline had passed. He had no right to do so and should not have done it. If the plaintiff is allowed to exploit what began as a claimed electronic filing issue then became an issue of the plaintiff's inability to comply with the clear electronic filing requirements of the Court, he will have purposefully obtained an unfair advantage and blatantly flaunted the filing deadlines of this Court.

As noted at the beginning of this Memorandum, while York felt it had good reason to object to the plaintiff's initial untimely filings it had no intention to do so. However, York cannot sit by and allow the plaintiff to file his altered second Memorandum without objection. The plaintiff's action, here, crosses a line and it should not have occurred.

For these reasons, defendant York Insurance Company of Maine respectfully requests that the plaintiff's Motion to File Memorandum Out of Time Nunc Pro Tunc be denied as to his second Memorandum (document 26-2) and moves that the

Memorandum be stricken from the record.

YORK INSURANCE COMPANY
OF MAINE
By its Attorneys,
CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson
C. RUSSELL BENGTSON #1233
PATRICIA A. BUCKLEY #2987
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile
rbengtson@ckmlaw.com

CERTIFICATION

I hereby certify that on October 5, 2007, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Keven A. McKenna, Esquire, KevenM@McKennalaw.cc will receive notice through the ECF system.

/s/ C. Russell Bengtson