# PERSONAL AUTO COMPOSITE ENDORSEMENT — VERMONT

OneBeacon INSURANCE

**THE ENDORSEMENTS CONTAINED IN THIS COMPOSITE CHANGE THE POLICY. PLEASE READ THEM CAREFULLY.**

The following endorsements contained in your policy booklet are not applicable if **"your covered auto"** is principally garaged in **VERMONT.**

**PP 03 11 06 94** Underinsured Motorists Coverage
**PP 04 01 04 86** Split Uninsured Motorists Limits
**PP 04 02 04 86** Split Underinsured Motorists Limits

The following endorsement applies to your policy.

***AMENDMENT OF POLICY PROVISIONS — VERMONT***
PP 01 72 06 94

***I. PART A — LIABILITY COVERAGE***

Part **A** is amended as follows:

**A.** Paragraph **A** of the Insuring Agreement is replaced by the following:

**INSURING AGREEMENT**

We will pay damages for **"bodily injury"** or **"property damage"** for which any **"insured"** becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the **"insured"**. We will settle or defend, as we consider appropriate, any claim or suit asking for damages which are payable under the terms of this policy. In addition to our limit of liability, we will pay all defense costs we incur. We have no duty to defend any suit or settle any claim for **"bodily injury"** or **"property damage"** not covered under this policy.

**B.** Exclusion **A.8.** is replaced by the following:

We do not provide Liability Coverage for any **"insured"**:

8. Using a vehicle without a reasonable belief that that **"insured"** is entitled to do so. This exclusion **(A.8.)** does not apply to a **"family member"** using **"your covered auto"** which is owned by you.

**C.** Exclusion **B.2.** and **B.3.** are replaced by the following:

We do not provide Liability Coverage for the ownership, maintenance or use of:

2. Any vehicle, other than **"your covered auto"**, which is:
   a. Owned by you; or
   b. Furnished for your regular use.
3. Any vehicle, other than **"your covered auto"**, which is:
   a. Owned by any **"family member"**; or
   b. Furnished for the regular use of any **"family member"**.

   However, this exclusion **(B.3.)** does not apply while you are maintaining or **"occupying"** any vehicle which is:
   a. Owned by a **"family member"**; or
   b. Furnished for the regular use of a **"family member"**.

**D.** The following is added to the Limit of Liability provision:

If a judgment is rendered against you and we continue the suit by appeal or otherwise, no limitation of liability in this policy shall be valid unless you agree to this continuation.

***II. PART B — MEDICAL PAYMENTS COVERAGE***

Exclusions **5.** and **6.** of Part **B** are replaced by the following:

We do not provide Medical Payments Coverage for any **"insured"** for **"bodily injury"**:

5. Sustained while **"occupying"** or, when struck by, any vehicle (other than **"your covered auto"**) which is:
   a. Owned by you; or
   b. Furnished for your regular use.
6. Sustained while **"occupying"** or, when struck by, any vehicle (other than **"your covered auto"**) which is:
   a. Owned by any **"family member"**; or
   b. Furnished for the regular use of any **"family member."**

   However, this exclusion **(6.)** does not apply to you.

***III. PART D — COVERAGE FOR DAMAGE TO YOUR AUTO***

Part **D** is amended as follows:

**A.** Paragraph **C.** of the Insuring Agreement is replaced by the following:

**INSURING AGREEMENT**

**"Non-owned auto"** means:

1. Any private passenger auto, pickup, van or **"trailer"** not owned by or furnished for the regular use of you or any **"family member"** while in the custody of or being operated by you or any **"family member"**; or
2. Any auto or **"trailer"** you do not own while used as a temporary substitute for **"your covered auto"** which is out of normal use because of its:
   a. Breakdown;
   b. Repair;
   c. Servicing;
   d. Loss; or
   e. Destruction;

**B.** Paragraph **A.** of the Limit of Liability provision is replaced by the following:

**LIMIT OF LIABILITY**

Our limit of liability for loss will be the lesser of the:

1. Actual cash value of the stolen or damaged property; or
2. Amount necessary to repair or replace the property with other property of like kind and quality.

***IV. PART F — GENERAL PROVISIONS***

Part **F** is amended as follows:

**A.** The Legal Action Against Us provision is replaced by the following:

No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part **A**, no legal action may be brought against us until:

1. We agree in writing that the **"insured"** has an obligation to pay; or
2. The amount of that obligation has been finally determined by judgment after trial.

However:

1. Your right to bring legal action against us is not conditioned upon your compliance with the Appraisal provision of Part **D**.
2. Under Part **A**, payment of any judicial judgment or claim by you for any of our liability shall not bar you from any action or right of action against us.

   No person or organization has any right under this policy to bring us into any action to determine the liability of an **"insured"**.

**B.** The Termination provision is replaced by the following:

**TERMINATION**

**Cancellation.** This policy may be cancelled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:
   - **a.** Returning this policy to us; or
   - **b.** Giving us advance written notice of the date cancellation is to take effect.
2. We may cancel by:
   - **a.** Giving the named insured shown in the Declarations at the address shown in this policy at least 15 days notice by certified mail or certificate of mailing if cancellation is for nonpayment of premium; or
   - **b.** Mailing by certified mail to the named insured shown in the Declarations at the address shown in this policy at least 45 days notice in all other cases.
3. When this policy is in effect for 60 days or more, or if this is a renewal or continuation policy, we will cancel only:
   - **a.** For non-payment of premium; or
   - **b.** If your driver's license or that of:
     - **(1)** Any driver who lives with you; or
     - **(2)** Any driver who customarily uses **"your covered auto"**;

     has been suspended or revoked. This must have occurred:
     - **(1)** During the policy period; or
     - **(2)** Since the last anniversary of the original effective date if the policy period is other than 1 year;
   - **c.** If the policy was obtained through material misrepresentation.

**Nonrenewal.** If we decide not to renew or continue this policy we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 45 days before the end of the policy period. If the policy period is:

1. Less than 6 months, we will have the right not to renew or continue this policy every 6 months, beginning 6 months after its original effective date.
2. 1 year or longer, we will have the right not to renew or continue this policy at each anniversary of its original effective date.

**Automatic Termination.** If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

If you obtain other insurance on **"your covered auto"**, any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

**Other Termination Provisions.**

1. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.
2. If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.
3. The effective date of cancellation stated in the notice shall become the end of the policy period.
4. We will give notice of cancellation to the loss payee stated in the policy if the named insured shown in the Declarations requests cancellation of:
   - **a.** The entire policy; or
   - **b.** Any Coverage for Damage to Your Auto afforded under this policy to any **"your covered auto"** for which the loss payee has an insurable interest.
5. If we decide to cancel this policy, the same method of mailing the notice of cancellation to the named insured shown in the Declarations will also be used to notify the loss payee stated in the policy.

---

The following endorsement applies to your policy.

***AMENDMENT OF TERMINATION PROVISION — VERMONT***

G11562-1 (Ed. 6-94)

The Cancellation section of the **TERMINATION** provision of **PART F — GENERAL PROVISIONS** as amended by the AMENDMENT OF POLICY PROVISIONS — VERMONT ENDORSEMENT above is deleted and replaced by the following:

***TERMINATION***

**Cancellation.** This policy may be cancelled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:
   - **a.** Returning this policy to us; or
   - **b.** Giving us advance written notice of the date cancellation is to take effect.
2. We may cancel by:
   - **a.** Giving the named insured shown in the Declarations at the address shown in this policy at least 15 days notice by certified mail or certificate of mailing if cancellation is for nonpayment of premium; or
   - **b.** Mailing by certified mail to the named insured shown in the Declarations at the address shown in this policy at least 45 days notice in all other cases.
3. When this policy is in effect for 60 days or more, or if this is a renewal or continuation policy, we will cancel only:
   - **a.** For nonpayment of premium; or
   - **b.** If your driver's license or that of:
     - **(1)** Any driver who lives with you; or

(2) Any driver who customarily uses **"your covered auto"**;

has been suspended or revoked. This must have occurred:

(1) During the policy period; or

(2) Since the last anniversary of the original effective date if the policy period is other than 1 year.

c. For fraud or material misrepresentation affecting the policy or in presentation of a claim thereunder; or

d. For violation of any of the terms or conditions of the policy.

---

***UNINSURED MOTORISTS COVERAGE — VERMONT***

G13156 03 02

***I. PART C — UNINSURED MOTORISTS COVERAGE***

Part **C** is replaced by the following:

***INSURING AGREEMENT***

A. We will pay compensatory damages which an **"insured"** is legally entitled to recover from the owner or operator of an **"uninsured motor vehicle"** because of:

1. **"Bodily injury"** sustained by an **"insured"** and caused by an accident; and
2. **"Property damage"** caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **"uninsured motor vehicle"**.

We will pay under this coverage only if **1.** or **2.** below applies:

1. The limits of liability under any bodily injury liability bonds or policies applicable to the **"uninsured motor vehicle"** have been exhausted by payment of judgments or settlements; or
2. A tentative settlement has been made between an **"insured"** and the insurer of a vehicle described in Section **2.** of the definition of **"uninsured motor vehicle"** and we:
   a. Have been given prompt written notice of such tentative settlement; and
   b. Advance payment to the **"insured"** in an amount equal to the tentative settlement within 30 days after receipt of notification.

Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

B. **"Insured"** as used in this endorsement means:

1. You or any **"family member"**.
2. Any other person **"occupying" "your covered auto"**.
3. Any person for damages that person is entitled to recover because of **"bodily injury"** to which this coverage applies sustained by a person described in **1.** or **2.** above.

C. **"Property damage"** as used in this endorsement means injury to or destruction of the property of an **"insured"**.

D. **"Uninsured motor vehicle"** means a land motor vehicle or trailer of any type:

1. To which no liability bond or policy applies at the time of the accident.
2. To which a liability bond or policy applies at the time of the accident but its limit of liability is less than the sum of the limits of liability applicable to the **"insured"** for Uninsured Motorists Coverage under this policy or any other policy.
3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:
   a. You or any **"family member"**;
   b. A vehicle which you or any **"family member"** are **"occupying"**;
   c. **"Your covered auto"**; or
   d. The property of an **"insured"**.
4. To which a liability bond or policy applies at the time of the accident but the bonding or insuring company:
   a. Denies coverage; or
   b. Is or becomes insolvent.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

1. Owned by or furnished for the regular use of you or any **"family member"**.
2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or become insolvent.
3. Owned by any governmental unit or agency while being used within the scope of permission of that governmental unit or agency.
4. Operated on rails or crawler treads.
5. Designed mainly for use off public roads while not on public roads.
6. While located for use as a residence or premises.

***EXCLUSIONS***

A. We do not provide Uninsured Motorists Coverage for **"property damage"** or **"bodily injury"** sustained by any **"insured"**:

1. If that **"insured"** or the legal representative settles the **"bodily injury"** or **"property damage"** claim with the driver or owner of an **"uninsured motor vehicle"** without our consent.

   However, this Exclusion **(A.1.)** does not apply:
   a. If such settlement does not prejudice our right to recover payment; or
   b. To a settlement made with the insurer of a vehicle described in Paragraph **2.** of the definition of **"uninsured motor vehicle"**.
2. When **"your covered auto"** is being used as a public or livery conveyance. This Exclusion **(A.2.)** does not apply to a share-the-expense car pool.
3. Using a vehicle without a reasonable belief that that **"insured"** is entitled to do so. This Exclusion **(A.3.)** does not apply to a **"family member"** using **"your covered auto"** which is owned by you.
4. For the first $150 of the amount of each claim for **"property damage"** as the result of any one accident. However, this Exclusion **(A.4.)** does not apply to:
   a. Direct damage to **"your covered auto"** if there is a valid and collectible physical damage coverage ap-

---

plicable to that damage under this or any other policy; or

b. Indirect damage to any property of the **"insured"**.

5. If the property is contained in or struck by a motor vehicle (other that **"your covered auto"**) owned by you or any **"family member"**.

6. For **"property damage"** in excess of $10,000 arising out of any one claim as the result of any one accident.

B. This coverage shall not apply:

1. To **"property damage"** for which the **"insured"** has been compensated by other property or physical damage insurance, including any physical damage insurance under this policy.

2. Directly or indirectly to benefit:

a. Any insurer or self-insurer under any of the following or similar law:

(1) Workers' compensation law; or

(2) Disability benefits law.

b. Any insurer of property.

C. We do not provide Uninsured Motorists Coverage for punitive or exemplary damages.

If the limit of liability shown in the Declarations for this coverage is a single limit applicable for each accident, the following Single Limit of Liability Provision applies.

***SINGLE LIMIT OF LIABILITY***

A. Our maximum limit of liability for all damages for **"bodily injury"** resulting from any one accident is the limit of liability shown in the Declarations for bodily injury Uninsured Motorists Coverage. The per claim limit of property damage liability shown in the Declarations for Uninsured Motorists Coverage is our maximum limit of liability for each claim for **"property damage"** resulting from any one accident.

Our maximum limit is the most we will pay regardless of the number of:

1. **"Insureds"**;

2. Claims made;

3. Vehicles or premiums shown in Declarations; or

4. Vehicles involved in the accident.

We will apply the limit of liability to provide any separate limits required by law for **"bodily injury"**. However, this provision will not change our total limit of liability.

B. With respect to damages caused by an accident with a vehicle described under Paragraph **2.** of the definition of **"uninsured motor vehicle"**, the limit of liability for this coverage shall be reduced by all sums paid because of the **"bodily injury"** or **"property damage"** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part **A** of this policy.

C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A** or Part **B** of this policy.

D. We will not make duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

E. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

1. Workers' compensation law; or

2. Disability benefits law.

***OTHER INSURANCE***

If there is other applicable insurance similar to the insurance provided under this Part of the policy, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance similar to the insurance provided under this Part of the policy.

***ARBITRATION***

A. If we and an "insured" do not agree:

1. Whether that "insured" is legally entitled to recover damages; or

2. As to the amount of damages which are recoverable by that "insured";

from the owner or operator of an "uninsured motor vehicle", then upon written consent of both parties, the matter may be arbitrated. In this event, each party will select an arbitrator. The two arbitrators will select a third arbitrator. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B. Each party will:

1. Pay the expenses it incurs; and

2. Bear the expenses of the third arbitrator equally.

However, the "insured" will not be required to advance the expenses of arbitration.

C. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

1. Whether the "insured" is legally entitled to recover damages; and

2. The amount of the damages.

Any award not exceeding the limits of the Financial Responsibility law of Vermont, will be binding and may be entered as a judgement in a proper court. When any arbitration award exceeds the Financial Responsibility limits in the state of Vermont, either party has a right to trial on all issues in a court of competent jurisdiction. This right must be exercised within 60 days of the award. Costs, including attorney fees, are to be paid by the party incurring them.

D. If either party does not consent to arbitration, then the "insured" shall:

1. File a lawsuit in the proper court against the owner or operator of the "uninsured motor vehicle" and us. Or if such owner or operator is unknown, against us; and

2. Upon filing, give us copies of the summons and complaints filed by the "insured" in that action; and

3. Secure a judgment in that action. The judgment must be the final result of an actual trial and an appeal, if an appeal is taken.

If the "insured" filed suit against the owner or operator of the "uninsured motor vehicle", we have the right to defend on the issues of the legal liability of and the damages owed by such owner or operator. Except as provided above, we are not bound by any judgment against any person or organization obtained without our written consent. The "insured" shall not enter into any settlement with any person or organization legally liable for "bodily injury" sustained by an "insured" without our written consent if the settlement agreement precludes our right of recovery against such person or organization.

***ADDITIONAL DUTIES***

A person seeking Uninsured Motorists Coverage under Paragraph **2.** of the definition of **"uninsured motor vehicle"** must also promptly:

1. Send us copies of the legal papers if a suit is brought; and
2. Notify us in writing of a tentative settlement between the **"insured"** and the insurer of the **"uninsured motor vehicle"** and allow us 30 days to advance payment to that **"insured"** in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such **"uninsured motor vehicle"**.

***II. PART F — GENERAL PROVISIONS***

Part **F** is amended as follows:

**A.** The **Our Right To Recover Payment** Provision is amended as follows:

OUR RIGHT TO RECOVER PAYMENT

1. Paragraph **B.** is replaced by the following with respect to Uninsured Motorists Coverage:

   If we make a payment under Uninsured Motorists Coverage, and the person to or for whom payment is made recovers damages from another, that person shall:

   **a.** Hold in trust for us the proceeds of the recovery; and

   **b.** Reimburse us to the extent of our payment less our share of all reasonable expenses incurred by that person in collecting the recovery. The expenses of recovery shall be apportioned between the parties as their interests appear at the time of the settlement or recovery.

2. The following is added:

   Our rights do not apply under Paragraph **A.** with respect to coverage under Paragraph **2.** of the definition of **"uninsured motor vehicle"** if we:

   **a.** Have been given prompt written notice of a tentative settlement between an **"insured"** and the insurer of an **"uninsured motor vehicle"**.

   **b.** Fail to advance payment to the **"insured"** in an amount equal to the tentative settlement within 30 days after receipt of notification.

   If we advance payment to the **"insured"** in an amount equal to the tentative settlement within 30 days after receipt of notification:

   **a.** That payment will be separate from any amount the **"insured"** is entitled to recover under the provisions of Uninsured Motorists Coverage; and

   **b.** We also have a right to recover the advance payment.

**B.** The following is added to the **Two Or More Auto Policies** Provisions:

TWO OR MORE AUTO POLICIES

1. This provision does not apply to Uninsured Motorists Coverage.
2. No one will be entitled to receive duplicate payments for the same elements of loss under Uninsured Motorists Coverage.

---

The following endorsment applies to your policy

***SPLIT UNINSURED MOTORISTS LIMIT — VERMONT***

G13157 01 99

If separate limits of liability for each person and each accident are shown in the Declarations for this coverage, paragraph **A.** of the **Single Limit of Liability** Provision in the Uninsured Motorists Coverage — Vermont Endorsement is replaced by the following:

***SPLIT LIMIT OF LIABILITY***

**A.** The limit of bodily injury liability shown in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of **"bodily injury"** sustained by any one person in any one accident. Subject to this limit for each person, the limit of bodily injury liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **"bodily injury"** resulting from any one accident. Our maximum limit of liability for each claim for **"property damage"** resulting from any one accident is $10,000. Our maximum limit is the most we will pay, regardless of the number of:

1. **"Insureds"**;
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.

---

The following endorsement applies to your policy only if form number PP 02 01 appears on the Declarations Page.

***SUSPENSION OF INSURANCE***

PP 02 01 08 86

**Autos:** As indicated on the Declarations Page, the auto with suspended insurance is indicated in the Your Covered Auto section.

Except for the maintenance or testing of **"your covered auto"** on your property, this policy is suspended as of the effective date of this endorsement for all coverages except "Other than Collision".

If coverage is suspended for at least thirty consecutive days, you will be entitled to a refund.

OneBeacon INSURANCE

The following endorsement applies to your policy

***COVERAGE FOR DAMAGE TO YOUR AUTO EXCLUSION ENDORSEMENT***

PP 13 01 12 99

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

I. **Definitions**

The following definition is added:

"**Diminution in value**" means the actual or perceived loss in market or resale value which results from a direct and accidental loss.

II. Part **D** — Coverage For Damage To Your Auto

The following exclusion is added:

We will not pay for:

Loss to "**your covered auto**" or any "**non-owned auto**" due to "**diminution in value**".

This endorsement must be attached to the Change Endorsement when issued after the policy is written.