EX 41
12-2-05
Response to R.I. D.B.R.
re single limit

CARROLL, KELLY & MURPHY
COUNSELLORS AT LAW
ONE TURKS HEAD PLACE, SUITE 400
PROVIDENCE, RHODE ISLAND 02903

JOSEPH A. KELLY
C. RUSSELL BENGTSON
RUTH DIMEGLIO
WILLIAM H. JESTINGS
JOHN P. MCCOY
PATRICIA A. BUCKLEY

PAULA A. KELLY
SHANNON GILHEENEY
MAUREEN LEWIS MALLON
SCOTT D. LEVESQUE
TODD J. ROMANO

TELEPHONE
(401) 331-7272
FACSIMILE
(401) 331-4404

STATE OF RHODE ISLAND
INSURANCE DIVISION

December 2, 2005

056-11-17

Mr. F. R. Boulay
Senior Insurance Rate Analyst
State of Rhode Island
Department of Business Regulation
Insurance Division
233 Richmond Street, Suite 233
Providence, RI 02903

Re: James LaPlante;
OneBeacon Insurance Group/
York Insurance Company of Maine
Policy No. [redacted]
DOL: February 23, 2003
Our File 531

Dear Mr. Boulay:

I have been asked to respond to the letter of Kevin A. McKenna to you dated November 10, 2005.

The policy of insurance was issued by York Insurance Company of Maine to Corrina Brown and James S. LaPlante in Vermont. The policy of insurance did contain uninsured motorist coverage.

In Rhode Island the law of the place where the insurance contract was made governs its construction. See *Bartholomew v. Insurance Company of America*, 502 F.Supp. 246, *Coderre v. Travelers Insurance Co.*, 48 R.I. 152 and *Baker v. Hanover Ins.* Co., 568 A.2d 1023 (R.I. 1990). Specifically, in Baker, our Supreme Court in deciding whether or not Rhode Island law or Massachusetts law would apply held:

> In the case at bar we are dealing with a policy of insurance executed and delivered in the Commonwealth of Massachusetts to a Massachusetts corporation whose principal place of business is located in South Attleboro, Massachusetts.

 EX 41 PAGE 2



> Consequently the construction of this policy must be determined with accordance with Massachusetts law. (Citations omitted).

Vermont has determined that limitations of liability contained in insurance policies will be upheld. In *Sanders v. St. Paul Mercury Insurance Co*., 536 A.2d 914 (Vt. 1987) the Supreme Court of the State of Vermont held in a similar case:

> In the absence of ambiguity in the agreement, a statutory violation, or inherently unfair or misleading language, we would give a fact to the plain meaning of the policy's prohibition against stacking of uninsured motorist coverage. (Citations omitted). In the final analysis the policy meets the consumer's expectations if the insurer complies with statutory requirements in every respect; if policy language limiting liability within a single policy is clear; and if additional premiums within the policy relate to additional risk.

In this case, the York insurance policy specifically prohibited stacking. It provided:

> **SINGLE LIMIT OF LIABILITY**:
>
> A. The limit of liability shown in the declarations for this coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of:
>
> 1. .....
>
> 2. .....
>
> 3. Vehicles or premiums shown in the declarations.

The limit of liability shown in the declarations is $300,000. That is all that York Insurance Company owes to James LaPlante. In that regard, York Insurance Company has offered Mr. LaPlante the policy limit. The same has been rejected. The plaintiff has now filed a declaratory judgment action in the Kent County Superior Court. Once the insurance carrier has been served, it intends to remove the case to the United States District Court for the District of Rhode Island. If you have any questions concerning this reply, please call me.

Very truly yours,

C. RUSSELL BENGTSON
CRB:map