**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **James P. Laplante**, | : | |
| Plaintiff | : | |
| v. | : | C.A. 07-0062ML |
| **York Insurance Company of Maine** | : | |
| Defendant | : | |

**Plaintiff's Memorandum In Support of Plaintiff's Objection to Defendant's Motion to Strike.**

Plaintiff has respectfully objected to Defendant's motion to strike his memorandum of law in support of his motion for a summary judgment, and otherwise responds to Defendant objection to file the memorandum out of time, for the reasons herein set forth below in this memorandum.

Defendant has not been put any disadvantage because Plaintiff had edited corrections and deletions to the memorandum, which Plaintiff originally was unsuccessful in filing on September 28, 2007. A more carefully edited and tight memorandum should be of assistance to Defense Counsel. Plaintiff's Counsel certainly was not seeking to put Defense Counsel at any competitive disadvantage.

The memorandum contained no new legal points, which were not originally made in December of 2005 Summary Memorandum filed by the Plaintiff on stacking law in the original State Case. It contains basically the same legal points that the Plaintiff would make in opposition to the Defendant's memorandum, which is due today.

The Defendant's removal of this matter to Federal Court; and Plaintiff's Counsel's attempt to learn electronic filling procedures in Federal Court has place an unexpected time consuming burden on Counsel, which Counsel has tried in good faith to meet, and, would have otherwise wanted to avoid.

Plaintiff’s counsel apologizes for any difficulty caused by his aborted attempts to conform to electronic filing procedure. He would rather not have had to have spent dozens of hours redoing and editing his memorandum and conforming to other changes documents, which were required, between the evening of September 28, 2007 and October 5, 2007, and have filed manually his original written memorandum on September 28, 2007.

Plaintiff’s counsel lack of skill with electronic filing procedures should not deny the Plaintiff the opportunity to have his legal positions presented to the Court.

Plaintiff’s counsel apologizes for any disadvantage caused by his technical ineptitude and his botched attempts to edit the documents correctly. He certainly would have rather not have had the difficulties he encountered, and, had simply filed the documents by mail under the old system on September 28, 2007 without having to had dramatically butcher his memorandum in a frustrating attempt to eliminate unacceptable hyperlinks for electronic filing.

The course of the development, editing, and filing of the Plaintiff’s memorandum in support of his second motion for summary judgment may help add some perspective to this unusual situation.

In December of 2005, the Plaintiff had filed in State Superior Court in Kent County a very lengthy memorandum, with several of the same citations, in support of his first motion for summary judgment, setting out in great detail the legal basis for his claim.

Rather than answer that motion for summary judgment in State Superior Court, the Defendant, in that matter removed that proceeding to Federal Court, where there was

extensive legal debate as to the proper party. Eventually that matter was dismissed because the U.S. District Court held that the wrong party was named as a Defendant.

The Plaintiff refilled again in State Superior Court and again the Defendant removed the matter to Federal Court.

During 2007, counsel has been without a legal secretary, did his own typing, and eventually attempted to undertake electronic filing himself on September 28, 2007.

Through this spring, counsel for Plaintiff had not participated in electronic filing in Federal Court. To respond to the urging of the Federal Court, Counsel then took the course in federal court electronic filing in the summer of 2007, obtained Adobe software, and learned how to use a scanner.

Counsel then had extensive difficulty having his documents accepted on September 28, 2007 for electronic filing. He worked through the night and the next morning trying to reshape his legal memorandum in order to remove offending citations and sections, which may have contained offensive pieces of hyperlinked texts, which were impairing the transmittal of his legal memorandum to the Court's legal filing system. In the early morning hours of Saturday, September 29, 2007, the Plaintiff then filed all of his documents in frustration, without the Memorandum.

On Saturday, September 29, 2007, the Electronic System was closed for its own technical reasons.

On Sunday, September 30, 2007, having deleted and severely edited several sections of his brief, where he believed offending hyperlinks might have located, the Plaintiff was then able to have his butchered memorandum filed electronically.

Counsel did not realize his technological travails had yet to begin.

First, his documents were returned on October 1, 2007 because they had contained ellipses instead of slashes around his electronic signatures on the various documents, and because he had filed some of documents, memorandum and affidavits under the wrong electronic filing categories.

He then went to work making the needed corrections and to restore the butchering he had done to his memorandum on Friday night and Saturday morning to eliminate the hyperlinks, and, to restore needed citations, add some headings, and to other wise shorten the memorandum. The basic legal arguments were not changed. He then filed a motion to have the documents accepted out of time.

On October 4, 2007 counsel then learned his documents were being returned again because some of them contained information not allowed by the Court's privacy rules. He then went to work again.

In the evening of October 4, 2007, and in the day time of October 5, he then edit all of his documents to remove offending privacy material, reedit connecting references, and to make other changes suggested to him by helpful court personnel, such as shorting of heading on exhibits.

Counsel was eventually successful on October 5, 2007 in properly filing all documents.

Counsel prays that the all documents he has filed related to the partial summary judgment issue be accepted, and that his motion to have filed his summary judgment and related documents out of time be accepted, and that opposing counsel be allowed any additional time or any additional documents he feels he needs to respond to the filings of Plaintiff's counsel.

Plaintiff
James P. Laplante
By His Attorney
/s/Keven A. McKenna
Keven A. McKenna, Esq.
Keven A. McKenna, PC
23 Acorn Street
Providence, RI 02903
(401) 273-8200
(401) 521-5820 Facsimile

**Certification of Notice**

I, the undersigned, hereby certify that on the 15th day of October 2007, a true copy of the within document was filed electronically, and is available for viewing and downloading from the ECF system; and that C.Russell Bengston, the Attorney for York Insurance Company of Maine, C. Russell Bengsten, Carroll, Kelly & Murphy, Counselors at Law, One Turks Head Place, Suite 400, Providence, R.I. 02903 will receive notice through the ECF system.

/s/ Keven A.McKenna