UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES P. LAPLANTE | : | |
| | : | |
| vs. | : | C.A. No. 07-62 ML |
| | : | |
| YORK INSURANCE COMPANY OF MAINE | : | |

DEFENDANT'S OBJECTION
TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendant, York Insurance Company of Maine hereby objects to plaintiff's Motion for Reconsideration of Denial of Plaintiff's Motion to File Memorandum Out of Time. In support of this objection, the Court is respectfully referred to the Memorandum of Law filed contemporaneously herewith.

YORK INSURANCE COMPANY
OF MAINE
By its Attorneys,
CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson
C. RUSSELL BENGTSON #1233
PATRICIA A. BUCKLEY #2987
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile
rbengtson@ckmlaw.com

CERTIFICATION

I hereby certify that on December 21, 2007, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Keven A. McKenna, Esquire, KevenM@McKennalaw.cc will receive notice through the ECF system. In addition, a true copy has been mailed this date to James P. Laplante, pro se, P.O. Box 909, Quechee, Vermont, 05059.

/s/ C. Russell Bengtson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES P. LAPLANTE | : | |
| | : | |
| vs. | : | C.A. No. 07-62 ML |
| | : | |
| YORK INSURANCE COMPANY OF MAINE | : | |

DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

The plaintiff, now appearing in this action pro se,[1] has filed a Motion seeking this Court's reconsideration of its October 26, 2007 denial of the plaintiff's Motion to allow his Memorandum in support of his Motion for Partial Summary Judgment to be filed out of time. It will serve no useful purpose, here, to repeat the particulars of the Motion to File Out of Time or the events that lead up to this Court's denial of the Motion.

The defendant objects to the Motion for Reconsideration on the grounds that the plaintiff has raised no legitimate argument in favor of the motion. He has raised no new facts or law – he simply argues that the Court was wrong. He also makes an argument that his then-counsel did not choose to make during the original argument on the motion, namely, that his counsel's inability to properly electronically file his documents in accordance with the rules of this Court was somehow attributable to an unspecified heart ailment and the death of the

[1] The plaintiff entered his appearance, pro se, in this action on December 18, 2007. Attorney McKenna electronically filed a notice of withdrawal on the same date.

attorney's mother two months before the Motion for Partial Summary Judgment was filed. It should be noted that while the plaintiff has filed affidavits from himself and his father attesting to these assertions, no affidavit from Attorney McKenna has been provided. The allegations relative to any effect on this case of his heart ailment or the loss of his mother two months before the deadline for the filing of the Motions for Summary Judgment, are vague and unspecified.

Further, it should be noted that Mr. McKenna sought and was granted an extension of time from August 31, 2007 to September 28, 2007 to file his motion and supporting paperwork. He had not filed any additional requests for extensions of time before the September 28, 2007 deadline so we can assume that he did not feel he required one. In fact, the record in this matter, as stated by Mr. McKenna, reflects that Mr. McKenna's Motion to File Out of Time was solely a product of the difficulties he encountered with electronically filing his documents.[2] Since Mr. McKenna, himself, did not blame his filing problems on the events of two months before, it would not appear that the affidavits of the plaintiff and his father which seek to do so based on second-hand knowledge, at best[3], should be given any weight at all.

In addition, it was clear from the Court's decision on October 26, 2007 that the Court's decision denying the Motion to allow Mr. McKenna's paperwork to be filed out of time was based, in large measure, upon Mr. McKenna's actions after his documents had been returned to him by the Court to correct the electronic

[2] As noted by the Court, Mr. McKenna had previously electronically filed documents without incident.

[3] Much of the information about Attorney McKenna in the affidavits is stated to be "upon information and belief".

signature deficiency present on all of the documents filed between September 29, 2007 and October 1, 2007. At that time, Mr. McKenna did not simply correct the electronic signature to conform to the Court's requirements but actually materially altered and made wholesale revisions to all except two pages of his Memorandum. It was this activity to which the defendant objected and which Mr. McKenna was never able to adequately explain to the Court's satisfaction.

Finally, the plaintiff argues that Mr. McKenna was prevented from providing information about his heart ailment and his mother's death to the Court at the time of the hearing on October 26, 2007. Nothing could be further from the truth. At the hearing, Mr. McKenna was allowed by the Court to address whatever issues he wished and was also asked repeatedly by the Court to explain his actions in improperly altering the Memorandum following the return of the documents to him for correction of the electronic signature. He was never able to explain this despite the Court's valiant efforts to have him focus on it. While it is true that the Court indicated it wished to hear from the defendant's counsel at one point, this was only after Mr. McKenna had been speaking for quite some time and it was apparent that no additional helpful information would be forthcoming. In fact, as noted, the Court made it quite clear during the hearing that it was less concerned with the failure to timely electronically file the documents than it was with the alteration of the Memorandum that effectively secured Mr. McKenna a "do-over" to which he was not entitled. Mr. McKenna's heart problem, whatever that was, and the death of his mother have no connection whatsoever to the issue of the alteration of the Memorandum and,

therefore, have no real bearing on the issue that was before the Court.

For all these reasons, the plaintiff's Motion for Reconsideration should be summarily denied by this Court.

YORK INSURANCE COMPANY
OF MAINE
By its Attorneys,
CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson
C. RUSSELL BENGTSON #1233
PATRICIA A. BUCKLEY #2987
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile
rbengtson@ckmlaw.com

CERTIFICATION

I hereby certify that on December 21, 2007, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Keven A. McKenna, Esquire, KevenM@McKennalaw.cc will receive notice through the ECF system. In addition, a true copy has been mailed this date to James P. Laplante, pro se, P.O. Box 909, Quechee, Vermont, 05059.

/s/ C. Russell Bengtson