UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES P. LAPLANTE

v. C.A. No. 07-62

YORK INSURANCE COMPANY
OF MAINE

## Memorandum and Order

This matter is before the Court on the motion for partial summary judgment filed by Defendant, York Insurance Company of Maine ("Defendant"). For the reasons set forth below, Defendant's motion for partial summary judgment is granted.[1]

## I. Summary Judgment

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).[2] "A factual issue is genuine if it may reasonably be resolved in favor of either party and, therefore, requires the finder of fact to make a choice between the parties' differing versions of the truth at trial." DePoutot v. Raffaelly, 424 F.3d 112,

[1]At a hearing on October 26, 2007, this Court denied Plaintiff's motion to file a motion for partial summary judgment out of time. The Court adequately addressed its reasons for the denial at the October 26 hearing and need not reiterate those reasons in this decision. Subsequent to the Court's decision denying Plaintiff's motion, Plaintiff's counsel withdrew and Plaintiff entered an appearance pro se. After entering his appearance pro se, Plaintiff filed a motion for reconsideration of this Court's October 26, 2007, decision. Plaintiff's motion has not presented newly discovered evidence or convinced this Court that there has been a change in the law or that the Court committed error in denying Plaintiff's motion to file out of time. See Murphy v. Maine, No. Civ. 06-062ML, 2007 WL 1846777 (D.R.I. June 22, 2007). Plaintiff's motion for reconsideration is denied.

[2]Fed. R. Civ. P. 56 was amended on December 1, 2007. The motion for partial summary judgment was filed on September 28, 2007. The Court employs the language of the Rule in effect at the time of the filing.

117 (1st Cir. 2005) (citation and internal quotation marks omitted). A fact is "material" if it "has the capacity to sway the outcome of the litigation under the applicable law." Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995).

The moving party bears the burden of demonstrating that no genuine issue of material fact exists. Clifford v. Barnhart, 449 F.3d 276, 280 (1st Cir. 2006). "In determining whether that burden is met, a court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor." Id. Once the moving party has made this preliminary showing, the nonmovant "may not rest upon the mere allegations or denials of [its] pleading," Fed. R. Civ. P. 56(e), but must "produce specific facts, in suitable evidentiary form, to . . . establish the presence of a trialworthy issue." Triangle Trading Co., Inc. v. Robroy Industries, Inc., 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal quotation marks omitted). "Nor may the court accept the nonmovant's subjective characterizations of events, unless the underlying events themselves are revealed." Simas v. First Citizens' Federal Credit Union, 170 F.3d 37, 50 (1st Cir. 1999). "[A]ny fact alleged in the movant's [s]tatement of [u]ndisputed [f]acts shall be deemed admitted unless expressly denied or otherwise controverted by a party objecting to the motion." DRI LR Cv 56(a)(3).

## II. Facts

Plaintiff, James LaPlante ("Plaintiff") was involved in a motor vehicle accident on February 23, 2003, in Lincoln, Rhode Island while driving a 1978 Ford truck ("1978 Ford"). At the time of the accident, the 1978 Ford was covered for liability and uninsured motorist insurance coverage pursuant to an automobile policy ("Policy") issued to Plaintiff and Corrina Brown ("Brown") at their address of P.O. Box 909, Quechee, Vermont. The 1978 Ford was one of three

vehicles insured under the Policy. The Policy was issued by Defendant through the Ford Insurance Agency in Woodstock, Vermont. Defendant is a Maine corporation with its principal place of business in Maine. Defendant is authorized to write insurance policies in the states of Maine, Vermont and New Hampshire.

According to the declaration pages of the Policy, the operators of the vehicles covered by the Policy were Plaintiff and Brown. Both Plaintiff and Brown had Vermont drivers' licenses. The rating data section of the Policy listed the "risk state" as Vermont. The insurance card issued for the 1978 Ford was titled "Vermont Automobile Insurance Identification Card" and it listed the Quechee, Vermont address. The 1978 Ford was registered in Vermont.[3] The Policy had a single limit of coverage in the amount of $300,000. The Policy provided that Defendant's

> maximum limit of liability for all damages for 'bodily injury' resulting from any one accident is the limit of liability shown in the Declarations for bodily injury Uninsured Motorists Coverage. The per claim limit of property damage liability shown in the Declarations for Uninsured Motorists Coverage is our maximum limit of liability for each claim for 'property damage' resulting from any one accident.
> Our maximum limit is the most we will pay regardless of the number of:
> 1. 'Insureds';
> 2. Claims made;
> 3. Vehicles or premiums shown in Declarations; or
> 4. Vehicles involved in the accident.

O'Donnell Affidavit, Exhibit A at 12.

In September 2001, Brown purchased property in North Smithfield, Rhode Island. Prior to the purchase of the property, and continuing to the present time, Brown has been employed full-time as the manager of Pizza Chef in Quechee, Vermont. Brown stayed at the North Smithfield property when she had time off from work. Plaintiff's work required him to travel

[3]The other vehicles insured under the Policy were also registered in Vermont.

frequently and he periodically stayed at the North Smithfield property. Plaintiff did not register any vehicle in the state of Rhode Island or obtain a Rhode Island driver's license. Plaintiff did not pay any North Smithfield property taxes on any vehicle. Brown sold the property after Plaintiff was involved in the accident.

## III. Jurisdiction

This matter was originally filed in Rhode Island Superior Court and removed to this court by Defendant based upon diversity jurisdiction. Plaintiff states that he is currently a resident of Vermont but at the time of the automobile accident he alleges he was a "temporary Rhode Island domiciliary and a Vermont resident." Complaint at ¶ 19. Defendant is a citizen of the state of Maine. The amount in controversy exceeds $75,000. An exercise of this Court's diversity jurisdiction is, therefore, proper. See generally 28 U.S.C. § 1332.

## IV. Analysis

This is an insurance contract dispute between an insured and an insurer. Plaintiff's complaint is an attempt to "stack"[4] uninsured motorist coverage. Plaintiff's complaint sets out four counts: an alleged "[f]ailure to [p]ay [an] [u]ndisputed [a]mount" of uninsured motorist coverage based upon Defendant's refusal to stack coverage; a request for declaratory judgment on the issue of intrapolicy stacking; breach of contract; and a bad faith claim. In May 2007, the Court ordered the stacking claims bifurcated and discovery proceeded on those claims. Defendant's motion for partial summary judgment relates to the stacking issue.

Plaintiff argues that Rhode Island law governs his claim, specifically that R.I. Gen. Laws

---

[4]"'Stacking' refers to the ability of an insured to recover on duplicate coverages for a single loss suffered by the insured." Lemoi v. Nationwide Mutual Insurance Co., 453 A.2d 758, 759 n.1 (R.I. 1982).

§ 27-7-2.1(i) obligates Defendant to stack uninsured motorist coverage provided by the Policy. Defendant argues that the law of the state where the insurance contract was made governs the interpretation of the Policy. Defendant avers that the Policy was issued and delivered in Vermont to the insureds at a Vermont address to cover motor vehicles registered in Vermont. Defendant therefore concludes that Vermont law governs the interpretation of the Policy and, under Vermont law, intrapolicy antistacking language in an insurance policy is enforceable.

This Court finds that Vermont law controls this matter. In Baker v. Hanover Insurance Co., 568 A.2d 1023 (R.I. 1990), the plaintiff was involved in an automobile accident with an uninsured motorist in Rhode Island. Id. at 1024. The plaintiff was driving an insured vehicle that was registered in Massachusetts. Id. The plaintiff argued that the Rhode Island stacking law governed his uninsured motorist claim. Id. at 1025. The Baker court held, however, that Massachusetts law controlled the construction of the insurance policy because the insurance policy at issue was "executed and delivered in the Commonwealth of Massachusetts to a Massachusetts corporation whose principal place of business is located in . . . Massachusetts." Id.

Plaintiff admits that he was insured through "an insurance policy obtained in Vermont." Plaintiff's Memorandum in Opposition to Defendant's Partial Summary Motion on Limits of Liability at 8. It is undisputed that the Policy was issued and delivered in the state of Vermont.[5] The Policy was issued to individuals who had Vermont drivers' licenses and listed a Vermont

[5]To the extent that Plaintiff continues to argue that other related entities issued, or were involved in issuing the Policy, Plaintiff's argument is once again rejected. See LaPlante v. OneBeacon Insurance Group, C.A. No. 05-496 slip op. at 5 (D.R.I. October 20, 2006) ("[t]here is simply no question that the policy of insurance and endorsements under which Plaintiff makes his claim were issued by [Defendant] or its predecessor . . .").

address on the Policy.[6] The 1978 Ford was registered in Vermont. The Policy listed the "risk state" as Vermont. Consequently, this Court must construe the Policy in accordance with Vermont law. See Baker, 568 A.2d 1023.

However, even if Rhode Island law applied, Plaintiff would not be able to stack uninsured motorist coverage. Rhode Island's uninsured motorist statute applies only to insurance policies "delivered or issued for delivery in" Rhode Island. R.I. Gen. Laws § 27-7-2.1(a) (2002 Reenactment). R.I. Gen. Laws § 27-7-2.1(i) provides that when

> an insured has paid two (2) or more separate premiums for uninsured motorists' coverage in a single policy of insurance or under several policies with the same insurance company, the insured shall be permitted to collect up to the aggregate amount of coverage for all of the vehicles insured, regardless of any language in the policy to the contrary.

R.I. Gen. Laws § 27-7-2.1(i) (2002 Reenactment) (emphasis added).[7] Defendant argues that § 27-7.2.1(a)'s language limiting the statute's application to policies delivered or issued for delivery in Rhode Island applies to subsection (i).[8] The language of § 27-7-2.1 "indicates that the statute was intended to apply to policies issued within the state of Rhode Island." McNamara v.

---

[6]After the accident, in the Spring of 2003, Plaintiff admits that he "returned to his residence in Vermont . . . ." Complaint at ¶ 48 (emphasis added).

[7]The stacking subsection of R.I. Gen. Laws § 27-7-2.1 was enacted in 1987. Balian v. Allstate Insurance Company, 610 A.2d 546, 551 n.7 (R.I. 1992); see also 1987 R.I. Pub. Laws ch. 435, § 1.

[8]In his memorandum in opposition to Defendant's motion for partial summary judgment Plaintiff does not address the argument that Rhode Island's stacking statute, R.I. Gen. Laws § 27-7-2.1(i), is applicable only to policies delivered or issued for delivery in Rhode Island. See generally R.I. Gen. Laws. §§ 27-7-2.1(a)-(i). Consequently, Plaintiff has waived any argument on the issue. Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 260 (1st Cir. 1999) (a "party who aspires to oppose a summary judgment motion must spell out his arguments squarely and distinctly, or else forever hold his peace"). In his opposition memorandum Plaintiff also attempts to "incorporate[ ] by reference" his motion for partial summary judgment and related exhibits. Plaintiff's Memorandum in Opposition to Defendant's Partial Summary Motion on Limits of Liability at 1. The Court need not credit Plaintiff's arguments contained in his motion for partial summary judgment as that motion was stricken because it was filed out of time. See note 1.

State Farm Insurance Co., 633 A.2d 1360, 1360 (R.I. 1993) (mem.) (emphasis added);[9] see also Mendez v. Brites, 849 A.2d 329, 337 (R.I. 2004) ( "Rhode Island law simply does not attempt to regulate the content of insurance policies that drivers or owners of motor vehicles purchase in other states when those drivers do not choose to register their vehicles in Rhode Island"). It is undisputed that the Policy at issue here was issued and delivered in Vermont. As a result, R.I. Gen. Laws § 27-7-2.1(i) is inapplicable to Plaintiff's claim.

Rhode Island courts interpret insurance policy provisions according to the same rules for interpretation of other contracts. Mendez, 849 A.2d at 337. Rhode Island courts have no need to "construe contractual provisions unless those terms are ambiguous." Id. at 338. When the terms of an insurance policy are clear, a Rhode Island court gives the language its "plain, ordinary and usual meaning." Id. (citation and internal quotation marks omitted). The specific language of the Policy states that Defendant's "maximum limit is the most we will pay regardless of the number of" vehicles or premiums shown in the Declarations. O'Donnell Affidavit, Exhibit A at 12. This Court finds that the language of the Policy is clear and unambiguous and, as such, must be given

---

[9]McNamara interpreted R.I. Gen. Laws § 27-7-2.1 (1989 Reenactment). McNamara, 633 A.2d at 1360. The 1989 Reenactment of § 27-7-2.1 was set out in three distinct subsections (A, B and C) and included the stacking provision as subsection C. See R.I. Gen. Laws § 27-7-2.1 (1989 Reenactment). In the 1989 Reenactment, the language limiting that statute's application to policies "delivered or issued for delivery" in Rhode Island appeared in subsection (A)(1). See id. The McNamara court, did not, however, limit the application of the "delivered or issued for delivery" language to subsection (A)(1) but stated that the language of § 27-7-2.1 "indicates that the statute was intended to apply to policies issued within the state of Rhode Island." McNamara, 633 A.2d at 1360. This Court concludes that McNamara held Rhode Island's uninsured motorist statue, § 27-7-2.1, applies only to insurance policies issued or issued for delivery in Rhode Island. See also McVicker v. Travelers Insurance Co., 785 A.2d 550, 553 (R.I. 2001) (noting that R.I. Gen. Laws § 27-7-2.1(e) "must be viewed in the context of § 27-7-2.1 as a whole"). The Court also notes that the Rhode Island Supreme Court has also held that § 27-7-2.1 "does not address itself to policies delivered and issued for delivery outside of Rhode Island." Martin v. Lumbermen's Mutual Casualty Co., 559 A.2d 1028, 1031 (R.I. 1989). It appears, however, that the Martin court reviewed a version of § 27-7-2.1 that did not include any subsections nor did it include the stacking provision. Id. at 1029; see also 1981 R.I. Pub. Laws ch. 251, § 2. Subsections of the statute were subsequently redesignated and the stacking subsection became subsection (i). See generally R.I. Gen. Laws § 27-7-2.1 (1994 Reenactment); Cardoso v. Nationwide Mutual Insurance Company, 659 A.2d 1097 (R.I. 1995)

its plain and ordinary meaning. Consequently, even if Rhode Island law controlled, the Court finds that the plain and ordinary meaning of the language of the Policy prohibits stacking.

As noted above, however, this Court has concluded that Vermont law governs the interpretation of the Policy. The Vermont Supreme Court has held that in the "absence of ambiguity in the agreement, a statutory violation, or inherently unfair or misleading language, [a court] should give effect to the plain meaning of the policy's prohibition against [intrapolicy] stacking of uninsured motorist claims." Sanders v. St. Paul Mercury Insurance Co., 536 A.2d 914, 921 (Vt. 1987).[10] It is undisputed that this matter involves one insurance policy. The Policy contains a clear prohibition against stacking and Vermont courts enforce anti-stacking intrapolicy provisions. See id. Consequently, Plaintiff's stacking claims fail as a matter of law.

**V. Conclusion**

Defendant's motion for partial summary judgment on the stacking claims as set forth in Counts 1 and II is GRANTED.

SO ORDERED.

Mary M. Lisi

Mary M. Lisi
Chief United States District Judge
January 28, 2008

[10]Plaintiff argues that Vermont law does not prohibit stacking and relies upon Monteith v. Jefferson Insurance Co., of New York, 618 A.2d 488 (Vt. 1992). In Monteith, the Vermont Supreme Court specifically held that "interpolicy, antistacking provisions violate" state law. Id. at 492 (emphasis added). The Monteith court specifically noted that in "Sanders we held that the insurer could write and enforce an intrapolicy stacking provision, but we did not extend our rationale to interpolicy stacking provisions." Id. at 491 (emphasis in original); see also State Farm Mutual Auto Insurance Co. v. Powers, 732 A.2d 730, 734 (Vt. 1999) (noting that in Monteith the court held that "interpolicy anti-stacking provisions" violate state law and are unenforceable) (emphasis added) (footnote omitted). Monteith did not disturb Sanders' holding enforcing clear language in an insurance policy prohibiting intrapolicy stacking.