UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES P. LAPLANTE | : | |
| | : | |
| vs. | : | C.A. No. 07-62 ML |
| | : | |
| YORK INSURANCE COMPANY OF MAINE | : | |

**DEFENDANT'S MOTION TO SEVER AND STAY DISCOVERY AS TO BAD FAITH CLAIM, COUNT IV**

Defendant, York Insurance Company of Maine ("York") hereby moves for an Order of this court pursuant to Fed. R. Civ. P. Rule 21, severing for purposes of trial and discovery the plaintiff's bad faith claim, Count IV of the plaintiff's Complaint, from his breach of contract/coverage claims, Counts I, II and III. Defendant further requests that any discovery as to the bad faith claim be stayed pending the outcome of the plaintiff's breach of contract/coverage claims. In support of this motion, the court is respectfully referred to the memorandum of law filed contemporaneously herewith.

YORK INSURANCE COMPANY
OF MAINE
By its Attorneys,
CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson

C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile
rbengtson@ckmlaw.com

CERTIFICATION

I hereby certify that on March 11, 2008 a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that David E. Maglio, dmaglio@magliolaw.com, dgianq@magliolaw.com will receive notice through the ECF system.

/s/ C. Russell Bengtson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES P. LAPLANTE | : | |
| | : | |
| vs. | : | C.A. No. 07-62 ML |
| | : | |
| YORK INSURANCE COMPANY OF MAINE | : | |

DEFENDANT'S MOTION TO SEVER AND STAY DISCOVERY AS TO BAD FAITH CLAIM, COUNT IV

## I. FACTS

This matter involves an uninsured motorist coverage claim asserted by the plaintiff against his automobile insurance carrier, defendant York Insurance Company of Maine ("York"). The complaint filed by the plaintiff is in four counts with Counts I, II and III being the coverage and breach of contract counts while Count IV sounds in bad faith based on the defendant's alleged wrongful failure to pay the plaintiff's claim and the defendant's refusal to allow the plaintiff to stack coverage for three vehicles covered by the York policy. This Court has previously determined that stacking, as prayed for under Count II of the plaintiff's complaint, is prohibited by the terms of the policy. See Memorandum and Order, Doc. 48, January 28, 2008. The remaining claims before the Court are Counts I, III and IV.

York now moves that the plaintiff's bad faith claim, Count IV, be severed from his remaining coverage and breach of contract claims for purposes of discovery and trial and that discovery on the bad faith claim be stayed pending the determination of the coverage and breach of contract claims.

## II. ARGUMENT

Fed. R. Civ. P. Rule 21 provides that "[a]ny claim against a party may be severed and proceeded with separately." A motion to sever a claim under Rule 21 is addressed to this Court's "broad discretion." Rice v. Sunrise Express, Inc., 209 F.3d 1008, 1016 (7th Cir., 2000), ["As long as there is a discrete and separate claim the district court may exercise its discretion and sever it."]. The Court's inquiry is directed to whether in severing a claim, the Court "furthers the aims of justice, promotes judicial economy and efficiency, and avoids prejudicing the rights of any party." Id., 209 F.3d at 1016.

Severance of the bad faith claim is appropriate at this time because if the coverage and breach of contract claims are decided in York's favor, the need for further litigation on the bad faith claim will be eliminated as will the need for the commitment of additional resources by the parties and this Court to the prosecution and defense of the claim. Further, the bad faith claim will give the plaintiff license to engage in an unwieldy fishing expedition that will expand this inquiry far beyond the discrete coverage and breach of contract issues at the heart of this dispute. Finally, allowing the plaintiff access to York's claims file and claims personnel before the underlying contractual claims have been resolved will be inherently prejudicial to York's defense of the underlying claims. Indeed, already in this case at every step of these lengthy and convoluted proceedings, the plaintiff has attempted to over-reach and punish York for taking positions on this claim that, at least with respect to the vigorously contested stacking issue, have ultimately proven to be entirely correct.

The plaintiff's actions in this case have resulted in an enormous commitment of resources by both York and this Court to tangential issues that have unreasonably delayed the resolution of the merits of this action for the plaintiff as well as for the defendant. Unless the bad faith claim is severed, York anticipates that the wasted time, money and judicial resources will continue. For example, the Plaintiff's Proposed Discovery Plan which was provided to counsel at the time of the Rule 16 Conference on February 22, 2008, contains a section dealing with his proposed depositions. Of the eleven people or categories represented in this list, six are past or present personnel of OneBeacon Insurance Company and/or York Insurance Company of Maine. Virtually every claims adjuster who handled the case is referenced – one of whom has already been deposed once – and two home office executives, Julianne Nieman and Dennis Smith, Esq. Ms. Nieman is the OBI executive who is the agent for service for complaints from the Rhode Island Insurance Commissioner and Mr. Smith, as this Court will undoubtedly recall, is the Associate General Counsel and Corporate Secretary who was deposed at length in this matter's predecessor in this Court, *Laplante v. OneBeacon Insurance Group*, C.A. No. 05-496 ML. Ms. Nieman did not at any time adjust this claim or have any direct involvement in it and Mr. Smith's involvement was limited to executing affidavits which delineated the relationship of OneBeacon Insurance Group and its affiliated companies to York Insurance Company of Maine for purposes of the defendant's successful Motion to Dismiss in C.A. No. 05-496 ML. His lengthy deposition made his lack of involvement in the adjustment of this claim abundantly and repeatedly clear.

Despite this state of affairs, however, the plaintiff has again indicated his intention to continue his fishing expedition and his harassment of OneBeacon and depose Mr. Smith as well as Kathleen Ahearn, the claims adjuster who was also deposed in C.A. No. 05-496 ML, two other claims adjusters and one claims supervisor. None of these people have anything to contribute to this matter on the issue which is now to be decided by this Court: can the plaintiff prove his entitlement to uninsured motorist coverage and if so, in what amount? It is clear that the plaintiff's relentless focus on the adjustment of the claim threatens to (again) overwhelm the determination of these simple underlying issues and create yet another side show in a case that has been full of them to this point. Severing the bad faith claim and staying discovery on it until the underlying issues are determined will prevent this from occurring.

It is also true from a practical standpoint that the amount in controversy in this matter, which is the policy limit of $300,000.00, does not justify unlimited legal expenses being incurred by either party, nor do the legal issues actually in dispute necessitate such a result. It should be noted that with the bad faith claim severed, the discovery necessary to bring the core issues of the case to a head is quite limited.

In addition, Rhode Island state law clearly supports severing of the bad faith claim. In Zarella v. Minnesota Mutual Life Ins. Co., 824 A.2d 1249, 1261 (RI, 2003), the Rhode Island Supreme Court reaffirmed its long-standing position that before the plaintiff can prove that an insurer dealt with him in bad faith, he must

show that he is entitled to recover on his underlying contract claim. As noted in Skaling v. AETNA, 799 A.2d 997, 1010 (RI, 2002):

> [I]n this jurisdiction . . . claims of insurer bad faith are severed and tried separately from the breach of insurance contract claim, a procedure that provides the insurer with significant procedural protections, including nondisclosure of its file until the completion of the breach-of-contract action.

This is just such a situation where this Court should exercise its discretion in the interests of fairness, justice, conservation of resources and judicial economy and sever the bad faith claim.

Alternatively, this Court may order a separate trial of the bad faith claim pursuant to Fed. R. Civ. P. Rule 42(b) which provides that "[t]he court, in furtherance of convenience or to avoid prejudice or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim . . ." Despite the procedural distinction, motions under Rule 21 and Rule 42 are generally decided on the same grounds. Acedvedo Garcia v. Vera Monroig, 204 F.R.D. 26, 30 (D.P.R., 2001), ["The Court's determination as to whether it should sever the claims of Plaintiffs under Rule 21 or whether it should order separate trials under Rule 42 requires the same considerations, and are within the broad discretion of the District Court."]. Therefore, the same arguments advanced above apply to this Court's analysis under Rule 42.

## III. CONCLUSION

For all of these reasons, defendant York Insurance Company respectfully requests that its motion be granted and that this Court sever the plaintiff's bad faith claim, Count IV, for purposes of trial and discovery and stay discovery as to the

bad faith claim pending the outcome of the plaintiff's breach of contract/coverage claims.

YORK INSURANCE COMPANY
OF MAINE
By its Attorneys,
CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson
C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile
rbengtson@ckmlaw.com

CERTIFICATION

I hereby certify that on March 11, 2008 a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that David E. Maglio, dmaglio@magliolaw.com, dgianq@magliolaw.com will receive notice through the ECF system.

/s/ C. Russell Bengtson